UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROPET USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LLOYD SHUGART, <br><br> Defendant. | Civil No. <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CONCERNING COPYRIGHT |

Plaintiff Propet USA, Inc. ("Propet") hereby alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Propet is a Washington state corporation, with its principal place of business in Auburn, Washington. Propet is in the business of selling and distributing shoes to the public.

2. Defendant Lloyd Shugart ("Shugart") is a professional photographer doing business in Seattle, Washington, under the trade names "Lloyd Shugart Fashion Photography" and/or "Studio 413." Shugart provides professional photography services to the public, including within this judicial district.

3. This is an action for declaratory relief that arises under the copyright laws of the United States, namely 17 U.S.C. § 101 et seq. This Court has subject matter jurisdiction

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF CONCERNING COPYRIGHT - 1
SEADOCS:217063.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves (1) Shugart's overt threats of copyright infringement made against Propet, under 17 U.S.C. § 101 et seq., and (2) Propet's need for an adjudication that Propet is either licensed to use certain photographic works produced by Shugart or Propet otherwise owns these works.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a)

5. The Court has personal jurisdiction over Shugart who resides and transacts business in Seattle, Washington.

## II. FACTS

6. Propet sells and distributes "Propet" brand shoes throughout the United States. Like other shoe companies, Propet advertises its shoes in various media that require product photographs. In some cases, these photographs show a model wearing a shoe. More often, the photographs are purely a product image, such as the Propet "WindsorWalker" shoe model shown below:

7. From about 1999 through 2005, Propet regularly hired Shugart to take product photos, like the above image, for use in Propet's advertising ("Propet Photos"). There apparently was no written agreement between Propet and Shugart concerning rights, licenses, or ownership of the copyright to the Propet Photos.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF CONCERNING COPYRIGHT - 2
SEADOCS:217063.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

8. Shugart invoiced Propet for his services. His invoices reflected charges for his time and expenses on a per project basis. In some cases, Shugart charged Propet hourly rates for his services (approximately $225 to $275 per hour). More frequently, he charged a flat rate for a full day's work (approximately $1800 - $2000 per day).

9. From 2003 – 2005, Propet paid Shugart more than $100,000 for his services. All of Shugart's invoices were paid in full by Propet. Propet decided to terminate its relationship with Shugart and use other photographers sometime during 2005.

10. Propet used Shugart's photos in the way shoe companies conventionally use shoe photos in their advertising. That is, the Propet Photos appear on Propet's website and in related catalog and other print media.

11. During the years Propet utilized Shugart's services, he never suggested or complained that Propet was using his photos in an inappropriate way, or that Propet was making "unlicensed" use of his photos, or that any limitations existed on how Propet could use these photos to advertise Propet's shoes.

12. However, after Propet terminated its relationship with Shugart, he voiced complaints that Propet was in violation of historical agreements and was using his photos outside the scope of alleged limits placed on Propet's right of use. Specifically, Shugart claimed that Propet was permitted to use the Propet Photos in Propet's own advertising, but Propet was not allowed to permit certain "third party" uses. According to Shugart, unlicensed "third party" uses include (1) Propet's international distributors (e.g., Propet Canada, Inc.) that market the same shoes in other countries, including Canada and Europe; and (2) Propet's on-line retail partners who have used photos of Propet shoes as stock photos in their advertising Propet shoes.

13. During January 2006, Propet and Shugart attempted to resolve Shugart's complaints. During that time, Shugart claimed that "the shoes appear to an untrained eye to just be a photo of a shoe…they are far more than that. The image has to first represent the shoe both in form and color rendition…this is achieved by skill developed, not just snapping a picture."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF CONCERNING COPYRIGHT - 3
SEADOCS:217063.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

According to Shugart, "A photographer is a storyteller, producer, and problem-solver...then you have to add in an ability to connect with the model/models to tease out their persona to project the feeling desired in the image."

14. When asked in January 2006 to explain how much extra Shugart would have charged Propet for the alleged unlicensed uses, Shugart responded, "Usage fees can only be determined under the willing buyer/seller theory at the point of origin. You can't go back in time and say gee what if. Under that scenario I would be able to go back in time and say gee my images were a greater value to you so now I want to re-negotiate a higher fee for the original license. Now that your client [Propet] has committed infringement and distribution which created more infringement we are left to use other models....of which the courts have determined among other things to be disgorged profits. My remedies include pursuit of infringements by all that have infringed. Those third parties will then have to look to their agreements with Propet to recover."

15. On or about January 16, 2006, Shugart informed Propet, "Additionally I will be offering on sites such as E-Bay and various other internet opportunities the sale of my personal property along with the rights attached by law, with full disclosure of issues as they relate to my rights and property." Shugart provided Propet with a copy of his E-Bay offer, in pertinent part, as follows:

### Offer of Sale

*Property Description*

A catalog and archive of advertising images captured on film stock and digital capture, this sale includes all rights of the author, along with those protections afforded the author under federal copyright laws, in the United Sates of America and International convention as afforded by law. This catalog includes all images produced by Lloyd Shugart/Studio413 from the dates of: 01/01/1999 through 06/31/2005 in connection with Propet USA inc. Subject to existing licenses as issued, all model releases, and trademarks that may be owned by others. "Notice" A dispute may be pending on some rights, for full disclosure please contact Studio413@qwest.net before making any offers. All parties requesting such disclosure will be required to sign a confidentiality agreement and deposit of goodfaith.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF CONCERNING COPYRIGHT - 4
SEADOCS:217063.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

*Price*

$ One million three hundred thousand US dollars $1,300.000.00

16. On January 25, 2006, Shugart tendered Propet with an ultimatum: agree to pay $275,000 by 5:00 p.m. on January 27, 2006, for a one-year license to use his photos, or there would be no further negotiations. Shugart indicated that if Propet failed to respond, then he would retain an attorney and bring suit. He also indicated that he would conduct a "full measure" of discovery before entertaining any form of dispute resolution.

### III. CLAIM FOR RELIEF

**(Declaratory Relief – Noninfringement of Copyright)**

17. Propet refers to and incorporates the preceding paragraphs herein as though set forth in full.

18. Propet either owns the Propet Photos it paid Shugart to produce or Propet has an unlimited license to use these works in all reasonable ways related to the sale of Propet-brand shoes, including the right to provide Shugart's photos of Propet-brand shoes to third-party users who have need to advertise these products.

19. An actual controversy has arisen and now exists between Propet and Shugart involving the use of and copyright to Shugart's photos under the applicable copyright statutes, 17 U.S.C. § 101 et seq.

20. Propet is entitled to injunctive relief:

(a) prohibiting Shugart from selling or offering for sale any Propet Photos on E-bay;

(b) prohibiting Shugart from transferring any right, title or interest in Propet Photos to third parties without advance written approval; and

(c) prohibiting Shugart from threatening Propet customers with copyright infringement relating to their use of Propet Photos.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF CONCERNING COPYRIGHT - 5
SEADOCS:217063.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

21. Propet has been overtly threatened and has reasonable apprehension that it will be sued for copyright infringement by Shugart. Not only has Shugart threatened Propet with suit, but Shugart has also threatened to sue Propet's customers and others. Specifically, Shugart stated in January 2006, "I fully intend to pursue all of my rights including notice under the safe-harbor rule to all ISP's regarding their display of images infringing my rights and notice of infringement to any and all companies now infringing my rights."

22. Propet desires a judicial determination of the copyright to the Propet Photos pursuant to 28 U.S.C. § 2201.

## IV. **PRAYER FOR RELIEF**

WHEREFORE, Propet requests the following relief:

A. That the court find that Propet's historical use of Shugart's photos of Propet-brand shoes has not violated Shugart's rights to the photos;

B. That the court find that Propet is not infringing any right owned by Shugart;

C. That Shugart be permanently enjoined from selling or offering for sale any Propet Photos on E-bay;

D. That Shugart be permanently enjoined from transferring any right, title or interest in Propet Photos to third parties without advance written approval; and

E. That Shugart be permanently enjoined from threatening Propet customers with copyright infringement relating to their use of Propet Photos.

F. That Shugart be required to pay Propet's attorney's fees and costs in bringing this action; and

G. That Propet be entitled to such further relief as the court deems just and equitable.

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

| | |
|---|---|
| 1 | DATED this 7th day of February, 2006. |
| 2 | MILLER NASH LLP |
| 3 | |
| 4 | _____ |
| | James Phillips |
| 5 | WSB No. 13186 |
| | Adele Conover |
| 6 | WSB No. 34405 |
| 7 | OF COUNSEL: |
| 8 | Bruce Kaser |
| | WSB No. 13532 |
| 9 | Vantage Law PLLC |
| | 355 NW Gilman Blvd, Suite 203 |
| 10 | Issaquah, WA 98027 |
| | Direct: (425) 391-8741 |
| 11 | Fax: (425) 391-8754 |
| 12 | Attorneys for Plaintiff |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF CONCERNING COPYRIGHT - 7
SEADOCS:217063.1