Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PROPET USA, INC., <br>                 Plaintiff, <br> v. <br> LLOYD SHUGART, <br>                 Defendant. | No. C06-0186 MAT <br><br> MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO OWNERSHIP OF COPYRIGHTS <br><br> **NOTE ON MOTION CALENDAR:** March 2, 2007 |

Defendant Lloyd Shugart ("Mr. Shugart"), through undersigned counsel, hereby moves pursuant to Rule 56 for partial summary judgment that he is the legal owner of the copyrights in the various photographs and images that are the subject of this matter. In particular, it is undisputed that (1) Mr. Shugart is the photographer who created the subject photographs, (2) he did not create the photographs as a "work made for hire," and (3) he never transferred ownership of any of the copyrights by way of any written instrument. The law is crystal clear that ownership of a copyright can *only* be transferred by means of a written instrument signed by the original copyright holder. Under the undisputed facts of this case, there is no question that Mr. Shugart retains legal ownership of the copyrights in the photographs that are the subject of this action. Because no genuine issue of material fact exists with respect to the ownership of the subject copyrights, partial summary judgment that Mr. Shugart is the legal owner of the subject copyrights is appropriate at this time.

(C06-0186-MAT) - 1
Motion For Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
TELEPHONE: 206.274.5100

# I    INTRODUCTION

This case concerns the unauthorized use and distribution by Propet USA, Inc. of certain photographic images created by professional photographer Lloyd Shugart. For a time, Mr. Shugart and Propet enjoyed a mutually beneficial business relationship wherein Mr. Shugart created photographic images of shoes, people, landscapes, etc., that were later incorporated into Propet's promotional materials. In each case, Mr. Shugart provided his copyrighted images to Propet pursuant to a "Film Delivery Memo" which provided limited rights to Propet to use the images for specific periods and applications only and that limited Propet's right and ablitiy to use the images.

After several mutually beneficial years, Propet unilaterally, and without cause, elected to terminate its business relationship with Mr. Shugart. To add insult to injury, Propet continued to use Mr. Shugart's copyrighted images beyond the scope of the parties' agreement and the terms specified in the Film Delivery Memo. When Mr. Shugart complained about the blatant violation by Propet of his copyright rights, Propet responded by filing this action for declaratory judgment that Mr. Shugart retained no enforceable rights in his images. Mr. Shugart had no choice but to respond with a counterclaim seeking, among other things, enforcement of his copyrights barring further misuse of his images by Propet.

The undisputed facts demonstrate that the only "writing" executed by Mr. Shugart that relate to the images and Mr. Shugart's copyrights therein is the Film Delivery Memo that accompanied each set of images. On its face, the Film Delivery Memo only grants limited usage rights to Propet and nowhere conveys or transfers any ownership of the underlying copyrights to Propet. Under clearly established law requiring transfers of ownership in copyrights to be in writing, and given that there are no other writings under which a copyright could have been transferred to Propet, the undisputed facts establish as a matter of law that the underlying copyrights in the subject images were, are and remain the property of Mr. Shugart.

(C06-0186-MAT) - 2
Motion For Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
TELEPHONE: 206.274.5100

## II   UNDISPUTED FACTS

The relevant undisputed facts are supported by the accompanying declaration of Lloyd Shugart and, in particular, Exhibit A attached thereto.

The undisputed facts show that at all relevant times, Mr. Shugart has worked as an independent contractor and that his services to Propet were performed as an independent contractor.

The undisputed facts further show that Mr. Shugart is the creator of the various photographs that underlie this action and that he is the owner of all copyrights in the photographs.

The undisputed facts further show that Mr. Shugart provided each set of images to Propet pursuant to a "Film Delivery Memo," a true and correct copy of which is attached as Exhibit A to Mr. Shugart's accompanying declaration.

The Film Delivery Memo expressly provides that, "Grant of reproduction rights hereunder is conditioned upon [Propet's] acceptance of each term set forth in this agreement," and that "All rights not expressly licensed to [Propet] in writing remain the exclusive property of [Mr. Shugart]."  (Exhibit A, ¶ C.)

The Film Delivery Memo further provides that, "[Propet's] use allowed is as per invoice…" and that, "There shall be no third party use or distribution without written approval of [Mr. Shugart]."  (Exhibit A, ¶ C.)  The invoices referenced in Paragraph C of the Film Delivery Memo simply specify the amounts due with respect to a particular project and contain nothing whatsoever that can be construed as a transfer of copyright.  A representative sample of an invoice supplied to Propet along with each Film Delivery Memo is attached as Exhibit B to Mr. Shugart's accompanying declaration.

The Film Delivery Memo further expressly requires that, "[Propet] will provide copyright protection by placing proper copyright notice on any use," and that, "Proper notice shall be '© <<year-date-of-job>> Lloyd Shugart' adjacent to or within the photograph(s)."  (Exhibit A, ¶ G.)

(C06-0186-MAT) - 3
Motion For Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

The Film Delivery Memos and invoices referenced above are the only writings between Propet and Mr. Shugart that pertain to the subject images and, as demonstrated below, are insufficient as a matter of law to transfer ownership of the copyrights in the subject images to Propet. Indeed, both Propet's intial and amended Complaints each allege that, "There apparently was no written agreement between Propet and Shugart concerning the rights, licenses, or ownership of the copyright to the Propet Photos." This admission by Propet is, in itself, dispositive of the copyright ownership question.

### III    ARGUMENT

**A.  The Applicable Law is Clear:  Ownership Interests In A Copyright Can *Only* Be Transferred By Means Of A Written Instrument Signed Or Ratified By The Copyright Owner**

Under §204(a) of the Copyright Act, "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. §101. As established in *Konigsberg Int'l, Inc. v. Rice,* 16 F.3d 355 (9th Cir. 1994), "a transfer of copyright is simply 'not valid' without a writing." *Id.* At 357. Such a writing must show an agreement to transfer copyright. *See, Radio-Television Espanola S.A. v. New World Entm't, Ltd.,* 183 F.3d 922, 927 (9th Cir. 1999). Furthermore, such a writing must include some language of finality. *Id.* At 928.

The requirement for a writing serves several purposes. First, it ensures that a copyright will not be inadvertently transferred. *Effects Associates, Inc. v. Cohen,* 908 F.2d 555 (9th Cir. 1990). Second, it "forces a party who wants to use the copyrighted work to negotiate with the creator to determine precisely what rights are being transferred and at what price." *Id.* Third, it provides a guide for resolving disputes; the parties can look to the writing to determine whether a use is improper. *Id.* In this way, the writing requirement "enhances predictability and certainty of copyright ownership – 'Congress'[s] paramount goal' when it

(C06-0186-MAT) - 4
Motion For Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
TELEPHONE: 206.274.5100

revised the [Copyright] Act in 1976." *Id.* (quoting *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 749 (1989)).

**B. The "Writings" Existent Here Are Insufficient To Transfer Copyright Ownership Away From Mr. Shugart**

As noted, the only "writings" that exist in this case that even remotely concern Mr. Shugart's copyrights in his images are the Film Delivery Memo and the invoices they reference. As established by Mr. Shugart's declaration testimony, the invoices themselves say absolutely nothing about copyrights, much les who owns them. The invoices simply do not affect ownership interests in the underlying copyrights.

The Film Delivery Memo specifies in clear, unmistakable terms that the *only* rights transferred to Propet are those expressly granted in the Film Delivery Memo and that, "All rights not expressly licensed to Client [i.e., Propet] in writing remain the exclusive property of Photographer [i.e., Mr. Shugart]." Furthermore, the Film Delivery Memo specifies in clear, unambiguous terms, that the "Duration of license is 2 years," which clearly limits use of the images by Propet to that period only. The express requirement of the Film Delivery Memo that Propet include a copyright notice specifying that the owner of the copyright is "Lloyd Shugart" is further evidence that no general transfer of copyright ownership is made or intended by the Film Delivery Memo. Accordingly, *nothing* in the Film Delivery Memo is or can reasonably be construed to be any sort of transfer of copyright ownership. In short, the Film Delivery Memo is simply incapable of transferring any copyright ownership interest away from Mr. Shugart or to Propet.

**C. Because There Exists No Writing Sufficient To Transfer Away Mr. Shugart's Copyrights In His Images, Mr. Shugart Retains Legal Ownership Of The Copyrights In The Subject Images**

The undisputed facts establish that there is no "writing" or "written instrument" through which Mr. Shugart either did or could have transferred ownership of his copyrights to Porpet or anyone else. On the contrary, the only writing that does exist, namely the Film Delivery Memo, clearly limits the rights Propet did acquire to make limited use of the images

(C06-0186-MAT) - 5
Motion For Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

1  and expressly provides that Mr. Shugart retained all other rights including his copyrights.
2  Because there exits no writing through which Mr. Shugart either did or could have transferred
3  his copyrights, Mr. Shugart remains the legal owner of those copyrights.  Because no genuine
4  issue of material fact exists with respect to ownership of the copyrights in the subject images,
5  partial summary judgment that Mr. Shugart is the legal owner of the copyrights in the subject
6  images is appropriate at this time.

### IV   CONCLUSION

Having demonstrated that no genuine issue of material fact exists as to the lack of any writing transferring copyrights from Mr. Shugart, Mr. Shugart's motion for partial summary judgment that he is and remains the legal owner of all copyrights in the subject images should be granted.  Such action by this Court is respectfully solicited.  An appropriate proposed order accompanies this motion.

Dated this 5th day of February, 2007.

/s/ Philip P. Mann
Philip P. Mann, WSBA No: 28,860
1420 Fifth Avenue, Suite 2200
Seattle, Washington  98101
(206) 274-5100
*phil@mannlawgroup.com*

Attorneys for Defendant Lloyd Shugart

(C06-0186-MAT) - 6
Motion For Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bruce A. Kaser          bruce@vantagelaw.net
James L. Phillips       james.phillips@millernash.com,

Executed on February 5, 2007.

/s/ Philip P. Mann

Philip P. Mann, WSBA No: 28,860
1420 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 274-5100
*phil@mannlawgroup.com*

(C06-0186-MAT) - 7
Motion For Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
TELEPHONE: 206.274.5100