Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROPET USA, INC.,

    Plaintiff,

v.

LLOYD SHUGART

    Defendants.

Case No. C06-0186MAT

**DECLARATION OF JACK HAWKINS IN SUPPORT OF PROPET'S MOTION FOR SUMMARY JUDGMENT**

I, Jack Hawkins, hereby declare as follows:

1. I am competent to testify to the facts set forth herein.

2. I am the president of Propet USA, Inc. ("Propet") and am familiar with the lawsuit between Propet and Lloyd Shugart ("Shugart") relating to the pictures or photographs Shugart took for Propet.

3. It is my belief that Propet produced every document in Propet's possession relating to the Shugart lawsuit. These documents were compiled by a Propet employee, Ken Johnson, who was the primary point of contact between Propet and Shugart. Pursuant to my instructions, Mr. Johnson also reviewed digital files he saved on his computer or on the Propet computer system. Propet's document production also includes print copies of Mr. Johnson's digital files.

DECLARATION OF JACK HAWKINS IN SUPPORT OF
PLAINTIFF PROPET'S MOTION FOR SUMMARY
JUDGMENT

1

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

4. It is my belief that Propet has no copies of contracts with an entity called "CPF" that relate to photographic works created by Shugart. Propet also has no copies of contracts between Propet and Shugart. Propet keeps copies of records during the regular course of business. Therefore, if Propet had contracts with CPF, or Shugart, it would be my expectation that we could locate copies of these contracts.

5. Likewise, Propet has no records that indicate Propet received a copy of a "Film Delivery Memo" from Shugart. Propet keeps copies of business invoices. If Shugart had mailed a "film delivery memo" with his invoices it is my belief that we would have some copies. Propet also has no record of receiving film in "sealed" packages with special notices.

6. As far as Propet can determine, Shugart's invoices and Propet's corresponding payment records are the primary documents that exist concerning Propet's business relationship with Shugart. Propet had no knowledge that Shugart intended to impose limits on Propet's use of Shugart's photographs.

7. Propet used Shugart's photographs as stock photos solely for the purpose of advertising Propet-brand shoes. Propet did not sell Shugart's photos nor do Shugart's photos have independent value beyond advertising uses. Propet now uses a new photographer who places no restrictions on Propet's use for advertising purposes. In other words, Propet uses the new photographer's photos for as long as Propet wants; Propet can provide copies to related companies, vendors and customers, anywhere in the world, if they need or ask for them; and Propet's right to make copies or use the photos is not limited to any media, so long as all uses are reasonably related to the sale of Propet-brand shoes. The new photographer charges less than Shugart.

8. Propet is a small company in the U.S. shoe market. It is owned by a foreign businessman, Robert Propet. I am aware that Mr. Propet created one or more sister marketing entities in other countries for the purpose of selling Propet-brand shoes. From time to time, some of the photographs that Shugart took for Propet were shared with these other Propet entities. It is

DECLARATION OF JACK HAWKINS IN SUPPORT OF
PLAINTIFF PROPET'S MOTION FOR SUMMARY
JUDGMENT

2

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

my understanding that, in some cases, they were emailed to Propet entities in Canada and China. In some cases, some images may have been taken by Mr. Propet to China on a CD. There is no way to account for the precise number.

9. While I do not know the precise numbers, I estimate that the sales of Propet-brand shoes in Canada represents a small percentage in comparison to U.S. sales. Propet-brand shoes have been shown on a website in China. However, I do not believe that the shoe models shown there (at least with respect to shoe models depicted in Shugart's photographs) resulted in significant sales outside of North America, if any at all. My understanding is that different shoe models are sold in China, to the extent sales of "Propet" brand shoes are made there.

10. It is conventional practice in the shoe industry for shoe company customers to request stock photos from time to time for advertising use. In particular, shoe photos are often delivered to the customer for use on the customer's retail catalog or website. Propet continues that practice today.

11. As indicated above, it was Propet's expectation that it would be able to use any photograph taken by Shugart for the purpose of advertising Propet-brand shoes without any limitation on time, media, geography, or limits on Propet's ability to supply stock photos to customers for retail advertising from time to time. Given the sums paid to Shugart, Propet would not have agreed to limitations on time or use, if Propet knew that Shugart intended to impose limitations of this kind. One thing that sets Propet apart from other shoe companies is that it does not change shoe models as often as other companies. In other words, some Propet shoe models have a long lifespan and have been sold for many years without change. Therefore, Propet's expectation would be that it might use a stock photo of one or more of these shoe models for many years and would not enter into an arrangement that requires it to seek periodic renewals.

12. Also, for reasons relating to Propet's need to exercise control over its advertising, Propet would not agree to the display of the photographer's name and copyright notice on or near each picture; Propet would not agree to the photographer's "approval" regarding how photos are

DECLARATION OF JACK HAWKINS IN SUPPORT OF
PLAINTIFF PROPET'S MOTION FOR SUMMARY
JUDGMENT

3

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

1  arranged or displayed in Propet's advertising and; Propet would not have agreed to the return of
2  photos at any time.
3      I declare under penalty of perjury under the laws of the state of Washington that
4  the foregoing is true and correct.
5      EXECUTED this _8th_ day of March, 2007.

*[signature]*

Jack Hawkins
President, Propet USA, Inc.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2007, I electronically filed PLAINTIFF PROPET'S MOTION FOR SUMMARY JUDGMENT, DECLARATION OF BRUCE A. KASER IN SUPPORT OF PLAINTIFF PROPET'S MOTION FOR SUMMARY JUDGMENT and DECLARATION OF JACK HAWKINS IN SUPPORT OF PROPET'S MOTION FOR SUMMARY JUDGMENT and ORDER [Proposed] with the Clerk of Court, using the CM/ECF system which will send notification of such filing to the following:

> Philip P. Mann
> Mann Law Group
> 1420 Fifth Avenue, Suite 2200
> Seattle, Washington 98101
> e-mail: phil@mannlawgroup.com

Miller Nash LLP

*Sandra Stepper*
Sandra Stepper
Secretary to James L. Phillips

Certificate of Service