1

Honorable Mary Alice Theiler

2

3

4

5

6

7

8         UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
9               AT SEATTLE

10 PROPET USA, INC.,

11        Plaintiff,             Civil No. C06-0186 MAT

12   v.                       PROPET'S MEMORANDUM IN
                            OPPOSITION TO SHUGART'S MOTION
13 LLOYD SHUGART,           FOR PARTIAL SUMMARY JUDGMENT
                            AS TO OWNERSHIP OF COPYRIGHTS
14        Defendants.

15                                 **Note on Motion Calendar:**
                                **April 6, 2007**

16                       **I. INTRODUCTION**

17         Defendant Lloyd Shugart ("Shugart") has moved for summary judgment

18 requesting an order that Shugart is the copyright holder or legal copyright owner of certain

19 photographs he was paid to create for plaintiff Propet USA, Inc. ("Propet").

20         Propet has also filed a motion for summary judgment that concedes that Shugart

21 is probably the copyright owner because of a lack of documentation between Propet and Shugart.

22 However, Propet's motion asks the Court to find that Propet has an implied license to use

23 Shugart's photos.  Taking both motions together, it appears there is no dispute as to who legally

24 owns the copyright to the shoe photographs Shugart took for Propet.

25         However, if Shugart is seeking a ruling that "ownership" means copyright

26 "infringement," and a grant of Shugart's motion means that Propet is an "infringer," then

PROPET'S MEMORANDUM IN OPPOSITION TO SHUGART'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
OWNERSHIP OF COPYRIGHTS - 1
Civil No. C06-0186 MAT
SEADOCS:271676.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

1   Shugart's motion should be denied in that respect – for the reasons stated in Propet's motion for

2   summary judgment, and for the additional reasons set forth below.

3                                   **II. FACTS**

4             On March 16, 2006 Propet served on Shugart its Initial Disclosures.  *See* Exhibit 1

5   to Phillips Declaration in Support of Opposition ("Phillips Decl.").  Included in the Disclosures

6   were 200 pages of documents which Propet maintains is all of the responsive documents it

7   posseses.  *See* Kaser Declaration in Support of Propet's Motion for Summary Judgment, p. 2 , ¶

8   8.

9             On May 12, 2006 Propet responded to Shugart's First Set of Interrogatories and

10  Requests for Production of Documents.  *See* Exhibit 2 to Phillips Decl.

11            On October 31, 2006 Propet served on Shugart its First Set of Interrogatories and

12  First Set of Request for Production of Documents.  *See* Exhibit 3 to Phillips Decl.  The document

13  requests came directly from Shugart's deposition.  For each request, he had testified that

14  documents existed.  Request No. 15 asked: "Please produce any and all documents related to

15  Shugart's copyrights."  *Id.*

16            Propet never received any response to either its Interrogatories or Requests for

17  Production and as a result it moved to compel.  On March 15, 2007 this Court granted Propet's

18  motion to compel and ordered "Defendant shall respond to the outstanding discovery requests in

19  a timely fashion." *See* Court Order, p. 2 ll. 1-2.  Shugart has never complied with this Order and

20  in fact, as of the filing of this brief, Propet has received no responsive documents.

21            The Court also stated Defendant has "outstanding discovery requests."  The Court

22  expects plaintiff, like defendant, to respond to these requests in a timely fashion." *Id.*  As the

23  Court can see from the attached exhibits, Propet has responded to Shugart's discovery in a timely

24  fashion and has, in the Initial Disclosures, disgorged relevant documents.

25

26

PROPET'S MEMORANDUM IN OPPOSITION TO SHUGART'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
OWNERSHIP OF COPYRIGHTS - 2
Civil No. C06-0186 MAT
SEADOCS:271676.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

# III- ARGUMENT

## 3.1 SHUGART'S DECLARATION CONTRADICTS HIS DEPOSITION TESTIMONY

As an initial matter, Shugart now submits a February 2007 declaration that is inconsistent with his earlier deposition testimony.  Shugart's February 2007 declaration states:

> The Film Delivery Memo and the Invoices are the only written instruments that I exchanged with Propet in the course of my providing services to them. I have never executed any form of assignment or other transfer of copyright rights in and to my images to Propet, nor was it ever my intent to provide Propet with ownership of the underlying copyrights in the images I provided.

Decl. of Lloyd Shugart in Support of Motion for Partial Summary Judgment, ¶ 7.

Propet's motion for summary judgment included Shugart's earlier deposition testimony about contracts wherein Shugart alleged he had entered into contracts with either Propet or another company, CPF, as follows:

> Q.   Do you have a written document with those terms?
>
> A.   There was an original written document, and I can probably find a copy of that.
>
> MR. PHILLIPS:  Have you produced that, Counsel?
>
> MR. PAYNE:  I don't believe we have produced.  We haven't been able to locate a signed copy of the document.  I'll confer with Lloyd to see if we can produce an unsigned copy of the document.
>
> MR. PHILLIPS:  Yes, because I've looked through the disclosures.  Obviously this would be included within the original disclosures.  I've looked through ours. I can't find any agreement.
>
> MR. PAYNE:  All right.
>
> MR. PHILLIPS:  That's going to be pretty important.

See Propet's Motion for Summary Judgment, p. 3, ll. 13-26.

Also, in his deposition, Shugart suggested that Propet possessed signed copies of agreements with Shugart:

> Q.   But I'm talking about this first contract.

PROPET'S MEMORANDUM IN OPPOSITION TO SHUGART'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO OWNERSHIP OF COPYRIGHTS - 3
Civil No. C06-0186 MAT
SEADOCS:271676.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

1   A.   You know, I don't remember if it was trade show, deal sheet or what.  It
         would have been something within that genre.

2   Q.   Was this a one-page document, a multiple-page document?

3   A.   I believe it's two pages.  The contract portion of it was two pages.  The
         estimate was one page.  They would have been transmitted together.

4

5   Q.   Did it require or did it call for Propet to sign?

6   A.   Yes.

7   Q.   Who signed it?

8   A.   You know, I don't know.  I haven't been able to find the signed document.  It
         was originally either faxed or e-mailed through.  That was one of the
9        requirements of doing the job, that they needed an estimate and a contract.

10  Q.   But it was signed by somebody from Propet?

11  A.   Yeah.  I wouldn't have done the job without a signed contract.

12  Q.   And you don't have a signed contract as you sit here today, correct?

13  A.   I haven't been able to find it, no.

14  Q.   Did you keep it?

15  A.   I typically do, yes.

16  Q.   Where would you have kept it?

17  A.   I have about -- From that period of time I have about five or six other client
         jobs that I can't find the signed contracts.  I can find copies of e-mail
18       transactions but not the signed contract.  So my bookkeeper is looking.  I'm
         looking in archives.  Like I said, that was five, six years ago, and I haven't
19       been able to locate it.  I'm sure Propet has it someplace.

20  Q.   Well, I'm not so sure you're right about that.  You say it's two pages, right?

21  A.   Two pages of the contract and one page of an estimate.

22  *See* Kaser Declaration in Support to Propet's Motion for Summary Judgment, Exhibit B, Shugart

23  Deposition transcript p. 26-27.

24          Shugart's failure to produce draft or final copies of the alleged contracts he

25  testified about during his deposition then became the subject of a motion to compel brought by

26

PROPET'S MEMORANDUM IN OPPOSITION TO SHUGART'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
OWNERSHIP OF COPYRIGHTS - 4
Civil No. C06-0186 MAT
SEADOCS:271676.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

1    Propet. This Court granted Propet's motion to compel on March 15th. Now, Shugart submits a

2    declaration indicating that he never had these documents in the first place.

3                       3.2 **THIS COURT LACKS SUBJECT MATTER JURISDICTION**

4    **BECAUSE SHUGART HAS REFUSED TO PRODUCE HIS COPYRIGHT**

5    **REGISTRATIONS.**

6              Shugart's pleadings in this case set forth claims for copyright infringement, and

7    related claims, under 17 U.S.C. § 101 *et seq.* and 17 U.S.C. § 1202 *et seq. See* Shugart's Answer

8    to Amended Complaint and Counterclaim, pp. 7-9. Shugart also has a claim for "lost photos"

9    that appears to be a common law claim. *Id.* at p. 9.

10             Shugart's answer and counterclaims set forth allegations that Shugart applied for

11   copyright registrations for his photographic works. *See* Shugart's Answer to Amended

12   Complaint and Counterclaim, p. 8, ¶ 14. pp. 7-9. Shugart also testified under oath that he

13   applied for copyright registrations. *See* Kaser Declaration in Support to Propet's Motion for

14   Summary Judgment, Exhibit B, Shugart Deposition transcript pp. 127-29.

15             Propet has asked Shugart to produce his copyright registration records since the

16   commencement of this action. *See* Kaser Declaration Re Opposition ("Kaser Decl."), ¶¶3-5,

17   Exhibits A and B. This Court's March 15th order required Shugart to respond to Propet's

18   Requests for Production of Documents which included a specific request asking Shugart to

19   produce all documents related to his copyrights. *See* Exhibit 3 to Phillips Decl. Shugart did not

20   comply with  the Court's Order. Despite Shugart's refusal to comply with the Court's Order,

21   Propet has since asked Shugart again for the copyright registration records. *See* Kaser Decl., ¶ 5.

22   Moreover, Propet investigated the online records of the U.S. Copyright Office to determine

23   whether there is any public record of Shugart's purported copyright registrations and could find

24   none. *Id.*

25             Propet commenced this action under the Declaratory Judgment Act seeking relief

26   from Shugart's overt threats of copyright litigation that Shugart was directing at Propet,

PROPET'S MEMORANDUM IN OPPOSITION TO SHUGART'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
OWNERSHIP OF COPYRIGHTS - 5
Civil No. C06-0186 MAT
SEADOCS:271676.1

1   including threats of disruption with Propet's customers.  Shugart counterclaimed for copyright

2   infringement.

3           For a copyright owner to bring a copyright infringement claim, it is a prerequisite

4   that the copyright owner comply with 17 U.S.C. § 411(a), which is jurisdictional to copyright

5   infringement actions:

6        *no action for infringement* of the copyright in any United States work shall be
     *instituted* until preregistration or *registration* of the copyright claim has been

7        *made in accordance* with this title. In any case, however, where the deposit,
     application, and fee required for registration have been delivered to the Copyright

8        Office in proper form and registration has been refused, the applicant is entitled to
     institute an action for infringement if notice thereof, with a copy of the complaint,

9        is served on the register of Copyrights.

10  17 U.S.C. § 411(a). (emphasis added)

11          In *La Resolana Architects, PA v. Clay Realtors Angel Fire et al.*, 416 F.3d 1195

12  (10th Cir. 2005), the 10th Circuit set forth a comprehensive analysis that explained how the

13  registration requirement triggers subject matter jurisdiction at the district court level.

14          The 10th Circuit explained that courts have been split between the "registration

15  approach" and the "application approach" when determining subject matter jurisdiction for

16  copyright infringement.  *La Resolana Architects*, 416 F.3d at 2101-02.  The 10th Circuit adopted

17  and explained the "registration approach" as follows:

18       A final provision of the Act underscores our view of the statutory scheme.
     Section 501(b), establishing remedies under the Act, states that "[t]he legal or

19       beneficial owner of . . . a copyright is entitled, *subject to the requirements of*
     *section 411*, to institute an action for any infringement of that particular right."

20       (emphasis added). This statutory language clearly instructs that a copyright owner
     can sue for infringement *only after* the copyright is registered, or registration is

21       refused.

22  *La Resolana Architects*, 416 F.3d at 1201.

23          The 10th Circuit explained the "application approach" as triggering jurisdiction

24  upon the filing of an application for registration in the U.S. Copyright Office, regardless of

25  whether or not the registration was granted. *La Resolana Architects*, 416 F.3d at 1203.  It does

26  not appear the 9th Circuit has addressed this particular issue one way or the other.

PROPET'S MEMORANDUM IN OPPOSITION TO SHUGART'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
OWNERSHIP OF COPYRIGHTS - 6
Civil No. C06-0186 MAT
SEADOCS:271676.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

1    It does not matter which approach this Court takes.  Shugart has failed both

2    approaches by refusing to produce either the application or the registration, despite this Court's

3    March 15th order.  Therefore, if Shugart seeks a finding of copyright infringement by bringing a

4    motion for summary judgment, this Court lacks subject matter jurisdiction over Shugart's

5    copyright claims.  Moreover, according to the rules, this Court is required to dismiss Shugart's

6    copyright claims:

7        Whenever it appears by suggestion of the parties or otherwise that the court lacks
         jurisdiction of the subject matter, the court shall dismiss the action.
8

9    FRCP 12(h)(3).

10    For the foregoing reasons, and for the reasons explained in Propet's motion for

11    summary judgment, because Shugart was an independent contractor Propet has no objection

12    should the court determine that Shugart is the legal "owner" in the copyright to certain pictures

13    of shoes that Shugart was paid to take by Propet.  However, in addition to the reasons stated in

14    Propet's motion for summary judgment, Propet asks the Court to dismiss Shugart's

15    counterclaims that relate to copyright infringement under FRCP 12(h)(3).

16    Respectfully submitted this 2nd day of April, 2007.

17                    MILLER NASH LLP

18

19                    /s/ James L. Phillips
                      James L. Phillips
20                    WSB No. 13186
                      Fax: (206) 622-7485
21                    james.phillips@millernash.com
                      (206) 622-8484

22                    Attorney for Plaintiff Propet USA, Inc.

23

24

25

26

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

1             **CERTIFICATE OF SERVICE**

2        I hereby certify that on April 2, 2007, I electronically filed PROPET'S

3 MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

4 AS TO OWNERSHIP OF COPYRIGHTS, DECLARATION OF BRUCE A. KASER RE:

5 OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO OWNERSHIP

6 OF COPYRIGHTS and DECLARATION OF JAMES L. PHILLIPS IN SUPPORT OF

7 PROPET'S MEMORANDUM IN OPPOSITION TO SHUGART'S MOTION FOR PARTIAL

8 SUMMARY JUDGMENT AS TO OWNERSHIP OF COPYRIGHTS with the Clerk of the

9 Court, United States District Court, Western District of Washington, using the CM/ECF system

10 which will send notification of such filing to:

11         Philip P. Mann

12         Mann Law Group
            1420 Fifth Avenue, Suite 2200
            Seattle, Washington 98101

13         e-mail: phil@mannlawgroup.com

14         Attorneys for Defendant

15

16                 */s/James L. Phillips*
                 James L. Phillips

17                  WSB No. 13186
                 Miller Nash LLP

18                  4400 Two Union Square
                 601 Union Street

19                  Seattle, Washington 98101-2352
                 Telephone: (206) 622-8484

20                  Fax: (206) 622-7485
                 Email: james.phillips@millernash.com

21                    Attorneys for Plaintiff

22                    Propet USA, Inc.

23

24

25

26

Certificate of Service

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352