01

02

03

04

05

06            UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
07                  AT SEATTLE

08 PROPET USA, INC.,                    )   CASE NO. C06-0186-MAT
                                        )
09         Plaintiff,                   )
                                        )
10     v.                               )   ORDER RE: MOTIONS FOR
                                        )   SUMMARY JUDGMENT
11 LLOYD SHUGART,                       )
                                        )
12         Defendant.                   )
   _____     )

13

14                 INTRODUCTION AND BACKGROUND

15        This case involves a dispute between plaintiff Propet USA, Inc., a shoe company, and

16 defendant Lloyd Shugart, a photographer, over photographic images taken by defendant of and/or

17 related to plaintiff's products.  For a number of years, working as an independent contractor,

18 defendant created such images for use in plaintiff's promotional materials.  During this time period,

19 plaintiff paid defendant over $100,000.00 for his services.  (*See* Dkt. 13, ¶ 9.)

20        At some point in mid-2005, plaintiff terminated its business relationship with defendant.

21 At around that same time, defendant discovered and complained about alleged copyright

22 infringement by plaintiff.  (*See* Dkt. 43, Ex. B (defendant's deposition transcript) at 94-98, 118-19,

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -1

01 | 170-73.) Plaintiff subsequently commenced this case seeking declaratory and injunctive relief in

02 | anticipation of a copyright infringement suit by defendant. (Dkt. 7.)  Defendant counterclaimed,

03 | asserting copyright infringement, violations of The Digital Millennium Copyright Act  (DMCA),

04 | and "Stolen/Lost Photos[.]" (Dkt. 13.)

05 |      Now before the Court are two motions for summary judgment.  Defendant filed a motion

06 | for partial summary judgment as to the ownership of certain copyrights.  (Dkt. 32.)  Plaintiff

07 | thereafter filed a motion for summary judgment seeking dismissal of defendant's counterclaims.

08 | (Dkt. 42.)  The parties object to the respective motions.  (Dkts. 58, 61, 64-65.)  The Court

09 | addresses both of the summary judgment motions below.

DISCUSSION

11 | A.    Summary Judgment Standard

12 |      Summary judgment is appropriate when "the pleadings, depositions, answers to

13 | interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

14 | genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

15 | of law." Fed. R. Civ. P. 56(c);*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving

16 | party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

17 | showing on an essential element of his case with respect to which he has the burden of proof.

18 | *Celotex*, 477 U.S. at 322-23.

19 |      Genuine issues of material fact that preclude summary judgment are "disputes over facts

20 | that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby,*

21 | *Inc.*, 477 U.S. 242, 248 (1986).  In deciding a summary judgment motion, the court must view all

22 | facts and inferences therefrom in the light most favorable to the nonmoving party.  *See Warren*

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -2

01 *v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "[A] party opposing a properly supported

02 motion for summary judgment may not rest upon mere allegation or denials of his pleading, but

03 must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S.

04 at 256 (citing Fed. R. Civ. P. 56(e)).

05 B.      Defendant's Motion for Partial Summary Judgment as to Copyright Ownership

06      In his motion for partial summary judgment, defendant seeks a determination that he is the

07 owner of all copyrights in the various photographic images that are the subject of this dispute.  He

08 notes that, pursuant to the Copyright Act, "[a] transfer of copyright ownership, other than by

09 operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of

10 the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly

11 authorized agent."  17 U.S.C. § 204(a).  Acknowledging the absence of any written agreement as

12 to a transfer of copyright, plaintiff concedes defendant's copyright ownership.  (*See* Dkt. 42 at 12

13 and Dkt. 58 at 1.)  Accordingly, with respect to this precise issue, the Court finds defendant

14 entitled to a judgment as a matter of law.

15      Yet, the Court clarifies that, as argued by plaintiff, such a finding does not establish

16 defendant's right to a judgment with respect to his copyright infringement and related claims.  As

17 discussed below, plaintiff asserts an implied, nonexclusive license to utilize the photographic

18 images at issue.  Given this outstanding issue, a grant of partial summary judgment on the issue

19 of defendant's copyright ownership does not resolve the parties' claims.[1]

20 ─────────────

21      [1] Plaintiff initially questioned whether this Court had subject matter jurisdiction with respect to defendant's copyright infringement counterclaim given a lack of any evidence defendant had registered copyrights in the subject photographs prior to filing his counterclaim.   *See* 17

22 U.S.C. § 411(a) ("[N]o action for infringement of the copyright in any United States work shall

01 C.        Plaintiff's Motion for Summary Judgment as to Defendant's Counterclaims

02        Plaintiff seeks to dismiss defendant's counterclaims and requests an order acknowledging

03 the existence of an implied, nonexclusive license to use any photographs created by defendant

04 prior to the termination of their business relationship.  It describes the terms of that use to include

05 use during the regular course of advertising its shoes and in conveying the photographs to others

06 who advertise its shoes and make substantially the same use of the photographs as plaintiff.

07        Plaintiff first contends that, in handing over photographs for use in its advertising in

08 exchange for the fees paid, defendant conveyed a nonexclusive license to use the copyrighted

09 works for their intended purpose.  *See*, *e.g.*, *Effects Assoc. Inc. v. Cohen*, 908 F.2d 555, 558-59

10 (9th Cir. 1990) (". . . Effects created a work at defendant's request and handed it over, intending

11 that defendant copy and distribute it.  To hold that Effects did not at the same time convey a

12 license to use the footage in 'The Stuff' would mean that plaintiff's contribution to the film was

13 'of minimal value,' a conclusion that can't be squared with the fact that Cohen paid Effects almost

14 $ 56,000 for this footage. Accordingly, we conclude that Effects impliedly granted nonexclusive

15 licenses to Cohen and his production company to incorporate the special effects footage into 'The

16 Stuff' and to New World Entertainment to distribute the film.") (internal footnote omitted).

17 Plaintiff maintains that defendant's invoices and its own cancelled checks make up the sole reliable

18 evidence of contract and do not, in any way, reflect the imposition of any limits on the use of the

19 photographs.  Plaintiff also points to defendant's testimony as supporting the contention that it

20

21 be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.")  However, defendant subsequently revealed evidence of copyright registrations effective April 10, 2006, prior to the April 21, 2006 filing of his counterclaims.  (*See*

22 Dkt. 63, ¶ 16 and Ex. B.)  Accordingly, plaintiff's subject matter jurisdiction argument lacks merit.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -4

01  could use defendant's photography in any way that benefitted itself. (*See* Dkt. 43, Ex. B at 16-

02  17.)

03      In response, defendant maintains his exclusive license over the photographic images at

04  issue. *See*, *e.g.*, *Fosson v. Palace (Waterland), Ltd.*, 78 F.3d 1448, 1455 (9th Cir. 1996) (noting

05  that the decision in *Effects Assoc. Inc.*, 908 F.2d 555, does not control the issue of whether the

06  terms of an express license had been breached and could give rise to an infringement suit; "[O]nce

07  a non-breaching party to an express copyright license obtains and exercises a right of rescission

08  by virtue of a material breach of the agreement, any further distribution of the copyrighted material

09  would constitute infringement."); *S.O.S., Inc. v. Payday*, *Inc.*, 886 F.2d 1081, 1087 (9th Cir.

10  1989) ("A licensee infringes the owner's copyright if its use exceeds the scope of its license.")  In

11  support, he points to a "film delivery memo" he contends accompanied all of his copyrighted

12  images and expressly limited plaintiff's use of the images, as well as a seal on all film delivery

13  packages that asserted his exclusive rights and indicated that plaintiff's use and license was subject

14  to all terms of the film delivery memo. (*See* Dkt. 63 at ¶¶ 5, 8 and Ex. A.)  Among other terms,

15  the film delivery memo indicated a two-year duration of the license to use the images. (*Id*., Ex.

16  A.)  Defendant also points to digital images delivered to plaintiff on CD, noting that the CD

17  envelopes bore a seal, that his copyright was reflected on the face of every CD and upon

18  downloading, and that each digital image contained an embedded copyright image, meaning the

19  copyright notice would show whenever an image was loaded onto a page or photo editing

20  software. (*Id*., ¶¶ 9-10.)

21      Plaintiff denies any knowledge of the film delivery memos or seals, noting that defendant

22

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -5

01 produced only stand-alone copies of the memo and seal.[2]  However, defendant's former counsel

02 attests to the fact that attorneys for plaintiff returned a box containing film negatives which had

03 a broken seal and attaches a photograph of the box with the broken seal to his declaration.  (Dkt.

04 62, ¶¶ 2-5 and Ex. A (the seal reads: "Notice: All file or images contained herein are the exclusive

05 property of Lloyd Shugart, to which Lloyd Shugart retains and holds all rights under copyright

06 laws.  Client use and license is subject to all terms of the FILM DELEVERY [stet] MEMO.

07 Terms shall be deemed accepted by Client as acknowledged by written approval and/or the use

08 of the photographs provided by Photographer."))  Additionally, defendant avers that, after a

09 scanning company noticed the digital copyright image and an employee of plaintiff called for a

10 "release" authorizing it to scan images, he advised the employee to use the film delivery memo as

11 the release.  (Dkt. 63, ¶ 12.) He further maintains that, upon picking up a box of the scanned

12 images from plaintiff's offices,  he found that the box contained a copy of the film delivery memo

13 in an envelope from the scanning company, as well as several envelopes with broken seals.  (*Id*.,

14 ¶ 13.)

15     Given the above, it is clear that genuine issues of material fact preclude a grant of summary

16 judgment as to defendant's counterclaims based on plaintiff's assertion of an implied, nonexclusive

17 license.  The Court also agrees with defendant that the testimony relied on by plaintiff in support

18 of its implied, nonexclusive license appears to have been taken out of context.  That is, in testifying

19

20     [2] Plaintiff conceded he does not have a copy of each film delivery memo he allegedly sent
with each invoice, explaining: "No.  It was a standard invoice that I printed out, and I had a file
21 of film delivery memos that every time I printed an invoice I grabbed the film delivery memo, stuck
it in the envelope and mailed it."  (Dkt. 47 at 161.)
22

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -6

01  that plaintiff had the right to use the images to benefit itself, defendant referred specifically to a

02  contract he alleged he entered into in 2000 with CPF marketing, an advertising and graphic design

03  firm that performed contract work for plaintiff. (Dkt. 45 at 12-17.) He also repeatedly noted that

04  the terms of that contract called for a two-year period of limited use. ( *Id*.) Accordingly, this

05  testimony does not support a grant of summary judgment.

06      Plaintiff next offers an alternative argument. That is, even assuming both that defendant

07  delivered the film delivery memo to plaintiff and that plaintiff agreed to the terms of the memo

08  simply by using the photographic images, plaintiff argues that the memo's terms are unreasonable

09  and unenforceable. Plaintiff compares the memo as an attempt to bind it to contract terms in the

10  same way consumers are bound by "shrink wrap" or "click wrap" agreements when purchasing

11  software. *See*, *e.g.*, *ProCD v. Zeidenberg*, 86 F.3d 1447, 1452-53 (7th Cir. 1996) (shrink wrap

12  licenses may impose restrictions upon a consumer opening and installing software);     *M. A.*

13  *Mortenson Co. v. Timberline Software Corp.*, 93 Wash. App. 819, 830, 970 P.2d 803 (Wash. Ct.

14  App. 1999) (noting Seventh Circuit "allow[ed] a vendor to propose that a sale contract be formed

15  not when the product is requested or the money is paid but after the customer has inspected the

16  item and the terms."; finding this reasoning persuasive and noting similarities: "Timberline's

17  license agreement, included with the software, is fairly standard and contains an accept-or-return

18  provision.") (relying on *ProCD*, 86 F.3d 1447, and *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147,

19  1150 (7th Cir. 1997)), *aff'd* at 140 Wash. 2d 568, 998 P.2d 305 (Wash. 2000). It notes that some

20  courts have refused to enforce such agreements. *See*, *e.g.*, *Specht v. Netscape Communs. Corp.*,

21  150 F. Supp. 2d 585, 595 (S.D.N.Y. 2001) ("Netscape argues that the mere act of downloading

22  indicates assent. However, downloading is hardly an unambiguous indication of assent. The

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -7

01 primary purpose of downloading is to obtain a product, not to assent to an agreement. In contrast,

02 clicking on an icon stating 'I assent' has no meaning or purpose other than to indicate such assent.

03 Netscape's failure to require users of SmartDownload to indicate assent to its license as a

04 precondition to downloading and using its software is fatal to its argument that a contract has been

05 formed.  Furthermore, unlike the user of Netscape Navigator or other click-wrap or shrink-wrap

06 licensees, the individual obtaining SmartDownload is not made aware that he is entering into a

07 contract."), *aff'd* at 306 F.3d 17 (2d Cir. 2002). *See also generally  M.A. Mortenson Co.*, 93

08 Wash. App. at 829 ("In *ProCD,* the Seventh Circuit held that shrink-wrap licenses accompanying

09 off-the-shelf computer software are enforceable unless their terms are objectionable under general

10 contract law.")

11 Plaintiff proffers a variety of reasons why defendant cannot enforce his film delivery memo

12 like a conventional shrink wrap agreement, including the fact that this case does not involve a

13 typical consumer transaction.  However, for this same reason, the Court questions whether the

14 case law proffered by plaintiff  – involving software license agreements – is on point.  This

15 question is admittedly complicated by defendant's failure to offer any argument in opposition to

16 plaintiff's shrink wrap analogy and related arguments.  Although not rejecting the possible viability

17 of plaintiff's arguments, the Court is unable to find plaintiff entitled to a judgment as a matter of

18 law.  Moreover, the Court notes that the arguments may simply be premature due to the fact that

19 discovery in this matter has not yet concluded.  (*See* Dkt. 54 (setting discovery deadline of May

20 16, 2007.))

21 Nor does the Court find sufficient grounds for granting summary judgment based on

22 plaintiff's remaining arguments.  First, plaintiff's assertion that defendant lacks evidence of actual

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -8

01 damage is premature given the ongoing discovery in this matter.  Second, genuine issues of

02 material fact appear to prevent dismissal of defendant's remaining counterclaims.  For example,

03 plaintiff's argument as to defendant's DMCA claim entails questions about the film delivery memo,

04 which, as stated above, raises a disputed issue of material fact.  As such, the Court concludes that

05 plaintiff also fails to establish its entitlement to a judgment as a matter of law with respect to

06 plaintiff's remaining counterclaims.  However, again, the Court acknowledges that plaintiff's

07 arguments with respect to these claims may simply be premature due to the fact that discovery in

08 this matter has not yet concluded.

09      Finally, the Court addresses an argument raised by defendant with respect to the request

10 for injunctive relief in plaintiff's complaint.  In its complaint, plaintiff sought injunctive relief: (1)

11 prohibiting defendant from selling or offering for sale any of the photographs subject to this suit;

12 (2) prohibiting defendant from transferring any right, title, or interest in the photographs to third

13 parties without advance written approval; and (3) prohibiting defendant from threatening plaintiff's

14 customers with copyright infringement relating to their use of the photographs.  (*See* Dkt. 1 at 5.)

15 Defendant argues that, given his copyright ownership, these demands violate one or more of his

16 rights under the Copyright Act. *See* 17 U.S.C. § 106 ("Exclusive rights in copyrighted works.")

17 In response, plaintiff concedes that defendant has the right to sell or license his copyrighted works,

18 but notes that it has not moved for summary judgment as to its own complaint and maintains its

19 continued right of use.  Therefore, while it does seem that plaintiff concedes that at least its first

20 two requests for injunctive relief should be denied, as noted by plaintiff, this issue is not yet

21 properly before the Court.

22 / / /

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -9

01                                CONCLUSION

02         For the reasons described above, defendant's motion for partial summary judgment on the

03   issue of his copyright ownership is GRANTED and plaintiff's motion for summary judgment as

04   to defendant's counterclaims is DENIED.

05         DATED this 3rd day of May, 2007.

06   _____
     Mary Alice Theiler
07   United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
PAGE -10