Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PROPET USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LLOYD SHUGART, <br><br> Defendant. | No. C06-0186 MAT <br><br> MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFF'S COMPLAINT SEEKING INJUNCTIVE RELIEF <br><br> **NOTE ON MOTION CALENDAR: July 13, 2007** |

## I. INTRODUCTION

Defendant Lloyd Shugart ("Mr. Shugart"), through undersigned counsel, hereby moves, pursuant to Fed. R. Civ. P. 56, for partial summary judgment dismissing Plaintiff Propet, USA, Inc.'s ("Propet") claim for injunctive relief. Based on the undisputed facts, Propet can neither allege nor offer evidence to sustain a claim for injunctive relief because Mr. Shugart has been held to be the legal owner of the photographs that are the subject of this action and Mr. Shugart has maintained all his rights in his copyright. Propet has further acknowledged Mr. Shugart's ownership and rights in the photographs. The undisputed facts demonstrate that Mr. Shugart is the copyright owner of the photographs, and that Mr. Shugart cannot be permanently enjoined from exercising his exclusive right in the photographs.

(C06-0186-MAT) - 1
Defendant's Motion for Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

Because no genuine issue of material fact exists with respect to Mr. Shugart's ownership and rights, plaintiff's complaint seeking injunctive relief should be dismissed.

## II.   UNDISPUTED FACTS

The relevant undisputed facts are supported by the accompanying Exhibits A, B and C.

The undisputed facts show that Mr. Shugart is the copyright owner of the photographs that are the subject of this action. This Court has determined in its Order RE: Summary Judgment Motions dated May 3, 2007 (attached hereto as Exhibit A) that Mr. Shugart was entitled to judgment as a matter of law in his motion for partial summary judgment regarding copyright ownership. This Court found that there have been no written agreements as to the transfer of Mr. Shugart's copyright ownership. As stated in the Copyright Act, "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. §204(a). Thus, Mr. Shugart is the copyright owner and he has maintained all his rights in the photographs.

The undisputed facts further show that Propet concedes and acknowledges Mr. Shugart's copyright ownership and his rights in the photographs. Propet does not dispute the fact that Mr. Shugart is the copyright owner. "Since there is also no fact dispute that he and Propet failed to execute a contract or other writing that spelled out a requirement that the transfer his rights to Propet, then Shugart is in the position of 'copyright owner.'" *See* Plaintiff's Motion for Summary Judgment, p. 12, attached hereto as Exhibit B. Further, Propet also acknowledges that Mr. Shugart is able to exercise his rights in the photographs. "Propet also acknowledges that Shugart has the right to sell or license to others his copyright rights, whatever that are, because Propet did not execute a written contract with Shugart." *See* Propet's Reply to Shugart's Memorandum in Opposition to Propet's Motion for Summary Judgment, p. 3, attached hereto as Exhibit C.

(C06-0186-MAT) - 2
Defendant's Motion for Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

### III.   ARGUMENT

**A.   Propet is Unable to Maintain a Claim for Injunctive Relief.**

Propet's Amended Complaint for Declaratory and Injunctive Relief Concerning Copyright pray for relief that is not available to an implied non-exclusive licensee. Propet has claimed that it is in the position of an implied non-exclusive licensee; however, this claim eviscerates its prayer for injunctive relief. Specifically, in its Amended Complaint, Propet demands that this Court (1) permanently enjoin Mr. Shugart from selling or offering for sale any Propet Photos on E-Bay, (2) permanently enjoin Mr. Shugart from transferring any right, title or interest in Propet Photos to third parties without advance written approval of Propet, and (3) permanently enjoin Mr. Shugart from threatening Propet customers with copyright infringement claims relating to their use of "Propet Photos." *See* Propet's Amended Complaint Prayer for Relief, ¶C – E.

**B.   Propet Cannot Prohibit Mr. Shugart from Selling or Offering for Sale, Transferring any Right, Title or Interest in Mr. Shugart's Photographs.**

The demands for injunctive relief by Propet violates one or more of the exclusive rights of a copyright owner enumerated under §106 of the Copyright act. In particular §106 of the Copyright Act clearly provides that it is the "owner of copyright" who has the right to do such things as "reproduce the copyrighted work," (§106(1)), "prepare derivative works based on the copyrighted work," (§106(2)) and "distribute copies…of the copyrighted work to the public by sale, or other transfer of ownership..." (§106(3)). Section 106 further expressly provides that the copyright owner's right to do such things is "exclusive," meaning, of course, that no one else (such as Propet) enjoys such rights. As copyright owner, Mr. Shugart is entitled to sell, offer for sale, transfer any right, title or interest in his photographs. Thus, Propet's demand for injunctive relief, essentially seeks relief far in excess than would be available under the "implied" license it claims to have received. Given that this Court and Propet agree that there has been no transfer of Mr. Shugart's copyright ownership in the

(C06-0186-MAT) - 3  
Defendant's Motion for Partial Summary Judgment

**MANN LAW GROUP**  
1420 Fifth Avenue, Suite 2200  
Seattle, WA 98101  
TELEPHONE: 206.274.5100

photographs, *See* this Court's Order RE: Summary Judgment Motions, there is simply no way Propet could have obtained the exclusive rights it seeks to enforce against Mr. Shugart.

Further, Propet has acknowledged that its claim for injunctive relief preventing Mr. Shugart from selling, offering for sale, transferring any right, title or interest in his photographs should be denied. In particular, Propet has acknowledged that Mr. Shugart has the right to sell or license to others his copyright. *See* Propet's Reply to Shugart's Memorandum in Opposition to Propet's Motion for Summary Judgment, p. 3.

## C. Propet Cannot Prohibit Mr. Shugart from Enforcing His Copyrights Against Propet Customers who Misuse Mr. Shugart's Photographs.

Propet is not permitted to restrict Mr. Shugart's exclusive rights. An implied non-exclusive license only allows the licensee to *use* the work at issue. *Effects Associates v. Cohen* at 558 and *Oddo v. Ries,* 743 F.2d 630, 636 (9th Cir. 1984). Nothing in such a license restricts the copyright owner (i.e., Mr. Shugart) from exercising the exclusive rights set out in 17 U.S.C. §106. Accordingly, a copyright owner is entitled to protect his rights and assert his rights against suspected infringers his copyright. Thus, as the copyright owner, Mr. Shugart is entitled to assert his rights against Propet's customers relating to their use of Mr. Shugart's photographs. As noted by this Court and acknowledged by all parties, Mr. Shugart has not transferred any of his rights in his photographs. Mr. Shugart was, is, and remains the copyright owner. Thus, Propet is not entitled to prohibit Mr. Shugart from protecting his copyrights. An injunction restricting a copyright owner from asserting his rights is improper.

Accordingly, Propet has no standing to limit and restrict Mr. Shugart's rights as demanded in its Amended Complaint.

## IV.   CONCLUSION

For the forgoing reasons, Mr. Shugart's Motion for Partial Summary Judgment should be granted and Propet's claim for injunctive relief should be dismissed. Such action by this

//

//

(C06-0186-MAT) - 4
Defendant's Motion for Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

1 | Court is respectfully solicited.  An appropriate proposed order accompanies this motion.

2 | Dated this 18th day of June, 2007.

/s/ Philip P. Mann
Philip P. Mann, WSBA No: 28,860
Mann Law Group
1420 Fifth Avenue, Suite 2200
Seattle, Washington  98101
(206) 274-5100
*phil@mannlawgroup.com*

Attorneys for Defendant Lloyd Shugart

(C06-0186-MAT) - 5
Defendant's Motion for Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bruce A. Kaser  bruce@vantagelaw.net
James L. Phillips  james.phillips@millernash.com,

Dated this 18th day of June, 2007.

/s/ Eryn Y. K. Deblois

Eryn Y. K. Deblois
Mann Law Group
1420 Fifth Avenue, Suite 2200
Seattle, Washington  98101
(206) 274-5100

(C06-0186-MAT) - 6
Defendant's Motion for Partial Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100