Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

PROPET USA, INC.,

                    Plaintiff,

        v.

LLOYD SHUGART,

                    Defendant.

No. C06-0186 MAT

DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

**NOTE ON MOTION
CALENDAR:** July 13, 2007

        Defendant Lloyd Shugart ("Mr. Shugart"), through undersigned counsel, hereby opposes Plaintiff Propet USA, Inc's Motion for Summary Judgment.

        Because Propet's motion is largely a rehash of its earlier filed motion for summary judgment that was properly denied by this Court on May 3, 2007 (Docket # 66), Mr. Shugart hereby incorporates herein the various declarations, exhibits and arguments previously made of record in his opposition to Propet's earlier motion (Docket #61-63).  As demonstrated herein, genuine issues of material fact exist and preclude summary judgment as a matter of law.  Accordingly, Propet's motion should be denied.

## I.    INTRODUCTION

        This case concerns the unauthorized use and distribution by Propet USA, Inc. ("Propet") of certain photographic images created by professional photographer Lloyd

(C06-0186-MAT) - 1
Defendant's Opposition to Plaintiff's Motion For Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

Shugart.  The principal background facts demonstrating such unauthorized use by Propet are largely undisputed.

There is no dispute that Mr. Shugart is the copyright owner of the photographs at issue.  Indeed this Court has already ruled to that effect in its prior order granting Mr. Shugart's own motion for summary judgment.  The dispute arises over what rights Propet received from Mr. Shugart.  Mr. Shugart does not claim that Propet received no rights whatsoever to use the subject photographs.  Obviously, in return for the money he was paid, Mr. Shugart granted Propet permission to make limited use of those photographs.  This case, however, concerns Propet's *unauthorized* use of the images far beyond the geographic and temporal limits granted.  In particular, Propet was granted permission to use the photographs according to the terms of a standard Film Delivery Memo that Mr. Shugart used in connection with all his clients.  As Propet's own motion demonstrates, there is not only a question of fact as to whether Propet had knowledge of and accepted the Film Delivery Memo, but even as to the very existence of the Film Delivery Memo itself.

Propet's underlying motion is a thinly veiled attempt to have this court revisit and withdraw its earlier order properly denying Propet's motion for summary judgment of non-infringement. (Dkt # 66).  Although discovery is now complete, the evidence that the Court has before it clearly demonstrates that there still remain genuine issues of material fact that preclude a grant of summary judgment as to Mr. Shugart's counterclaims based on Propet's assertion of an implied, non-exclusive license.   Accordingly, Propet's Motion for Summary Judgment must be denied.

## II      STATEMENT OF DISPUTED FACTS

The facts essential to the question of whether a genuine dispute over material facts remain in issue are set out below and are supported by the declarations of Mr. Jon Payne and Mr. Lloyd Shugart, recorded at Dkt # 62 and 63, and attached hereto as Exhibits A and B respectfully.

(C06-0186-MAT) - 2
Defendant's Opposition to Plaintiff's Motion For Summary Judgment

1   Propet claims never to have seen any of the writings provided by Mr. Shugart

2   restricting use of his copyrighted images and claims to have no record or knowledge

3   concerning them despite the fact that Mr. Shugart and Propet worked together over several

4   years and despite the fact that Mr. Shugart always used the same contracts and licenses in his

5   business. Hawkins Decl. ¶5.   However, Mr. Shugart declaration testimony clearly establishes

6   that he provided each set of images to Propet pursuant to a "Film Delivery Memo."   The Film

7   Delivery Memo, in turn, expressly provides that, "Grant of reproduction rights hereunder is

8   conditioned upon [Propet's] acceptance of each term set forth in this agreement," and that

9   "All rights not expressly licensed to [Propet] in writing remain the exclusive property of [Mr.

10   Shugart]."   Propet's unsubstantiated claim that it never saw these documents is not

11   dispositive.

12   Moreover, each set of images were delivered in a sealed package that bore a notice of

13   Mr. Shugart's rights.   Shugart Decl. ¶8.   The seal of the film delivery package expressly

14   states:

15   Notice:
    All film and or images contained herein are the exclusive property of
16   Lloyd Shugart, to which Lloyd Shugart retains and holds all rights under
    copyright laws.
17   Client use and license is subject to all terms of the FILM DELEVERY
    MEMO.
18   Terms shall be deemed accepted by Client as acknowledged by written
    approval and/or the use of the photographs provided by Photographer
19

20

21   Propet claims to have no evidence it saw any of Mr. Shugart's seals. Hawkins Decl. ¶5.   The

22   facts, however, demonstrate otherwise.

23   When Mr. Shugart's prior attorney, Mr. Jon Payne, asked Propet to return the various

24   films that Mr. Shugart previously delivered to Propet, *Propet's own counsel* returned a film

25   delivery box having the printed seal affixed across the top lid box in such a way that the box

26   could not be opened without tearing the label.   Significantly, the seal notice on the returned

27   film delivery box torn, indicating that the package had been opened some time before receipt

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

1    by Mr. Payne.  *See* accompanying Payne Declaration.  Thus, Propet's claim that it had no

2    notice of the film delivery seal (which references the Film Delivery Memo) is completely

3    undermined by the clear fact that Propet had the box with its notice in its possession and that

4    Propet opened the box at some point before returning it to Mr. Shugart.  At the very least,

5    there is a genuine issue of material fact as to Propet's state of mind at the time it opened the

6    box and whether it understood the clear language of the notice.  If summary judgment is

7    appropriate, the Court should find that this issue should be resolved in Mr. Shugart's favor.

8    There is no question that the seal notice was, in fact, included on the film delivery boxes

9    delivered to Propet.  Nor is there any question that Propet was well-aware of the notice.  The

10   fact that Propet's own counsel had the box and seal in his possession and returned it to Mr.

11   Shugart's prior counsel eliminates all question in that regard.

12       As further established by Mr. Shugart's declaration, when his digital images were

13   delivered on CDs, the envelope also contained a seal and a notice of Mr. Shugart's copyright

14   on the face of every CD.  Every time the CD is loaded into a computer, a proper copyright

15   notice is displayed, including "Studio 413," the copyright symbol "©" and the year.

16   Individually, each of the digital images has Mr. Shugart's copyright information embedded

17   into the digital image files so that anytime the digital images are loaded into a page or photo

18   editing software, a copyright notice will show.  Propet's continued refusal to return these CDs

19   does not mean they do not exist.  *See* Shugart Decl. ¶¶ 10-14.

20       Mr. Shugart also recalls that Mr. Ken Johnson of Propet called him to ask for a

21   "release" authorizing Propet to scan the images.  In particular, Propet had retained a third-

22   party scanning company to scan the images, and the company retained by Propet noticed Mr.

23   Shugart's copyright notice on the images.  The company very properly did not want to

24   proceed with the scanning project absent a release from Mr. Shugart.  Mr. Shugart advised

25   Mr. Johnson to use the previously supplied Film Delivery Memo as the release.  Mr. Johnson

26   did not ask further questions about the Film Delivery Memo nor did Mr. Johnson request a

27   copy of the Film Delivery Memo, no doubt because one was readily available to Mr. Johnson.

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
TELEPHONE:  206.274.5100

1   Indeed, there were no other conversations between Mr. Shugart and Mr. Johnson about the

2   needed release, indicating that the question was resolved and the third-party scanner was

3   satisfied.   When these sets of images were returned to Mr. Shugart, he noticed his Film

4   Delivery Memo contained within the returned box, specifically in an envelope from the

5   scanning company returning the images, indicating that the Film Delivery Memo had, in fact,

6   been provided by Propet to the scanning company.   The box also contained film envelopes

7   with broken seals.  Shugart Decl. ¶¶ 12, 13.

8        In view of the foregoing, Propet clearly received and had knowledge of the Film

9   Delivery Memo and the seal placed on each film delivery box.  In light of Mr. Shugart's and

10  Mr. Payne's declaration testimony, and Exhibit A attached to Mr. Payne's declaration, there is

11  no question that Propet had and was aware of the both the Film Delivery Memo and the

12  notice.   Either of these documents is sufficient to establish that Propet did not get the

13  unfettered right to use the photographs as it pleased but instead only to do so as provided by

14  the Memo.

15       There is no question that Mr. Shugart obtained copyright registrations on his subject

16  photographs from the United States Copyright Office and that the effective date of those

17  registrations is April 10, 2006.   There is also no question that Propet's unauthorized

18  reproduction of Mr. Shugart's copyrighted images has taken place after that effective date.  In

19  particular, Propet has created and continues to maintain Internet websites, even through today,

20  wherein Mr. Shugart's images are reproduced and available.   Infringement of any of the

21  exclusive rights specified by As provided by 17 U.S.C. §501(a), "Anyone who violates any of

22  the exclusive rights of the copyright owner as provided by sections 106 through 122, …is an

23  infringer of the copyright…."   Propet's ongoing and continuing reproduction of Mr. Shugart's

24  copyrighted images subsequent to the effective date of his copyright registrations constitutes

25  infringement after the date thereof, thereby entitling Mr. Shugart at least to statutory damages

26  and attorneys fees as provided by 17 U.S.C. §§ 412, 504 and 505.

27

MANN LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

## III      ARGUMENT AND AUTHORITY

Summary judgment under CR 56(c) can only be granted when there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).  The initial burden is upon the moving party to show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).  A genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253, 106 S.Ct. 2505 (1986).  In determining if summary judgment is appropriate, the court must consider all evidence and inferences in a light most favorable to the non-moving party.  *Davis v. Niagara Mach. Co.,* 90 Wn.2d 342, 348, 581 P.2d 1344 (1978).

### A.      There are Genuine Issues of Material Fact as to Whether Propet Received an Implied License from Mr. Shugart.

Propet in its motion argues that the lack of documentation between the parties puts Propet in the position of a non-exclusive licensee.  Propet's reliance on *Effects Associates, Inc. v. Cohen* 908 F.2d 555 (9th Cir. 1990), overlooks the underlying document that is at issue --- the Film Delivery Memo.  Contrary to Propet's suggestions, this case is not one wherein there is complete absence documentation.  The Film Delivery Memo is as an express license.  Accordingly, *Effects* does not control in situations where there is an express license.  *Fosson v. Palace (Waterland), Ltd.*, 78 F.3d 1448, 1455 (9th Cir. 1996).

Propet had knowledge, accepted, and is bound to the term and conditions of the Film Delivery Memo.  Propet argues Mr. Shugart cannot bind it to the Film Delivery Memo because there is no evidence that it has accepted the additional terms and conditions imposed by the Film Delivery Memo.  However, evidence of Propet's actual knowledge can be found in the films that were returned to Mr. Shugart and his former counsel, Mr. Jon Payne and in particular the torn label affixed thereto.  As evidenced by Mr. Payne's declaration, the materials returned to Mr. Payne by Propet included a film delivery box with a broken seal that

(C06-0186-MAT) - 6
Defendant's Opposition to Plaintiff's Motion For Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

was affixed to the top of the box.  Payne Decl. ¶¶ 4 - 5.  Not only did Propet have the film delivery box bearing the notice, Propet broke the seal to get at the contents of the box.[1] Furthermore, the notice makes reference to the Film Delivery Memo and does so in prominent, capital letters that stand out from the notice and cannot be missed.  If it is true that Propet did not have the film delivery memo – something Mr. Shugart vigorously contests – clearly the prominent reference to the "FILM DELIVERY MEMO" that indisputably *did* get before Propet should have been sufficient to put Propet at least on inquiry notice as to what that memo was and what terms it contained.  Again, and at the very least, Propet's state of mind concerning the Film Delivery Memo and the seal Notice – and what it understood it could and could not do under its license with Mr. Shugart – are material factual issues inappropriate for disposition by way of summary judgment.

As set out in Mr. Shugart's declaration, a set of the subject images were also returned to him by Propet.  Included with the images returned to Mr. Shugart by Propet was a copy of the Film Delivery Memo and several opened film delivery envelopes.  Shugart Decl. ¶13.

Although Propet claims not to have received or seen any such memo or seal, and thus could not have accepted any of the terms, there is ample evidence that proves to the contrary.  As the existence of the Film Delivery Memo is clearly central to the issues in this case, that question alone is sufficient to defeat Propet's motion.  Given the strength of the evidence supporting not only the existence of the Film Delivery Memo but Propet's actual or constructive knowledge of it, if anything, that point should now be resolved in Mr. Shugart's favor.

Here genuine issues of material facts exist, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 253.

---

[1] There is no question that Propet did, in fact, make use of the images that were contained in the box.

MANN LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

1

## IV.    CONCLUSION

2

For the aforementioned reasons, there remain issues of material fact which preclude a

3

finding of summary judgment for Propet.  Accordingly, its motion must be denied.

4

Dated this 9th day of July, 2007.

5

/s/ Philip P. Mann

6

Philip P. Mann, WSBA No: 28,860
Mann Law Group

7

1420 Fifth Avenue, Suite 2200
Seattle, Washington  98101

8

(206) 274-5100
*phil@mannlawgroup.com*

9

10

Attorneys for Defendant Lloyd Shugart

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

(C06-0186-MAT) - 8
Defendant's Opposition to Plaintiff's Motion For Summary Judgment

**MANN LAW GROUP**
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
TELEPHONE:  206.274.5100

1

### CERTIFICATE OF SERVICE

2

3      I hereby certify that on the 9th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

4

5          Bruce A. Kaser          bruce@vantagelaw.net
           James L. Phillips       james.phillips@millernash.com,

6

7      Dated this 9th day of July, 2007.

8

9                                              /s/ Eryn Y. K. Deblois

10
                                               Eryn Y, K. Deblois
11                                             Mann Law Group
                                               1420 Fifth Avenue, Suite 2200
12                                             Seattle, Washington  98101
                                               (206) 274-5100
13                                             phil@mannlawgroup.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27