Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROPET USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LLOYD SHUGART <br><br> Defendants. | Case No. C06-0186MAT <br><br> **PROPET USA INC.'S OPPOSITION TO DEFENDANT SHUGART'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFF'S COMPLAINT SEEKING INJUNCTIVE RELIEF** |

Defendant Lloyd Shugart ("Shugart") was hired to produce photographs of Propet-brand shoes ("shoe pictures") for use in Propet USA, Inc's ("Propet") advertising materials:

*See* Propet's Amended Complaint, ¶ 6.

As the record reflects, over a period of several years Shugart was paid over $100,000 as compensation for his efforts. *See* Shugart's Answer and Counterclaim ¶ 9, Docket No. 13. Shugart did not obtain an executed contract from Propet that governed his rights to the shoe

PROPET USA INC.'S OPPOSITION TO
DEFENDANT SHUGART'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S COMPLAINT
SEEKING INJUNCTIVE RELIEF - 1

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

1  pictures he produced. Likewise, Propet did not obtain a written contract from Shugart. Shugart
2  invoiced Propet and Propet paid the invoices. According to Shugart, the only written instruments
3  exchanged between the parties were Shugart's invoices and a "film delivery memo." *See*
4  Declaration of Lloyd Shugart ¶¶ 6-7, Docket No. 32.

5  Propet conceded that Shugart holds the copyright to the shoe pictures, because he was an
6  independent contractor, and not a Propet employee. Plaintiff's Motion for Summary Judgment,
7  p. 4, Docket No. 75. On the other hand, since Propet paid for them, Propet contends that it has
8  the ongoing right to use the shoe pictures in connection with Propet's business. *Id.* 4-5. While it
9  has been decided that Shugart technically owns the copyright, what remains to be resolved is
10 what Shugart may do with the pictures of Propet brand shoes that he took and what Propet may
11 do with them.

12 Propet's amended complaint seeks a judicial determination that Propet is not a copyright
13 infringer and has an implied license to use the pictures Propet paid for when Shugart was hired.
14 *See* Propet's Amended Complaint, Prayer for Relief, ¶¶ A-B. This is legal relief that involves
15 Propet's request that the Court find Propet has an implied license. Shugart's motion does not
16 seek dismissal of Propet's complaint as it relates to seeking an implied license. Instead, Shugart
17 seeks summary adjudication of certain parts of Propet's prayer for relief that seek only equitable
18 relief. *See* Propet's Amended Complaint, Prayer for Relief ¶¶ C-E.

19 Set forth below are Propet's reasons for seeking equitable relief.

20 **1. That Shugart be permanently enjoined from selling or offering for sale any Propet Photos on E-bay (Propet's Amended Complaint, Prayer for Relief, ¶ C)**
21
22 Shugart commenced threatening Propet shortly after Propet terminated its relationship
23 with him:

24 > Any meetings between you, your client and my-self will not happen until I have made a final decision and choice of legal counsel, and full disclosure of the willful distribution of my personal properties by your client.
25
26

PROPET USA INC.'S OPPOSITION TO
DEFENDANT SHUGART'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S COMPLAINT
SEEKING INJUNCTIVE RELIEF - 2

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

> I fully intend to pursue all of my rights including notice under the safe-harbor rule to all ISP's regarding their display of images infringing my rights and notice of infringement to any and all companies now infringing my rights.
>
> Best Regards
>
> Lloyd Shugart
>
> Additionally I will be offering on sites such as E-Bay and various other internet opportunities the sale of my personal property along with the rights attached by law, with full disclosure of issues as they relate to my rights and property.
>
> See attached: offer of sale.

*See* Kaser Decl., Ex. A.

In Propet's first motion for summary judgment, Propet submitted evidence indicating that Shugart intended to offer his portfolio of Propet shoe pictures for sale on eBay for an asking price of $1,300,000. *See* Propet's Motion for Summary Judgment, p. 10, Docket No. 42; *See* Kaser Decl., Ex. A.

While Shugart may technically own the copyright to the shoe photographs, he does not control the subject matter of the photos or the products (i.e., shoe brand, shoe design, or shoe model number, etc.), which means that Shugart may not necessarily be free to do what he wants. For example, Shugart has no right to use Propet's brand or to engage in any conduct that disparages Propet during the course of selling or transferring his "personal property" to someone else.

This case does not involve works of art. Shugart has not produced any evidence that these pictures have independent value to anyone or that anyone would want to purchase them. As a consequence, Shugart's threat to offer Propet's shoe pictures for sale on eBay for an asking price of $1,300,000 is strong evidence of both unreasonable expectations and conduct on Shugart's part.

PROPET USA INC.'S OPPOSITION TO
DEFENDANT SHUGART'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S COMPLAINT
SEEKING INJUNCTIVE RELIEF - 3

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

1  This gives rise to legitimate concerns, on Propet's part, that Shugart may engage in conduct that negatively impacts Propet's brand or business in some way during the course of attempting to sell something on eBay that no one is likely to bid on. For this reason, Propet sought additional equitable relief in Propet's amended complaint that prohibits Shugart from depicting Propet's products on eBay. Shugart's above email is evidence that a fact dispute exists concerning whether Shugart will make reasonable attempts to sell or transfer his copyright to shoe pictures in a way that does not disparage Propet or Propet's business.

2.  **That Shugart be permanently enjoined from transferring any right, title or interest in Propet Photos to third parties without advance written approval (Propet's Amended Complaint, Prayer for Relief, ¶ D):**

For reasons similar to those stated above, Propet is not without rights concerning Shugart's shoe pictures. The photographs created by Shugart for Propet display Propet products and Propet brands. Propet recognizes that Shugart has the right to transfer a photographic copyright to others. However, the transfer, if any, must be reasonable and cannot be done in a way that interferes with Propet's ongoing rights to use its own trademarks, and sell its own products, or interfere with Propet's goodwill.

Rather than obtain a signed contract from Propet, Shugart now seeks to impose unreasonable terms on Propet via a "film delivery memo" that he admits was never acknowledged by Propet in writing. As pointed out in Propet's *first* motion for summary judgment, the terms of the "film delivery memo" are the kind no one would agree to. *See* Propet's Motion for Summary Judgment, pp. 7-9, 17-18, Docket No. 42  Also, as pointed out in Propet's *second* motion for summary judgment, in order to enforce the "film delivery memo," Shugart claims that he delivered film to Propet in a box, with a seal that refers to the terms of the "film delivery memo," but he separately mailed the "memo" to Propet with his billing invoice. *See* Plaintiff's Motion for Summary Judgment, pp. 3-5, Docket No. 75. Thus, he separated the terms from any act of acknowledgement of or agreement to the terms. Shugart has no evidence,

PROPET USA INC.'S OPPOSITION TO
DEFENDANT SHUGART'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S COMPLAINT
SEEKING INJUNCTIVE RELIEF - 4

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

in the form of documentation or even his own testimony where he claims that he delivered the terms of the "memo" at the same time he delivered film.

Propet's first motion for summary judgment pointed out that Shugart is no stranger to the courts. *See* Propet's Motion for Summary Judgment, p. 2, Docket No. 42  Because Propet's products are the subject of Shugart's shoe photos, Propet has an ongoing interest in not being entangled in third party claims based on any alleged representations or purported contracts Shugart makes in connection with the attempted transfer of his copyright to shoe pictures that display Propet products.

### 3. That Shugart be permanently enjoined from threatening Propet customers with copyright infringement relating to their use of Propet Photos (Propet's Amended Complaint, Prayer for Relief, ¶ E).

Shugart argues that he is entitled to assert his rights against suspected infringers of his copyright. This will not be true if Propet is found to have an implied license.

Bookstores purchase copyrighted books and sell them to consumers. So long as the copyright owner receives payment, the copyright owner does not have the right to pursue claims of copyright infringement against the bookstore's customers.

In *Effects Associates v. Cohen*, 743 F.2d 630, 636 (9th Cir. 1984), the 9th Circuit found that a low budget movie mogul had paid to use special effects footage in a move called "The Stuff." The 9th Circuit held: "The district court agreed with Cohen, and we agree with the district court: Oddo controls here. Like the plaintiff in Oddo, Effects created a work at defendant's request and handed it over, intending that defendant copy and distribute it." *Id.* Nothing in *Effects Associates* indicates that the copyright owner had the right to pursue claims against recipients of "The Stuff" or the movie theaters where it played.

Likewise, if Propet prevails, it is unlikely Shugart will have the right to bring copyright infringement claims against Propet's customers.

PROPET USA INC.'S OPPOSITION TO
DEFENDANT SHUGART'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S COMPLAINT
SEEKING INJUNCTIVE RELIEF - 5

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

CONCLUSION

Propet's claims for injunctive relief are dependent on Propet's claim that it is entitled to an implied license. Because Shugart has not moved for summary judgment regarding Propet's implied license, Shugart's motion seeking dismissal of Propet's claims for injunctive relief should be denied.

DATED this 9th of July, 2007.

VANTAGE LAW PLLC

*/s/ Bruce Kaser*
Bruce Kaser
WSB No. 13532

Attorneys for Plaintiff

James Phillips, WSB No. 13186
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101 – 2352
Direct: (206) 622 – 8484

PROPET USA INC.'S OPPOSITION TO
DEFENDANT SHUGART'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S COMPLAINT
SEEKING INJUNCTIVE RELIEF - 6

VANTAGE LAW PLLC
355 NW GILMAN BLVD, SUITE 203
ISSAQUAH, WA 98027
(425) 391-8741

1  I hereby certify that on this 9th day of July, 2007, I electronically filed PROPET USA INC.'S OPPOSITION TO DEFENDANT SHUGART'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFF'S COMPLAINT SEEKING INJUNCTIVE RELIEF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Philip P. Mann
MANN LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, Washington 98101
mannlaw@comcast.net
phil@mannlawgroup.com
eryn@mannlawgroup.com

Executed at Seattle, Washington, this 9th day of July, 2007

            *s/James L. Phillips, P.C.*
            WSB No. 13186
            Miller Nash LLP
            4400 Two Union Square
            601 Union Street
            Seattle, Washington 98101-2352
            Telephone: (206) 622-8484
            Fax: (206) 622-7485
            Email: james.phillips@millernash.com

            Attorneys for Plaintiff
            Propet USA, Inc.

Certificate of Service - 1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:284671.1