UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROPET USA, INC., | ) CASE NO. C06-0186-MAT |
| Plaintiff, | ) |
| v. | ) SECOND ORDER RE: MOTIONS |
| | ) FOR SUMMARY JUDGMENT |
| LLOYD SHUGART, | ) |
| Defendant. | ) |

INTRODUCTION AND BACKGROUND

This case involves a dispute between plaintiff Propet USA, Inc., a shoe company, and defendant Lloyd Shugart, a photographer, over photographic images taken by defendant of and/or related to plaintiff's products. For a number of years, working as an independent contractor, defendant created such images for use in plaintiff's promotional materials. During this time period, plaintiff paid defendant over $100,000.00 for his services. (*See* Dkt. 13, ¶ 9.)

At some point in mid-2005, plaintiff terminated its business relationship with defendant. At around that same time, defendant discovered and complained about alleged copyright infringement by plaintiff. (*See* Dkt. 43, Ex. B (defendant's deposition transcript) at 94-98, 118-19,

SECOND ORDER RE: MOTIONS
FOR SUMMARY JUDGMENT
PAGE -1

170-73.) Plaintiff subsequently commenced this case seeking declaratory and injunctive relief in anticipation of a copyright infringement suit by defendant. (Dkt. 7.) Defendant counterclaimed, asserting copyright infringement, violations of The Digital Millennium Copyright Act (DMCA), and "Stolen/Lost Photos[.]" (Dkt. 13.)

The Court previously found defendant entitled to judgment as a matter of law on the issue of his copyright ownership to the various photographic images that are the subject of this dispute. (*See* Dkt. 66.) (*See also* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.")) It clarified, however, that this finding did not establish defendant's right to a judgment with respect to his copyright infringement and related claims given plaintiff's assertion of an implied, nonexclusive license to utilize the photographic images at issue. At the same time, the Court concluded that genuine issues of material fact precluded a grant of summary judgment as to defendant's counterclaims based on plaintiff's asserted implied, nonexclusive license.

At the center of this factual dispute is a "film delivery memo" defendant contends accompanied all of his copyrighted images and expressly limited plaintiff's use of the images, including, among other terms, a two-year duration of the license to use the images, as well as a seal on all film delivery packages that asserted defendant's exclusive rights and indicated that plaintiff's use and license was subject to all terms of the film delivery memo. (*See* Dkt. 63 at ¶¶ 5, 8 and Ex. A and Dkt. 62, Ex. A.) Defendant also points to digital images delivered to plaintiff on CD, noting that the CD envelopes bore a seal, that his copyright was reflected on the face of every CD and upon downloading, and that each digital image contained an embedded copyright

SECOND ORDER RE: MOTIONS
FOR SUMMARY JUDGMENT
PAGE -2

image, meaning the copyright notice would show whenever an image was loaded onto a page or photo editing software. (Dkt. 63, ¶¶ 9-10.)

Plaintiff denied any knowledge of the film delivery memos or seals, noting that defendant produced only stand-alone copies,[1] and asserted that defendant's invoices and its own cancelled checks (*see* Dkt. 48, Ex. F) make up the sole evidence of contract and do not, in any way, reflect the imposition of any limits on the use of the photographs. However, defendant's former counsel attests to the fact that attorneys for plaintiff returned a box containing film negatives which had a broken seal and attaches a photograph of the box with the broken seal to his declaration. (Dkt. 62, ¶¶ 2-5 and Ex. A (the seal reads: "Notice: All file or images contained herein are the exclusive property of Lloyd Shugart, to which Lloyd Shugart retains and holds all rights under copyright laws. Client use and license is subject to all terms of the FILM DELEVERY [stet] MEMO. Terms shall be deemed accepted by Client as acknowledged by written approval and/or the use of the photographs provided by Photographer.")) Defendant further avers that, after a scanning company noticed the digital copyright image and an employee of plaintiff called for a "release" authorizing it to scan images, he advised the employee to use the film delivery memo as the release and that, upon picking up a box of the scanned images from plaintiff's offices, he found that the box contained a copy of the film delivery memo in an envelope from the scanning company, as well as several envelopes with broken seals. (*See* Dkt. 63, ¶¶ 12-13.)

---

[1] Defendant concedes he does not have a copy of each film delivery memo he allegedly sent with each invoice, explaining: "No. It was a standard invoice that I printed out, and I had a file of film delivery memos that every time I printed an invoice I grabbed the film delivery memo, stuck it in the envelope and mailed it." (Dkt. 47 at 161.)

SECOND ORDER RE: MOTIONS
FOR SUMMARY JUDGMENT
PAGE -3

Plaintiff alternatively argued, even assuming both that defendant delivered the film delivery memo to plaintiff and that plaintiff agreed to the terms of the memo simply by using the photographic images, that the memo's terms are unreasonable and unenforceable. It compared the memo as an attempt to bind it to contract terms in the same way consumers are bound by "shrink wrap" or "click wrap" agreements when purchasing software, noted that some courts have refused to enforce such agreements, and proffered a variety of reasons why defendant cannot enforce his film delivery memo like such an agreement, including the fact that this case does not involve a typical consumer transaction.

The Court questioned whether the case law proffered by plaintiff – involving software license agreements – was on point, noted the complication of the question by defendant's failure to offer any specific arguments in opposition and the possible prematurity of the arguments due to the fact that discovery had not been completed, and stated that, although not rejecting the possible viability of the arguments, the Court was unable to find plaintiff entitled to a judgment as a matter of law. The Court likewise found insufficient grounds for granting summary judgment based on plaintiff's remaining arguments, again noting the possible prematurity of the arguments given the ongoing discovery and the existence of apparent genuine issues of material fact.

The Court also addressed an argument raised by defendant with respect to the request for injunctive relief in plaintiff's complaint. In its amended complaint, plaintiff seeks injunctive relief: (1) prohibiting defendant from selling or offering for sale on e-bay any of the photographs subject to this suit; (2) prohibiting defendant from transferring any right, title, or interest in the photographs to third parties without advance written approval; and (3) prohibiting defendant from threatening plaintiff's customers with copyright infringement relating to their use of the

photographs. (*See* Dkt. 7 at 4.)  Defendant argued that, given his copyright ownership, these demands violate one or more of his rights under the Copyright Act.  *See* 17 U.S.C. § 106 ("Exclusive rights in copyrighted works.")  In response, plaintiff conceded that defendant has the right to sell or license his copyrighted works, but noted that it had not moved for summary judgment as to its own complaint and maintained its continued right of use.  The Court found that, while it did seem that plaintiff conceded that at least its first two requests for injunctive relief should be denied, as noted by plaintiff, the issue was not yet properly before the Court.

Now before the Court are two additional motions for summary judgment.  Defendant seeks partial summary judgment dismissing plaintiff's complaint seeking injunctive relief.  (Dkt. 74.)  Plaintiff seeks a ruling as to the existence of an implied nonexclusive license, unrestricted in scope, to use defendant's photographs during the regular course of advertising its shoes and in conveying the photographs to others who advertise its shoes and make substantially the same use of the photographs as plaintiff, and dismissal of defendant's counterclaims.  (Dkt. 75.)  The Court addresses each of these motions below.

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23.

Genuine issues of material fact that preclude summary judgment are "disputes over facts that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a summary judgment motion, the court must view all facts and inferences therefrom in the light most favorable to the nonmoving party. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (citing Fed. R. Civ. P. 56(e)).

A.   <u>Plaintiff's Motion for Summary Judgment</u>

In support of its second motion for summary judgment, plaintiff points to testimony of defendant attesting to the following: (1) that the only written instruments exchanged between the parties were defendant's invoices and the film delivery memo (Dkt. 32, ¶¶ 6-7); (2) that defendant delivered film to plaintiff in a sealed package that bore a notice indicating that plaintiff's use of the film was subject to the terms of the film delivery memo (Dkt. 43, Ex. B at 123-27); (3) that defendant mailed the film delivery memo to plaintiff with his invoice (*id.* at 127); and (4) that defendant has no evidence plaintiff acknowledged the terms of the film delivery memo in writing (*id.* at 71, 162). As argued previously, plaintiff contends that defendant conveyed a nonexclusive license to use the copyrighted works for their intended purpose. Plaintiff further argues that, even giving defendant the benefit of the doubt as to the facts surrounding the film delivery memo and seal, defendant fails to support his contention that the film delivery memo imposed additional terms on plaintiff as a binding contract.

A copyright holder may convey an implied license to use a product covered by copyright.

*See Effects Assoc. Inc. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990) (recognizing the "narrow exception" to 17 U.S.C. § 204's writing requirement through a "'nonexclusive license' that may be granted orally or implied by conduct"). "*Effects Associates* stands for the principle that a seller grants a buyer an implied license to use a product for the purpose for which the seller sold it to the buyer." *Foad Consulting Group v. Musil Govan Azzalino*, 270 F.3d 821, 827 n.10 (9th Cir. 2001).

However, when a license to use a copyrighted work is limited in scope, the licensee infringes the owner's copyright by using the licensed work outside the scope of the license. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989); *see also Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999) ("If . . . a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement.") Courts have recognized the existence of such limited licenses in cases involving photographs subject to time-based use constraints. *See*, *e.g.*, *Jarvis v. K2 Inc.*, 486 F.3d 526, 530 (9th Cir. 2007) (concluding, based on contract language, that the parties agreed photographic images could not be used after a certain time period) (citing 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 3.07[B] (2005) ("[I]f consent to use the underlying material is limited in time, then the owner of the derivative work may not exploit the underlying material beyond the time limit.")); *Greenfield v. Twin Vision Graphics, Inc.*, 268 F. Supp. 2d 358, 382-84 (D. N.J. 2003) (use of copyrighted photographs after expiration of license constituted copyright infringement).

Here, it is clear that plaintiff had a license to use defendant's copyrighted photographs to sell its products. However, the question remains as to whether that license was conditioned by the terms of the film delivery memo, which included, among other terms, a two-year limit on use.

SECOND ORDER RE: MOTIONS
FOR SUMMARY JUDGMENT
PAGE -7

Plaintiff argues that defendant bears the burden of proving that plaintiff expressly accepted the additional terms and conditions contained within the film delivery memo and fails to satisfy that burden. (*See* Dkt. 45, Ex. B at 38-39 (defendant attested in his deposition that evidence of plaintiff's acceptance of the terms of the film delivery memo consisted of the following: "They hired me to do the jobs. The initial printed material they marked with my copyright, continued to contract with me to produce images for years going on. . . . . Paid all the invoices. . . . Well, that's – provided the written copies – or, the printed pieces."))  Defendant maintains that plaintiff had knowledge, accepted, and is bound to the terms and conditions contained in the film delivery memo, pointing again to the evidence that plaintiff broke a seal on a box which referenced the film delivery memo and his contention that plaintiff returned a set of images with a copy of the memo. (*See* Dkt. 62, ¶¶ 2-5 and Ex. A and Dkt. 63, ¶¶ 12-13.)  He asserts that, at the least, plaintiff's state of mind concerning the memo and seal, and what it understood it could and could not do under its license, are material factual issues inappropriate for disposition by way of summary judgment.

As an initial matter, the Court notes that none of the evidence relied on by defendant demonstrates plaintiff explicitly assented to the film delivery memo's terms. Instead, defendant seeks to demonstrate plaintiff's assent through plaintiff's apparent knowledge of the film delivery memo and its conduct over a number of years.

At the same time, the Court finds plaintiff's contention that Washington law requires evidence of express assent in these circumstances insufficiently supported.[2] The one case relied

---

[2] Plaintiff asserts, and defendant does not dispute, that Washington law applies to contract terms involving copyright licenses. *See*, *e.g.*, *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 585 n. 2 (9th

SECOND ORDER RE: MOTIONS
FOR SUMMARY JUDGMENT
PAGE -8

on by plaintiff for this assertion, *Arizona Retail Sys. v. Software Link, Inc.*, 831 F. Supp. 759 (D. Arizona 1993), is of questionable application in light of *M. A. Mortenson Co. v. Timberline Software Corp.*, 93 Wash. App. 819, 970 P.2d 803 (Wash. Ct. App. 1999).  In the latter case, the Washington Court of Appeals distinguished a case relied on by the *Arizona Retail Sys.* court, and found a software purchaser's conduct in requesting that a program be installed and proceeding to use the software constituted assent to additional terms in a license agreement. *M. A. Mortenson Co.*, 93 Wn. App. at 833-834 (distinguishing *Step-Saver Data Systems, Inc. v. Wyse Tech.*, 939 F.2d 91 (3d Cir. 1991) and acknowledging *Arizona Retail Sys.*, 831 F. Supp. 759, as following *Step-Saver Data Systems, Inc.* in a factually similar case).[3]  *See also Puget Sound Fin. v. Unisearch*, 146 Wn.2d 428, 437, 47 P.3d 940 (2002) (stating that *M.A. Mortenson Co.*, 140 Wn.2d at 571, 584, "supports a conclusion that Unisearch's agreement with Factors could be

---

Cir. 1993) (assuming that California law governed the interpretation of the license agreement). The Court assumes for the purposes of this Order that Washington law applies.

[3] The continuing viability of *Step-Saver Data Systems, Inc.* and *Arizona Retail Sys.* has also elsewhere been called into question. *See*, *e.g.*, *I. Lan Sys. v. Netscout Serv. Level Corp.*, 183 F. Supp. 2d 328, 337 (D. Mass. 2002) )("*Step-Saver* once was the leading case on shrinkwrap agreements. Today that distinction goes to a case favoring NextPoint, *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996). The holding of *ProCD* is best summarized as follows: 'terms inside a box of software bind consumers who use the software after an opportunity to read the terms and to reject them by returning the product.'")  The Court additionally clarifies that the court in *Arizona Retail Sys.* first found that the contract governing an initial request for an evaluation diskette was formed only after the purchaser opened the shrink wrap, not when the goods were shipped, and that, accordingly, the purchaser accepted the offer on the seller's terms. 831 F. Supp. at 763-64. Plaintiff addresses only that court's second finding that, with respect to all subsequent purchases of the software, "[t]o the extent that the parties had entered into an agreement before [the purchaser] opened the shrink wrap package, the license agreement would constitute a proposal for modification of the agreement pursuant to section 2-209[]" and "[b]ecause section 2-209 requires assent to proposed modifications[,]" the "assent must be express and cannot be inferred merely from a party's conduct in continuing with the agreement." *Id*. at 764 (citing U.C.C. § 2-209).

SECOND ORDER RE: MOTIONS
FOR SUMMARY JUDGMENT
PAGE -9

interpreted as a 'layered' contract, which incorporates the search reports and sales invoices.")

The briefing on this issue by plaintiff was remarkable in its brevity and minimal citation to supporting law.[4] Nor did plaintiff take the opportunity to further address the Court's previously expressed concern as to the proper applicability of the case law involving software license agreements, which would include both *Arizona Retail Sys*. and *M.A. Mortenson Co.*, to this case. Therefore, the Court finds itself unable to decide the issues raised based, in significant part, on the insufficiency of the briefing.

While it may well remain that factual disputes will prohibit resolution of these issues on summary judgment,[5] the Court finds that further briefing on the issues and questions raised herein

---

[4] In the only other relevant case cited, plaintiff takes a quote related to RCW 62A.2-207(2) out of context. *See Eskay Plastics, Ltd. v. Chappell*, 34 Wash. App. 210, 214, 660 P.2d 764 (1983) (stating that RCW 62A.2-207(2) unambiguously provides that, when the parties are both merchants, additional terms in an acceptance become a part of the contract unless: "'(a) The offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.'"; holding that the burden of proving "the existence of these conditions rests on the party who will benefit therefrom, in [that] case," a purchaser who did not object and "did not produce evidence that his offer expressly limited acceptance to its terms or that the interest rate amounted to a material alteration of the contract," and who, thus, "failed in his burden of proof.") Further, although the parties have not addressed the issue, it would appear that RCW 62A.2-207(2) is not relevant to this case pursuant to RCW 62A.2-207(1) and in light of the plain language of the film delivery memo. *See* RCW 62A.2-207(1) ("A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, *unless acceptance is expressly made conditional on assent to the additional or different terms*.") (emphasis added) and Dkt. 63, Ex. A (the film delivery memo states: " *Grant of reproduction rights hereunder is conditioned upon Client's acceptance of each term set forth in this agreement*, including but not limited to, receipt of payment in full by Photographer and placing the required notice on each use of Photographer's work.") (emphasis added).

[5] In its motion, plaintiff notes defendant's admission that, unlike a shrink wrap agreement physically attached to a package, defendant separated the film delivery memo from the photographs. (*See* Dkt. 45, Ex. B at 36-37 (defendant stated in his deposition: "The film delivery

SECOND ORDER RE: MOTIONS
FOR SUMMARY JUDGMENT
PAGE -10

would be beneficial to the ultimate resolution of this case. Accordingly, the Court hereby requests that plaintiff submit a supplemental memorandum on or before **August 31, 2007** and that defendant submit a supplemental memorandum on or before **September 7, 2007**. In so doing, both parties should directly address all of the issues and questions discussed above and provide further guidance to the Court as to the appropriate case law and statutory provisions to apply. The Court will withhold ruling on plaintiff's motion for summary judgment pending completion of this supplemental briefing.

B.     <u>Defendant's Motion for Partial Summary Judgment</u>

In its amended complaint, plaintiff seeks declaratory injunctive relief: (1) prohibiting defendant from selling or offering for sale on e-bay any of the photographs subject to this suit; (2) prohibiting defendant from transferring any right, title, or interest in the photographs to third parties without advance written approval; and (3) prohibiting defendant from threatening plaintiff's customers with copyright infringement relating to their use of the photographs. (*See* Dkt. 7 at 4.) Defendant argues that, given his copyright ownership, these demands violate one or more of his rights under the Copyright Act. *See* 17 U.S.C. § 106 ("Exclusive rights in copyrighted works.") As reflected above, in previously addressing this issue, the Court found that, while it did seem that plaintiff conceded that at least its first two requests for injunctive relief should be denied based on defendant's right to sell or license his copyrighted works, the issue was not, at that point, properly before the Court. Defendant now puts the issue before the Court in his motion for partial

---

memo went with the invoice which was mailed directly to Propet, and the film went to Ken Johnson directly.")) Because the photographs were accompanied by a seal explicitly referencing the film delivery memo, this may be a non-issue. Moreover, if anything, this factor appears to add to defendant's contention as to the existence of a material factual dispute.

SECOND ORDER RE: MOTIONS
FOR SUMMARY JUDGMENT
PAGE -11

summary judgment seeking dismissal of plaintiff's injunctive relief claims.

The Court has already rendered a judgment as a matter of law on the issue of defendant's copyright ownership. (*See* Dkt. 66 at 3.) Rights attendant to that ownership include, but are not limited to, the rights to reproduce the copyrighted work, to prepare derivative works, and to distribute copies to the public by sale or other transfer of ownership. *See* 17 U.S.C. § 106.

In opposing defendant's motion, plaintiff raises concerns as to the possibility that, in using, selling, or transferring his rights with respect to the photographs at issue, defendant may engage in conduct disparaging to plaintiff. It asserts that defendant's conduct with respect to the photographs must be reasonable and not done in a way that interferes with plaintiff's ongoing rights to use its own trademarks and sell its own products, or otherwise interfere with plaintiff's goodwill. However, plaintiff fails to support its contention that these concerns as to potential future conduct of defendant gives rise to a basis for granting the injunctive relief requested. Instead, given defendant's undisputed copyright ownership, the Court finds no basis for granting plaintiff's first two requests for injunctive relief and finds defendant entitled to dismissal of these claims. *Cf. Effects Assoc. Inc.*, 908 F.2d at 559 (". . . Effects may license, sell or give away for nothing its remaining rights in the special effects footage. Those rights may not be particularly valuable, of course[.] . . . In any event, whatever Effects chooses to do with the footage, Cohen will have no basis for complaining.")

However, the Court does agree with plaintiff that resolution of its third request for injunctive relief is contingent on the resolution of plaintiff's motion for summary judgment. That is, should plaintiff prevail in establishing its continued license to use the photographs, this license may extend to plaintiff's customers. The parties have not briefed this issue and the Court is not

prepared to rule on plaintiff's summary judgment motion for the reasons described above. As such, the Court does not find defendant entitled to dismissal of plaintiff's third request for injunctive relief at this time.

## CONCLUSION

For the reasons described above, defendant's motion for partial summary judgment dismissing plaintiff's complaint seeking injunctive relief is GRANTED in part and DENIED in part, and the Court requires further briefing before ruling on plaintiff's motion for summary judgment. The parties shall submit the additional briefing in accordance with the directives and schedule outlined above.

DATED this 21st day of August, 2007.

Mary Alice Theiler
United States Magistrate Judge