Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROPET USA, INC.,

            Plaintiff,

    v.

LLOYD SHUGART,

            Defendant.

Case No. C06-0186 MAT

PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES AND JURISDICTION

       Propet USA, Inc. ("Propet") submits this supplemental brief at the request of the Court concerning issues relating to defendant Lloyd Shugart's ("Shugart") damages on his counterclaims (Counts I – III) and the Court's subject matter jurisdiction over Shugart's copyright counterclaims.

## I.    __DAMAGES__

A.    <u>Shugart's Counterclaim Count I – Copyright Infringement</u>

       Shugart has three theories for monetary remedies for copyright infringement under Count I of his counterclaims:

       1.    Shugart's actual damages.  If Shugart proves that Propet infringed any Shugart copyright, Shugart is entitled to his actual, provable damages.  17 U.S.C. § 504(a)(1).  According to *Nimmer on Copyright*, actual damages represent the extent to which a copyright

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:292337.1

1  infringement has injured or destroyed the market value of a copyrighted work. *See* 4 NIMMER ON

2  COPYRIGHT § 14.02[A], p. 14-13. Shugart's initial problem is that he has no evidence that his

3  copyrighted works have independent market value in the first place. Second, even if his works

4  have market value, he has failed to produce any evidence that indicates he has been injured or

5  lost market value.

6        Fed. R. Civ. P. 26(1)(C) required Shugart to provide Propet with a computation of

7  his alleged damages. He did not comply with the rule. Propet also requested a computation of

8  damages both informally and formally, but Shugart never produced it. Shugart could not identify

9  any computation of damages during his deposition. Now, for the first time, Shugart points to

10 paid business invoices as evidence of damage for copyright infringement. These invoices reflect

11 what Shugart was paid for rendering a routine service (i.e., Propet paid Shugart to create the

12 works at issue here) and not what Propet was willing to pay for the value of using Shugart's

13 alleged copyright on what are essentially fungible photographs. Shugart has no evidence that his

14 services or photographs are unique, nonfungible, and/or that the same kind of services are

15 unavailable from others. "Damages must be proved, and not just dreamed." *MindGames, Inc. v.*

16 *Western Pub. Co.,* 218 F.3d 652, 658 (7th Cir. 2000).

17       The absurd aspect to this case is that Shugart would have created no photographs

18 of Propet products unless Propet paid him to do it. Now, after having been paid once, Shugart is

19 trying to exploit a quirk in copyright law that treats independent contractors differently from

20 direct employees, even when the employer's expectation (that the employer owns the work) is the

21 same in both instances.

22       2.    Propet's profits. 17 U.S.C. § 504(a)(1) also entitles Shugart to "additional

23 profits of the infringer" if he proves copyright infringement. There are two types of profits:

24 direct and indirect. Shugart's demand to collect profits, in this instance, most likely means

25 "direct" profits. Propet did not make any money from any direct sales. In fact, there were no

26 sales of the photographs. Thus, Shugart has no evidence that Propet made money from the direct

PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES
AND JURISDICTION - 2
(C06-0186 MAT)

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:292337.1

1    sale or licensing or transfer of Shugart photographs to other parties, which means that Shugart

2    has no claim for "direct" profits.

3          It is rare, but possible, for a copyright owner to look to an infringer's "indirect"

4    profits. Lacking any provable actual damages or evidence of Propet's "direct" profits, it is

5    expected Shugart will adopt this unlikely theory of profit collection and claim that he is entitled

6    to the profits Propet made from selling shoes. In addition, it is expected Shugart will claim that

7    he only need establish Propet's top-of-the-line gross corporate revenue – which sets the amount

8    of Shugart's potential award at millions.

9          This theory of profit collection is misplaced and wrong. The 9th Circuit has

10    emphasized the need for a causal relationship between acts of infringement and indirect profits.

11    *Mackie v. Rieser*, 296 F.3d 909, 915 (9th Cir. 2002) (there must be a demonstration that the

12    infringing acts had an effect on profits). Indeed, the Model Ninth Circuit Jury Instructions

13    require such a connections. *See* Instruction 17.24 and commentary attached thereto. Shugart has

14    not produced and has no evidence that there are unique attributes to his copyrighted work that

15    created a causal relationship between Shugart's technical ownership of copyright and profits

16    made from Propet's shoe sales. *See also Polar Bear Productions, Inc. v. Timex Corp.* 384 F.3d

17    700, 711 fn.8 (9th Cir. 2004) ("Like us, our sister circuits have taken the statute's general

18    reference to 'gross revenue' to mean the gross revenue associated with the infringement, as

19    opposed to the infringer's overall gross sales resulting from all streams of revenue."). "When an

20    infringer's profits are only remotely and speculatively attributable to infringement, courts will

21    deny recovery to the copyright owner." 4 NIMMER ON COPYRIGHT § 14.03, 14-34.

22        3.    Statutory damages. Shugart's technical copyright in shoe photographs

23    apparently did not have sufficient value to him to justify filing for copyright registrations until

24    after this action commenced. According to 17 U.S.C. § 504(a)(2), Shugart is entitled to

25    "statutory damages" for copyright infringement, but only if the act of infringement commenced

26    after the effective date of Shugart's copyright registration(s). *See* 17 U.S.C. § 412(2).

PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES
AND JURISDICTION - 3
(C06-0186 MAT)

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:292337.1

1           Shugart admitted in pleadings that he informed Propet that Propet was infringing

2    Shugart's copyright prior to the time Propet commenced this action on February 7, 2006.  *See*

3    Shugart's Answer to Amended Complaint & CounterClaim, ¶ 3.  Dkt. No. 13.  The effective date

4    of Shugart's two copyright registrations (VA 1-349-168 and VA 1-349-169) is April 10, 2006,

5    two months after Propet initiated this action.  Dkt. No. 63.  As a consequence, there can be no

6    dispute that acts of infringement occurred before the effective date of Shugart's copyright

7    registrations and Shugart is *not* entitled to an award of statutory damages as a matter of law.

8           Shugart is expected to contend that continued use of Shugart photographs

9    following April 10, 2006 (the effective date of copyright registration) causes Shugart's right to

10   statutory damages to be reinstated.  This is wrong.  If the first act of alleged infringement for a

11   Shugart photograph "commenced" prior to copyright registration, then Shugart is not entitled to

12   statutory damages if a series of infringements involving the same photograph occurred after the

13   registration.  *See* 2 Nimmer on Copyright § 7.16[C][1], 7-179 to 7-184.

14       B.    <u>Shugart's Counterclaim Count II – Digital Millennium Copyright Act ("DMCA")</u>

15           Shugart's Counterclaim Count II alleges that Propet violated the DMCA.  As far

16   as Propet knows, Shugart's claim is based on the allegations set forth in his declaration (Dkt

17   No. 63) relating to his alleged delivery of CDs to Propet.  In his declaration, Shugart alleged that

18   every CD he delivered to Propet displayed a copyright notice indicating his ownership, when it

19   was loaded into a computer.  He also claimed that every underlying digital image had

20   "embedded" copyright information that caused Shugart's copyright notice to "show on the header

21   of the window" as digital images are loaded into photo editing software.  *Id.* at ¶¶ 9–10.  Shugart

22   appears to claim that this information qualifies as "copyright management information" as

23   defined in the DMCA, 17 U.S.C. § 1202(c).  According to 17 U.S.C. § 1202(b), Shugart's

24   copyright management information cannot be intentionally or knowingly removed or altered

25   from Shugart's digital files without his permission.

26

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:292337.1

1       In addition to not having paper copies of business records that support any of

2  Shugart's claims, Shugart's threshold problem with the DMCA claim is that he has produced no

3  digital files in this litigation that demonstrate he includes or embeds copyright management

4  information in his photographs.  He has not produced one piece of evidence that supports this

5  particular claim.

6       His second problem is that he has no evidence that Propet removed or altered

7  anything from the photographs Propet used, let alone did it knowingly or intentionally, which is

8  a requirement that Shugart needs to prove.  During the course of this litigation Shugart conducted

9  no discovery on his DMCA claim.  Moreover, until Propet recently identified them as a trial

10  exhibit in Propet's pretrial statement, Shugart refused to inspect photographs that were printed

11  from the digital files on Propet's computers.  It was known to Shugart's counsel that these

12  photographs have been available for inspection in the offices of Miller Nash since the Fall of

13  2006.

14       If Shugart meets his burden of proof, his remedies under the DMCA are as

15  follows:

16       1.    Shugart's actual damages.  17 U.S.C. § 1203(2) grants Shugart his actual

17  damages suffered because his "copyright management information" was removed or any profits

18  Propet made attributable to the removal of his "copyright management information."  Shugart

19  has no damage in this respect.

20       2.    Shugart's statutory damages under the DMCA.  17 U.S.C. § 1203(3) grants

21  Shugart the right to elect, at any time before judgment is entered, an award of statutory damages

22  for each violation of § 1202(b) the sum of not less than $2500 or more than $25,000.

23       3.    Innocent violations of the DMCA.  Under 17 U.S.C. § 1203(5), the Court

24  has the discretion to reduce or remit the award of damages should the Court find that Propet was

25  not aware and had no reason to believe that its acts constituted a violation of the DMCA.

26

PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES
AND JURISDICTION - 5
(C06-0186 MAT)

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

SEADOCS:292337.1

1    C.    Shugart's Counterclaim Count III – Lost or Stolen Photos

2        Shugart's proposed pretrial statement lists all of his allegedly infringed

3    photographs.  Therefore, there are not lost or stolen photos and therefore no damages.

4    **II.    COPYRIGHT REGISTRATIONS**

5        As indicated above, Shugart has two copyright registrations (VA 1-349-168 and

6    VA 1-349-169) .  These registrations were granted by the U.S. Copyright Office based on a filing

7    date of April 10, 2006.  On or about Tuesday, September 11, 2007 Shugart produced an

8    additional six applications for copyright registration that Shugart identified as Shugart's Trial

9    Exhibit 46 (copies attached at Exhibit A).

10        During the September 12, 2007, pretrial conference, Propet represented that

11    Shugart did not identify which photographs went with Shugart's two registrations and/or

12    Shugart's applications for registration.  Propet indicated that Shugart had not produced

13    photographs.  Propet also indicated to the Court that it did not have jurisdiction over Shugart's

14    copyright infringement claims relating to the six pending applications because they were

15    defective and had not issued as registrations prior to trial.  Shugart, on the other hand, indicated

16    that a lack of actual registrations did not matter because the pending applications complied with

17    the requirements of U.S. Copyright Office Circular 40 (copy attached as Exhibit B).  Under

18    either party's view, the Court lacks jurisdiction over Shugart's copyright infringement claims that

19    involve these alleged pending applications.

20        First, there is a split of authority concerning whether a copyright holder must have

21    an actual registration in hand (as opposed to a filed application) at the time a copyright action is

22    brought.  The 10th Circuit recently explained the split in terms of those who have adopted the

23    "Registration approach" and those who have adopted the "Application approach."  *See La*

24    *Resolana Architects, v. Clay Realtors*, 416 F.3d 1195, 1202–07 (10th Cir. 2005).

25        In *La Resolana Architects*, the 10th Circuit held that registration occurs when the

26    U.S. Copyright Office actually approves or rejects the application.  *Id.* at 1197.  Accordingly, the

PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES
AND JURISDICTION - 6
(C06-0186 MAT)

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

SEADOCS:292337.1

1    10th Circuit affirmed the lower court's dismissal of copyright claims because the copyright

2    holder's copyright registration had not yet been approved. *Id.* The *La Resolana Architects* court

3    also indicated that the 2nd and 11th Circuits follow the same, "Registration approach," but the 5th

4    Circuit followed the "Application approach" in an older, 1984 decision. *See La Resolana*

5    *Architects*, 416 F.3d at 1202-03; *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386-87

6    (5th Cir. 1984).

7        The "Application approach" cases do not help Shugart's cause. In *Apple Barrel*,

8    for example, the appeal was taken to the 5th Circuit following the denial of a plaintiff's motion

9    for preliminary injunction. There, the 5th Circuit noted that the plaintiff received a certificate of

10   registration following the preliminary injunction hearing. *Id.* at 387. *See also Lakedreams v.*

11   *Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991) (appeal from issuance of preliminary injunction);

12   *Foraste v. Brown University*, 248 F. Supp. 2d 71, 78 (D.R.I. 2003)(motion to dismiss amended

13   complaint denied – plaintiff may only seek equitable relief and not claim for damages until fully

14   registered); *International Kitchen Exhaust v. Power Washers*, 81 F. Supp. 2d 70, 72 (D.D.C.

15   2000) (court will hear claims on merits rather than dismiss so long as copyright application,

16   deposit, and fee paid before suit was filed).

17       In the jurisdictions that follow the "Registration approach," the registration

18   appears to be a prerequisite to the complaint. In the jurisdictions following the "Application

19   approach," it is clear that an action can be commenced upon filing of an application for

20   registration, but these cases are unclear concerning whether it is a requirement to have an issued

21   certificate of registration (or a communication from the Copyright Office concerning the

22   application) in hand by the time of trial. Unlike here, it seems likely that, in normal cases, the

23   copyright owner will have the registration process completed by the time of trial.

24       Even if this Court follows the "Application approach," Shugart has failed to

25   demonstrate the jurisdictional requirements common to these cases because he has produced only

26   unsigned copyright application forms with no evidence of fee payment or deposit of the work

PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES
AND JURISDICTION - 7
(C06-0186 MAT)

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

SEADOCS:292337.1

1   that accompanied the application. *See, e.g., Well-Made Toy Mfg. Corp. v. Goffa Intern. Corp.,*

2   210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002) (actual certification not necessary; copyright holder

3   may commence an action as soon as Copyright Office receives a proper application, fee and

4   deposit).

5          The 9th Circuit apparently has not addressed this issue but District courts in the 9th

6   Circuit have ruled on this issue.  District courts within the 9th Circuit have recognized that the

7   issuance of certificates of registration <u>are requirements for subject matter jurisdiction</u>. *See RDF*

8   *Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 562 (C.D. Cal. 2005) (attorney

9   declaration confirms he was advised by Copyright Office that copyright certificates had issued;

10  plaintiff's registrations therefore found to be effective).

11         Directly on point is Judge Lasnik's decision in *Corbis Corporation v.*

12  *Amazon.com, Inc.*, N.CV 03-1415L. (W.D. Wash. Sept. 2, 2005)(Order re Motion for Default

13  Judgments and Dismissal Without Prejudice).  Attached as Exhibit C.  There, Judge Lasnik

14  followed the "Registration approach" and held:

15             In its Order Regarding Summary Judgment Motions this Court
               held that it "does not have subject matter jurisdiction over an
16             infringement claim until the Copyright Office grants the
               registration application and issues a certificate of registration."
17             (Dkt. # 242 atp. 32). Although plaintiff has not addressed the issue
               of subject matter jurisdiction in its Motion, it is incumbent on
18             the Court to do so sua sponte.  See Watts v. Pinckney, 752 F.2d 406,
               409 (9th Cir. 1985) (if court lacks subject matter jurisdiction, any
19             default judgment it issued would be void).

20  *See id.*

21         This Court should follow Judge Lasnik's decision and find that it does not have

22  subject matter jurisdiction over Shugart's claims relating to the six allegedly "pending"

23  applications that Shugart produced to Propet on or about September 11, 2007.

24         Finally, with respect to Shugart's argument that he has effective copyright

25  registrations because he followed Circular 40 of the Copyright Office, it is clear that he *did not*

26  follow Circular 40.  Circular 40 requires copyright applications to be *signed in ink*.  About one

PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES
AND JURISDICTION - 8
(C06-0186 MAT)

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

SEADOCS:292337.1

1   and a half years after he filed his counterclaims, Shugart's copyright applications (which he

2   intends to use as trial exhibits) are blank and unsigned, and therefore do not meet the

3   requirements of Circular 40.

4                                   **III.     CONCLUSION**

5            Propet has filed a motion in limine asking the Court for an order excluding

6   Shugart from presenting evidence of damages at trial because Shugart has produced none prior to

7   trial.  Propet respectfully asks the Court to grant this motion.

8            DATED this 17th day of September, 2007.

9

10                                   */s/ Bruce A. Kaser*
                                     _____
11                                   Bruce A. Kaser
                                     WSB No. 13532
12                                   Vantage Law PLLC
                                     355 N.W. Gilman Blvd., Suite 203
13                                   Issaquah, Washington 98027
                                     bruce@vantagelaw.net
14                                   (425) 391-8741

15                                        Attorneys for Plaintiff
                                          Propet USA, Inc.

16

17

18

19

20

21

22

23

24

25

26

PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES
AND JURISDICTION - 9
(C06-0186 MAT)

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:292337.1

1    I hereby certify that on this 17th day of September, 2007, I electronically filed

2    PROPET USA, INC.'S SUPPLEMENTAL BRIEF RE DAMAGES AND JURISDICTION with

3    the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

4

5    Philip P. Mann          John Whitaker
    MANN LAW GROUP     WHITAKER LAW GROUP

6    1420 Fifth Avenue, Suite 2200    755 Winslow Way East, Suite 304
    Seattle, Washington  98101     Bainbridge Island,  WA  98110

7    (206) 274-5100           john@wlawgrp.com
    mannlaw@comcast.net      (206) 319-1575

8    phil@mannlawgroup.com
    eryn@mannlawgroup.com

9

10    Executed at Seattle, Washington, this 17th day of September, 2007.

11

12    *Sandra Stepper*
    Sandra Stepper, Legal Assistant
    MILLER NASH LLP

13

14    Attorneys for Plaintiff
    Propet USA, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

Certificate of Service - 1
(C06-0186 MAT)

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

SEADOCS:292271.1

# EXHIBIT A

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.



**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA                    VAU
EFFECTIVE DATE OF REGISTRATION

Month         Day         Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

Advertising Images/Photographs Studio 413 2000

NATURE OF THIS WORK ▼ See instructions

Pictorial

Previous or Alternative Titles ▼

Lloyd Shugart,  Studio413, Studio413.com

Publication as a Contribution  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

a

NAME OF AUTHOR ▼

Lloyd Shugart

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼
1957

Was this contribution to the work a "work made for hire"?
[ ] Yes
[✓] No

Author's Nationality or Domicile
Name of Country
OR { Citizen of    United States
     Domiciled in    USA

Was This Author's Contribution to the Work
Anonymous?    [ ] Yes  [✓] No
Pseudonymous?  [ ] Yes  [✓] No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship  Check appropriate box(es). See instructions
[ ] 3-Dimensional sculpture      [ ] Map              [ ] Technical drawing
[ ] 2-Dimensional artwork        [✓] Photograph       [ ] Text
[ ] Reproduction of work of art  [ ] Jewelry design   [ ] Architectural work

b

Name of Author ▼

Dates of Birth and Death
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   _____
     Domiciled in  _____

Was This Author's Contribution to the Work
Anonymous?    [ ] Yes  [ ] No
Pseudonymous?  [ ] Yes  [ ] No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship  Check appropriate box(es). See instructions
[ ] 3-Dimensional sculpture      [ ] Map              [ ] Technical drawing
[ ] 2-Dimensional artwork        [ ] Photograph       [ ] Text
[ ] Reproduction of work of art  [ ] Jewelry design   [ ] Architectural work

**3**

a  Year in Which Creation of This Work Was Completed
2005
This information must be given ONLY if this work Year in all cases.

b  Date and Nation of First Publication of This Particular Work
Complete this information    Month  Jan/Dec    Day _____    Year  2000
ONLY if this work
has been published.        United States                                Nation

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Lloyd Shugart
Studio413, 55 So. Atlantic St.
Seattle, Wa 98134

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

12

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

| EXAMINED BY | FORM VA |
|---|---|

CHECKED BY

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes." give: Previous Registration Number ▼                    Year of Registration ▼

**5**

---

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See instructions
before completing
this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

---

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Lloyd Shugart
Studio 413,55 So. Atlantic St.
Seattle. WA. 98134

b

Area code and daytime telephone number  ( 206 ) 467-4299          Fax number     (        )

Email  Studio413@qwest.net

---

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ {
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Lloyd Shugart                                          Date  4-2-06

Handwritten signature (X) ▼

X

---

| | |
|---|---|
| Certificate will be mailed in window envelope to this address: | Name ▼ Lloyd Shugart |
| | Number/Street/Apt ▼ Studio 413, 55 So. Atlantic St. |
| | City/State/ZIP ▼ Seattle, WA. 98134 |

13

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ♻ Printed on recycled paper          U.S. Government Printing Office: 2003-496-605/60,029



Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA · VAU

EFFECTIVE DATE OF REGISTRATION

Month — Day — Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

Advertising Images/Photographs Studio 413 2001

NATURE OF THIS WORK ▼ See instructions

Pictorial

Previous or Alternative Titles ▼

Lloyd Shugart, Studio413, Studio413.com

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

a

NAME OF AUTHOR ▼

Lloyd Shugart

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼
1957

Was this contribution to the work a "work made for hire"?
[ ] Yes
[✓] No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ___ United States
     Domiciled in ___ USA

Was This Author's Contribution to the Work
Anonymous?    [ ] Yes  [✓] No
Pseudonymous?  [ ] Yes  [✓] No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
[ ] 3-Dimensional sculpture    [ ] Map              [ ] Technical drawing
[ ] 2-Dimensional artwork      [✓] Photograph       [ ] Text
[ ] Reproduction of work of art [ ] Jewelry design  [ ] Architectural work

b

Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ___
     Domiciled in ___

Was This Author's Contribution to the Work
Anonymous?    [ ] Yes  [ ] No
Pseudonymous?  [ ] Yes  [ ] No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
[ ] 3-Dimensional sculpture    [ ] Map              [ ] Technical drawing
[ ] 2-Dimensional artwork      [ ] Photograph       [ ] Text
[ ] Reproduction of work of art [ ] Jewelry design  [ ] Architectural work

**3**

a Year in Which Creation of This Work Was Completed
2005
◄ Year in all cases.

This information must be given

b Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month Jan/Dec    Day ___    Year 2001
United States    Nation

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Lloyd Shugart
Studio413, 55 So. Atlantic St.
Seattle, Wa 98134

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

14

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | FORM VA |
|---|---|
| CHECKED BY | |
| ☐ CORRESPONDENCE<br>Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes." why is another registration being sought? (Check appropriate box.) ▼

**5**

a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work. as shown by space 6 on this application.

If your answer is "Yes." give: **Previous Registration Number** ▼          **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief. general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                    **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

b

Lloyd Shugart
Studio 413,55 So. Atlantic St.
Seattle. WA. 98134

Area code and daytime telephone number  ( 206 ) 467-4299                    Fax number  (    )

Email   Studio413@qwest.net

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

**8**

check only one ▶ {
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of
}
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Lloyd Shugart                                        Date   4-2-06

Handwritten signature (X) ▼

X

| | | |
|---|---|---|
| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address: | **Name** ▼<br>Lloyd Shugart | **YOU MUST:**<br>• Complete all necessary spaces<br>• Sign your application in space 8 | **9** |
| | **Number/Street/Apt** ▼<br>Studio 413, 55 So. Atlantic St. | **SEND ALL 3 ELEMENTS<br>IN THE SAME PACKAGE:**<br>1. Application form<br>2. Nonrefundable filing fee in check or money<br>order payable to *Register of Copyrights*<br>3. Deposit material | Fees are subject to<br>change. For current<br>fees, check the<br>Copyright Office<br>website at<br>www.copyright.gov, |
| | **City/State/ZIP** ▼<br>Seattle, WA. 98134 | **MAIL TO:**<br>Library of Congress<br>Copyright Office<br>101 Independence Avenue, S.E.<br>Washington, D.C. 20559-6000 | write the Copyright<br>Office, or call<br>(202) 707-3000. |

15

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ⊕ Printed on recycled paper          U.S. Government Printing Office: 2003-496-605/60,029

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____    VAU _____

EFFECTIVE DATE OF REGISTRATION

_____

Month           Day           Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**Title of This Work ▼**

Advertising Images/Photographs Studio 413 2002

**NATURE OF THIS WORK ▼** See instructions

Pictorial

**Previous or Alternative Titles ▼**

Lloyd Shugart,  Studio413, Studio413.com

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼           Number ▼           Issue Date ▼           On Pages ▼

---

## 2

**NAME OF AUTHOR ▼**

Lloyd Shugart

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼
1957

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___ United States
     Domiciled in ___ USA

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☑ No
Pseudonymous?   ☐ Yes   ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☑ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___
     Domiciled in ___

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

## 3

**a** Year in Which Creation of This Work Was Completed
2005
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month Jan/Dec   Day ___   Year 2002
United States                                         Nation

---

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Lloyd Shugart
Studio413, 55 So. Atlantic St.
Seattle, Wa 98134

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

16

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | | FORM VA |
|---|---|---|

| CHECKED BY | |

| ☐ | CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes   ☒ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

a

b

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                   Account Number ▼

**7**

a

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Lloyd Shugart
Studio 413,55 So. Atlantic St.
Seattle, WA. 98134

Area code and daytime telephone number   ( 206 ) 467-4299          Fax number   (     )

Email   Studio413@qwest.net

b

**CERTIFICATION\***  I, the undersigned, hereby certify that I am the

check only one ▶ {
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Lloyd Shugart                                          Date    4-2-06

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address: | Name ▼ Lloyd Shugart | YOU MUST: • Complete all necessary spaces • Sign your application in space 8 | **9** |
| | Number/Street/Apt ▼ Studio 413, 55 So. Atlantic St. | SEND ALL 3 ELEMENTS IN THE SAME PACKAGE: 1. Application form 2. Nonrefundable filing fee in check or money order payable to Register of Copyrights 3. Deposit material | |
| | City/State/ZIP ▼ Seattle, WA. 98134 | MAIL TO: Library of Congress Copyright Office 101 Independence Avenue, S.E. Washington, D.C. 20559-6000 | |

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

17

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ♻ Printed on recycled paper          U.S. Government Printing Office: 2003-496-605/60,029

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____ VAU _____

EFFECTIVE DATE OF REGISTRATION

_____

Month _____ Day _____ Year _____

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

Advertising Images/Photographs Studio 413 2003

NATURE OF THIS WORK ▼ See instructions

Pictorial

Previous or Alternative Titles ▼

Lloyd Shugart,  Studio413, Studio413.com

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

---

**2**

NAME OF AUTHOR ▼

Lloyd Shugart

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼
1957

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  United States
     { Domiciled in  USA

Was This Author's Contribution to the Work
Anonymous?      ☐ Yes  ☒ No
Pseudonymous?   ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture        ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork          ☒ Photograph       ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design   ☐ Architectural work

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Name of Author ▼

Dates of Birth and Death
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  _____
     { Domiciled in  _____

Was This Author's Contribution to the Work
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate boxes. See instructions
☐ 3-Dimensional sculpture        ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork          ☐ Photograph       ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design   ☐ Architectural work

---

**3** a

Year in Which Creation of This Work Was Completed
2005
This information must be given Year in all cases.

Date and Nation of First Publication of This Particular Work
Complete this information Month Jan/Dec  Day _____  Year 2003
ONLY if this work
has been published.  United States                                Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Lloyd Shugart
Studio413, 55 So. Atlantic St.
Seattle, Wa  98134

See instructions before completing this space.

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE OFFICE USE ONLY

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

18

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.          • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ____ pages

| EXAMINED BY | FORM VA |
|---|---|
| CHECKED BY | |

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work. as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief. general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Lloyd Shugart
Studio 413,55 So. Atlantic St.
Seattle. WA. 98134

Area code and daytime telephone number  ( 206 ) 467-4299          Fax number  (    )

Email  Studio413@qwest.net

**7**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one {
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Lloyd Shugart          Date  4-2-06

Handwritten signature (X) ▼

X

**CERTIFICATION**

Certificate
will be
mailed in
window
envelope
to this
address:

| Name ▼ |
|---|
| Lloyd Shugart |
| Number/Street/Apt ▼ |
| Studio 413, 55 So. Atlantic St. |
| City/State/ZIP ▼ |
| Seattle, WA. 98134 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to
change. For current
fees, check the
Copyright Office
website at
*www.copyright.gov*,
write the Copyright
Office, or call
(202) 707-3000.

**9**

19

\*17 U.S.C. § 505(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000    Web Rev: June 2002    ⊕ Printed on recycled paper          U.S. Government Printing Office: 2003-496-605/60,029

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____ VAU _____

EFFECTIVE DATE OF REGISTRATION

_____

Month _____ Day _____ Year _____

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

Advertising Images/Photographs Studio 413 2004

NATURE OF THIS WORK ▼ See instructions

Pictorial

Previous or Alternative Titles ▼

Lloyd Shugart,  Studio413, Studio413.com

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ _____ Number ▼ _____ Issue Date ▼ _____ On Pages ▼ _____

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a** NAME OF AUTHOR ▼

Lloyd Shugart

DATES OF BIRTH AND DEATH
Year Born ▼ 1957    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   United States
     Domiciled in   USA

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes ☑ No
Pseudonymous?   ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☑ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   _____
     Domiciled in   _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed   2005
This information must be given Year in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month   Jan/Dec    Day _____ Year   2004
United States    Nation

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Lloyd Shugart
Studio413, 55 So. Atlantic St.
Seattle, Wa  98134

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

| EXAMINED BY | FORM VA |
|---|---|
| CHECKED BY | |
| ☐ CORRESPONDENCE<br>Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

a

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                    Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Lloyd Shugart
Studio 413,55 So. Atlantic St.
Seattle, WA. 98134

Area code and daytime telephone number  ( 206 ) 467-4299          Fax number  (    )

Email   Studio413@qwest.net

b

**CERTIFICATION** I, the undersigned, hereby certify that I am the

check only one ▶ {
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
}

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Lloyd Shugart                                    Date  4-2-06

Handwritten signature (X) ▼

X

**8**

| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address: | Name ▼<br>Lloyd Shugart |
|---|---|
| | Number/Street/Apt ▼<br>Studio 413, 55 So. Atlantic St. |
| | City/State/ZIP ▼<br>Seattle, WA. 98134 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, or call (202) 707-3000.

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ⟳ Printed on recycled paper          U.S. Government Printing Office: 2003-496-605/60,029

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____ VAU _____

EFFECTIVE DATE OF REGISTRATION

_____

Month _____ Day _____ Year _____

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

Advertising Images/Photographs Studio 413 2005

NATURE OF THIS WORK ▼ See instructions

Pictorial

Previous or Alternative Titles ▼

Lloyd Shugart,  Studio413, Studio413.com

Publication as a Contribution  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ _____ Number ▼ _____ Issue Date ▼ _____ On Pages ▼ _____

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NAME OF AUTHOR ▼

Lloyd Shugart

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼
1957

Was this contribution to the work a "work made for hire"?
[ ] Yes
[✓] No

Author's Nationality or Domicile
Name of Country
OR { Citizen of    United States
    { Domiciled in   USA

Was This Author's Contribution to the Work
Anonymous?        [ ] Yes  [✓] No
Pseudonymous?     [ ] Yes  [✓] No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship  Check appropriate box(es). **See instructions**
[ ] 3-Dimensional sculpture      [ ] Map              [ ] Technical drawing
[ ] 2-Dimensional artwork        [✓] Photograph       [ ] Text
[ ] Reproduction of work of art  [ ] Jewelry design   [ ] Architectural work

Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

Author's Nationality or Domicile
Name of Country
OR { Citizen of    _____
    { Domiciled in   _____

Was This Author's Contribution to the Work
Anonymous?        [ ] Yes  [ ] No
Pseudonymous?     [ ] Yes  [ ] No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship  Check appropriate box(es). **See instructions**
[ ] 3-Dimensional sculpture      [ ] Map              [ ] Technical drawing
[ ] 2-Dimensional artwork        [ ] Photograph       [ ] Text
[ ] Reproduction of work of art  [ ] Jewelry design   [ ] Architectural work

**3**

a   Year in Which Creation of This Work Was Completed
2005
This information must be given
Year in all cases.

b   Date and Nation of First Publication of This Particular Work
Complete this information Month  Jan/Dec  Day _____ Year  2005
ONLY if this work has been published.
United States                                          Nation

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Lloyd Shugart
Studio413, 55 So. Atlantic St.
Seattle, Wa 98134

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.     • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

| EXAMINED BY | | FORM VA |
| --- | --- | --- |
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Lloyd Shugart
Studio 413, 55 So. Atlantic St.
Seattle. WA. 98134

Area code and daytime telephone number  ( 206 ) 467-4299          Fax number  (   )

Email  Studio413@qwest.net

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ {
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
}

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Lloyd Shugart          Date  4-2-06

Handwritten signature (X) ▼

X _____

| Certificate will be mailed in window envelope to this address: | Name ▼ Lloyd Shugart | YOU MUST: • Complete all necessary spaces • Sign your application in space 8 |
| --- | --- | --- |
| | Number/Street/Apt ▼ Studio 413, 55 So. Atlantic St. | SEND ALL 3 ELEMENTS IN THE SAME PACKAGE: 1. Application form 2. Nonrefundable filing fee in check or money order payable to Register of Copyrights 3. Deposit material |
| | City/State/ZIP ▼ Seattle, WA. 98134 | MAIL TO: Library of Congress Copyright Office 101 Independence Avenue, S.E. Washington, D.C. 20559-6000 |

**9**

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# EXHIBIT B

24



**©opyright**
United States Copyright Office

# Copyright Registration for Works of the Visual Arts

### General Information

Copyright is a form of protection provided by the laws of the United States to the authors of "original works of authorship," including "pictorial, graphic, and sculptural works." The owner of copyright in a work has the exclusive right to make copies, to prepare derivative works, to sell or distribute copies, and to display the work publicly. Anyone else wishing to use the work in these ways must have the permission of the author or someone who has derived rights through the author.

### Copyright Protection Is Automatic

Under the present copyright law, which became effective Jan. 1, 1978, a work is automatically protected by copyright when it is created. A work is created when it is "fixed" in a copy or phonorecord for the first time. Neither registration in the Copyright Office nor publication is required for copyright protection under the present law.

### Advantages to Copyright Registration

There are, however, certain advantages to registration, including the establishment of a public record of the copyright claim. Copyright registration must generally be made before an infringement suit may be brought. Timely registration may also provide a broader range of remedies in an infringement suit.

### Copyright Notice

Before March 1, 1989, the use of a copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works first published on or after March 1, 1989, use of the copyright notice is optional. For more information about copyright notice, request Circular 3, *Copyright Notice*.

© 40.0104

## Publication

The copyright law defines "publication" as: the distribution of copies of a work to the public by sale or other transfer of ownership or by rental, lease, or lending. Offering to distribute copies to a group of persons for purposes of further distribution or public display also constitutes publication. A public display does not of itself constitute publication.

A work of art that exists in only one copy, such as a painting or statue, is not regarded as published when the single existing copy is sold or offered for sale in the traditional way, for example, through an art dealer, gallery, or auction house. A statue erected in a public place is not necessarily published.

When the work is reproduced in multiple copies, such as reproductions of a painting or castings of a statue, the work is published when the reproductions are publicly distributed or offered to a group for further distribution or public display.

Publication is an important concept in copyright because, among other reasons, whether a work is published or not may affect the number of copies and the type of material that must be deposited when registering the work. In addition, some works published in the United States become subject to mandatory deposit in the Library of Congress. These requirements are explained elsewhere in this circular.

## Works of the Visual Arts

Copyright protects original "pictorial, graphic, and sculptural works," which include two-dimensional and three-dimensional works of fine, graphic, and applied art. The following is a list of examples of such works:[1]

- Advertisements, commercial prints, labels
- Artificial flowers and plants
- Artwork applied to clothing or to other useful articles
- Bumper stickers, decals, stickers
- Cartographic works, such as maps, globes, relief models
- Cartoons, comic strips
- Collages
- Dolls, toys
- Drawings, paintings, murals
- Enamel works
- Fabric, floor, and wallcovering designs
- Games, puzzles
- Greeting cards, postcards, stationery
- Holograms, computer and laser artwork
- Jewelry designs

- Models
- Mosaics
- Needlework and craft kits
- Original prints, such as engravings, etchings, serigraphs, silk screen prints, woodblock prints
- Patterns for sewing, knitting, crochet, needlework
- Photographs, photomontages
- Posters
- Record jacket artwork or photography
- Relief and intaglio prints
- Reproductions, such as lithographs, collotypes
- Sculpture, such as carvings, ceramics, figurines, maquettes, molds, relief sculptures
- Stained glass designs
- Stencils, cut-outs
- Technical drawings, architectural drawings or plans, blueprints, diagrams, mechanical drawings
- Weaving designs, lace designs, tapestries

Copyright protection for an original work of authorship does not extend to the following:

- Ideas, concepts, discoveries, principles
- Formulas, processes, systems, methods, procedures
- Words and short phrases, such as names, titles, and slogans
- Familiar symbols or designs
- Mere variations of typographic ornamentation, lettering, or coloring

## Useful Articles

A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. Examples are clothing, furniture, machinery, dinnerware, and lighting fixtures. An article that is normally part of a useful article may itself be a useful article, for example, an ornamental wheel cover on a vehicle.

Copyright does not protect the mechanical or utilitarian aspects of such works of craftsmanship. It may, however, protect any pictorial, graphic, or sculptural authorship that can be identified separately from the utilitarian aspects of an object. Thus, a useful article may have both copyrightable and uncopyrightable features. For example, a carving on the back of a chair or a floral relief design on silver flatware could be protected by copyright, but the design of the chair or flatware itself could not.

Some designs of useful articles may qualify for protection under the federal patent law. For further information, contact the Patent and Trademark Office at Commissioner of Patents and Trademarks, Washington, D.C. 20231 or via the Internet at *www.uspto.gov*. The telephone number is (800) 786-9199 and the TTY number is (703) 305-7785. The automated information line is (703) 308-4357.

Copyright in a work that portrays a useful article extends only to the artistic expression of the author of the pictorial, graphic, or sculptural work. It does not extend to the design of the article that is portrayed. For example, a drawing or photograph of an automobile or a dress design may be copyrighted, but that does not give the artist or photographer the exclusive right to make automobiles or dresses of the same design.

## Registration Procedures

If you choose to register a claim in your work, package together the following materials in the same envelope:

1  A properly completed application form

2  A nonreturnable deposit of the work to be registered, and

3  A nonrefundable filing fee of $30* in the form of a check or money order payable to the *Register of Copyrights* with each application

*NOTE: Copyright Office fees are subject to change. For current fees, please check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707 3000.

Send the items to:

*Library of Congress*
*Copyright Office*
*101 Independence Avenue, S.E.*
*Washington, D.C. 20559-6000*

### Application Form

Form VA is the appropriate form for registration of a work of the visual arts. The form should be completed legibly with black ink or type. Do not use pencil or send a carbon copy. All pertinent information should be given on the basic application form.

If you photocopy our forms, be sure that they are legible and printed head-to-head so that when you turn the sheet over, the top of page 2 is directly behind the top of page 1. Do not send two-page photocopies. The application must bear an original signature in ink. A continuation sheet supplied by the Copyright Office should be used only when all necessary information cannot be recorded on the basic form. No other attachments will be accepted. For information on ordering application forms and circulars, see "For Further Information" on page 5 of this circular.

## Deposit Requirements

Circular 40A, *Deposit Requirements for Registration of Claims to Copyright in Visual Arts Material*, provides a basic guide about material that should be sent when registering a claim. Circular 40A also defines basic terms such as "complete copy," "best edition," and "identifying material." The following is a general outline of the deposit requirements:

### Two-Dimensional Works

If unpublished, send one complete copy or identifying material.

If first published in the United States *on or after Jan. 1, 1978*, generally send two complete copies of the best edition.

If first published in the United States *before Jan. 1, 1978*, send two complete copies of the best edition as first published. Where identifying material is permitted or required, the identifying material must represent the work as first published.

If first published outside the United States *before March 1, 1989*, send one complete copy of the work as first published. Where identifying material is permitted or required, the identifying material must represent the work as first published.

If first published outside the United States *after March 1, 1989*, send one complete copy of either the first published edition or the best edition of the work.

### Three-Dimensional Works and Two-Dimensional Works Applied to Three-Dimensional Objects

For published and unpublished works, send identifying material, such as photographs. *Do not* send the three-dimensional work.

### Special Provisions

For some works first published in the United States, only *one copy* is required instead of two. These include:

· Greeting cards, picture postcards, stationery, business cards

· Games

· Pictorial matter or text on a box or container (where the contents of the container are not claimed)

- Contributions to collective works. The deposit may be either one complete copy of the best edition of the entire collective work, the complete section containing the contribution, the contribution cut from the collective work in which it appeared, or a photocopy of the contribution itself as it was published in the collective work.

For some works, identifying material is permitted, not required. For example, either identifying material or actual copies may be deposited for some unpublished works and for limited editions of posters or prints with certain qualifying conditions.

For all works that exceed 96 inches in any dimension, identifying material is required.

For additional information on what is permitted or required for registration of certain kinds of visual arts works, see the *Code of Federal Regulations*, sections 202.19, 20, and 21, which contains the deposit regulations of the Copyright Office (*www.copyright.gov/title37/202/37cfr202-19.html*).

Deposits cannot be returned.

## Registration for Two or More Works with One Application and Fee

Two or more individual works may be registered with one application and fee as follows:

### Unpublished Works

A group of unpublished works may be registered as a collection if *all* the following conditions are met.

- The elements of the collection are assembled in an orderly form.
- The combined elements bear a single title identifying the collection as a whole.
- The copyright claimant or claimants for each element in the collection are the same.
- All the elements are by the same author, or if they are by different authors, at least one author has contributed copyrightable authorship to each element.

NOTE: Works registered as an unpublished collection will be listed in the records of the Copyright Office only under the collection title.

### Published Works

All copyrightable elements that are included in a single unit of publication and in which the copyright claimant is the same may be considered a single work for registration pur-

poses. An example is a game consisting of playing pieces, a game board, and game instructions.

### Group Registration of Contributions to Periodicals

A single registration may be made for a group of contributions to periodicals if *all* the following conditions are met.

- All the works have the same copyright claimant.
- All the works are by the same author.
- The author of each work is an individual, not an employer or other person for whom the work was made for hire.
- Each work was first published as a contribution to a periodical (including newspapers) within a 12-month period.
- The application identifies each contribution separately, including the periodical containing it and the date of its first publication.

In addition to the above conditions, if first published before March 1, 1989, a contribution as first published must have borne a separate copyright notice, and the name of the owner of copyright in the work (or an abbreviation or alternative designation of the owner) must have been the same in each notice.

Such contributions are registered on Form VA accompanied by Form GR/CP (group registration of contributions to periodicals). Examples of works eligible for such a group registration include cartoon strips, newspaper columns, horoscopes, photographs, drawings, and illustrations.

### No Blanket Protection

Registration covers only the particular work deposited for the registration. It does not give any sort of "blanket" protection to other works in the same series. For example, registration of a single cartoon or comic strip drawing does not cover any earlier or later drawings. Each copyrightable version or issue must be registered to gain the advantages of registration for the new material it contains. However, under the conditions described above under "Published Works" and "Group Registration of Contributions to Periodicals," certain group registrations may be made with one application and fee.

## Mandatory Deposit for Works Published in the United States

Although a copyright registration is not required, the 1976 Copyright Act establishes a mandatory deposit requirement for works published in the United States. In general, the owner of copyright or the owner of the exclusive right of publication in the work has a legal obligation to deposit in

the Copyright Office within 3 months of publication in the United States *two* complete copies or phonorecords of the best edition. It is the responsibility of the owner of copyright or the owner of the right of first publication in the work to fulfill this mandatory deposit requirement. Failure to make the deposit can result in fines and other penalties but does not affect copyright protection.

Some categories of pictorial, graphic, and sculptural works are exempt from this requirement, and the obligation is reduced for other categories. The following works are *exempt* from the mandatory deposit requirement:

- Scientific and technical drawings and models
- Greeting cards, picture postcards, and stationery
- Three dimensional sculptural works, except for globes, relief models, and similar cartographic works
- Works published only as reproduced in or on jewelry, toys, games, textiles, packaging material, and any useful article
- Advertising material published in connection with articles of merchandise, works of authorship, or services
- Works first published as individual contributions to collective works (but not the collective work as a whole)
- Works first published outside the United States and later published without change in the United States, under certain conditions (*see* CFR 202.19, 20, and 21 *www.copyright.gov/title37/202/37cfr202-19.html*)

Copies deposited for the Library of Congress under the mandatory deposit provision may also be used to register the claim to copyright but only if they are accompanied by the prescribed application and fee for registration. For further information about mandatory deposit, request Circular 7D, *Mandatory Deposit of Copies or Phonorecords for the Library of Congress.*

## Effective Date of Registration

*A copyright registration is effective on the date the Copyright Office receives all the required elements in acceptable form,* regardless of how long it then takes to process the application and mail the certificate of registration. The time the Copyright Office requires to process an application varies, depending on the amount of material the Office is receiving.

If you apply for copyright registration, you will not receive an acknowledgment that your application has been received (the Office receives more than 600,000 applications annually), but you can expect

- A letter or a telephone call from a Copyright Office staff member if further information is needed or
- A certificate of registration indicating that the work has been registered, or if the application cannot be accepted, a letter explaining why it has been rejected.

If you want to know the date that the Copyright Office receives your material, send it by registered or certified mail and request a return receipt.

## Moral Rights for Visual Artists

For certain one-of-a-kind visual art and numbered limited editions of 200 or fewer copies, authors are accorded rights of attribution and integrity. The right of attribution ensures that artists are correctly identified with the works of art they create and that they are not identified with works created by others. The right of integrity allows artists to protect their works against modifications and destructions that are prejudicial to the artists' honor or reputation. These rights may not be transferred by the author, but they may be waived in a written instrument. Transfer of the physical copy of a work of visual art or of the copyright does not affect the moral rights accorded to the author.

For works of visual art incorporated in a building, special rules apply. If the owner of a building desires to remove such a work from the building and removal is possible without destruction, the owner is required to accord the author the opportunity to make the removal himself. A registry is established within the Copyright Office to record information relevant to this obligation. Both owners of buildings and authors of visual art incorporated in buildings may record statements in the registry. For further information, see Visual Arts Registry, (37 CFR 201.25) at *www.copyright.gov/title37/201/37cfr201-25.html.*

## For Further Information

### Information via the Internet

Frequently requested circulars, announcements, regulations, other related materials, and all copyright application forms are available via the Internet. You may access these from the Copyright Office website at *www.copyright.gov.*

### Information by fax

Circulars and other information (but not application forms) are available by using a touchtone phone to access Fax-on-Demand at (202) 707-2600.

### Information by telephone

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. The TTY number is (202) 707-6737. Information specialists are on duty from 8:30 a.m. to 5:00 p.m., eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and circulars you want, request them 24 hours a day from the Forms and Publications Hotline at (202) 707-9100. Leave a recorded message.

### Information by regular mail

Write to:
  Library of Congress
  Copyright Office
  Publications Section, LM-455
  101 Independence Avenue, S.E.
  Washington, D.C. 20559-6000

### Endnote

1. Copyright protection extends to the design of a building created for the use of human beings. Architectural works created on or after Dec. 1, 1990, or that on Dec. 1, 1990, were either unconstructed or embodied only in unpublished plans or drawings are eligible. For registration of architectural works, use Form VA. Request Circular 41, *Copyright Claims in Architectural Works*, for more information.

**U.S. Copyright Office · The Library of Congress · 101 Independence Avenue, SE · Washington, DC 20559-6000 · www.copyright.gov**

CIRCULAR 40   PRINT REV: 01/2004—30,000   WEB REV: 01/2004   Printed on recycled paper          U.S. GOVERNMENT PRINTING OFFICE: 2004-304-447/60,075

30

| ID |
| --- |
| 2622 |
| **Products** |
| Regulations & Guidance |
| HIPAA Adminstrative Simplification |
| Education Materials |
| **Date Created** |
| 01/23/2004 04:40 PM |
| **Last Updated** |
| 07/17/2007 01:31 PM |

## Is a health care provider required to obtain a National Provider Identifier (NPI)?

**Feedback**
Is a health care provider required to obtain an NPI?

**Answer**
Yes. Under the NPI Final Rule (69 FR 3434), a health care provider who is a covered entity under HIPAA is required to obtain an NPI and to use it to identify itself as a health care provider in HIPAA transactions no later than May 23, 2007. Small health plans must use the NPI no later than May 23, 2008. A health care provider is a covered entity if it transmits any health information in electronic form in connection with a transaction for which the Secretary has adopted a standard. For example, any health care provider (individual or organization) who sends electronic health care claims to a health plan(s),is a covered provider and must obtain an NPI. Health care providers who are not covered providers may elect to apply for NPIs, but are not required to do so. For the latest information regarding NPI issues for health care providers, visit this website: www.cms.hhs.gov/NationalProvIdentStand/

# EXHIBIT C

# Loislaw Federal District Court Opinions

CORBIS CORPORATION v. AMAZON.COM, INC., (W.D.Wash. 2005)

CORBIS CORPORATION, Plaintiff, v. AMAZON.COM, INC., et al., Defendants.

No. CV03-1415L.

United States District Court, W.D. Washington,

Seattle.

September 2, 2005

ORDER REGARDING MOTION FOR DEFAULT JUDGMENTS AND DISMISSAL WITHOUT
PREJUDICE

ROBERT LASNIK, District Judge

This matter comes before the Court on plaintiff's "Motion for
Default Judgments Against Defendants Famed and Framed, Inc.,
Iconographics, Carolyn Otwell, (d/b/a Matdiln.com), Pix Poster
Cellar, Wynnco.com; and for Dismissal Without Prejudice of
Defendants Famous Faces, Inc., Legends Memorabilia Inc., Posters
Now, Sign Here Autographs, and HDS Productions" (Dkt. # 265, the
"Motion"). This Court previously granted plaintiff's request for
entry of default under Fed.R.Civ.P. **55**(a) against defendants
Famed and Framed, Inc., Iconographics, Carolyn Otwell (d/b/a
Matdiln@aol.com), Pix Poster Cellar, and Wynnco.com
(collectively, the "Defaulted Defendants"). Plaintiff now
requests that this Court enter a default judgment under
Fed.R.Civ.P. **55**(b) against the Defaulted Defendants. In addition,
plaintiff requests that the Court dismiss without prejudice
defendants Famous Faces, Inc., Legends Memorabilia Inc., Posters
Now, and Sign Here Autographs (the "Unserved Defendants"). For
the reasons set forth
**Page 2**
below, plaintiff's motion is granted in part, denied in part, and
deferred pending further submissions by plaintiff.

## I. BACKGROUND

On June 30, 2003, plaintiff filed a complaint alleging, among
other things, direct copyright infringement, violation of the
Digital Millennium Copyright Act, false designation of origin and
unfair competition, trademark dilution, unfair competition under
Washington's Consumer Protection Act, R.C.W. **19.86.020**, et
seq., and tortious interference with business relationships
against the Defaulted and Unserved Defendants. After it had filed
its complaint, plaintiff attempted to serve all of the
defendants. Although it successfully served the Defaulted
Defendants, they failed to plead or otherwise defend and, on
August 25, 2003, this Court issued an entry of default under
Fed.R.Civ.P. **55**(a) against them. After the entry of default, one of
the Defaulted Defendants, Iconographics, filed a submission with
this Court. Plaintiff attempted to serve the complaint on the
Unserved Defendants but, for various reasons, could not do so. On

July 14, 2005, Corbis filed this Motion.

## II. DISCUSSION

### A. Request for Default Judgment.

#### 1. Standard for Entry of Default Judgment.

A district court has discretion to enter a default judgment under Fed.R.Civ.P. **55**(b)(2). The Court may consider a number of factors, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, **782 F.2d 1470**, **1471-1472** (9th Cir. 1986).

If necessary, the Court may conduct hearings "or order such references as it deems necessary" to enable it to enter a default judgment. Fed.R.Civ.P. **55**(b)(2). The scope of the
**Page 3**
Court's inquiry extends to determining the amount of damages and establishing "the truth of any averment by evidence," or making "an investigation of any other matter." *Id.*

#### 2. Claims Subject to Entry of Judgment.

Although plaintiff makes a general request for entry of a default judgment, it is clear from its motion that plaintiff only seeks default judgment on its claim that the Defaulted Defendants directly infringed its rights under the Copyright Act. The Motion only addresses the direct infringement claim and, significantly, calculates damages based solely on that claim. Accordingly, the Court will only address the propriety of entering default judgment with respect to the direct infringement claim.**[fn1]**

#### 3. Subject Matter Jurisdiction.

In its Order Regarding Summary Judgment Motions this Court held that it "does not have subject matter jurisdiction over an infringement claim until the Copyright Office grants the registration application and issues a certificate of registration." (Dkt. # 242 at p. 32). Although plaintiff has not addressed the issue of subject matter jurisdiction in its Motion, it is incumbent on the Court to do so *sua sponte*. See *Watts v. Pinckney*, **752 F.2d 406**, **409** (9th Cir. 1985) (if court lacks subject matter jurisdiction, any default judgment it issued would be void).

Of the images that Corbis claims were infringed by the Defaulted Defendants, it asserts
**Page 4**
two copyright interests. The first is the copyright interests of the photographers who took the photos (the "photographer's copyright"). Corbis has retained the right to assert a photographer's copyright interests through its respective agreements with the photographers. The second copyright interest

is Corbis' own interest in the compilation of photographs
contained in bulk CD-ROM filings submitted to the Copyright
Office (the "Corbis copyright").[fn2] A number of the images
plaintiff lists as having been infringed do not include the
photographer's copyright registration. Other images do not
include a copyright registration for the Corbis copyright. To the
extent that plaintiff claims a default judgment for copyrights
for which Corbis does not have a certificate of registration, its
motion is denied.

### 4. Sufficiency of Evidence Supporting Entry of Default.

Based on the evidence submitted in support of the Motion, the
Court is unable to enter default judgment. To begin, plaintiff
makes no distinction between damages for infringement of the
photographer's copyright and damages for infringement of the
Corbis copyright. As a general rule, plaintiff's exclusive rights
under the Corbis copyright only extend to "the elements of
compilation and editing that went into the collective work as a
whole . . . and those *copyrighted contributions* that have been
transferred in writing to the owner by their authors." H.R. No.
94-1476, reprinted in 1976 U.S.C.C.A.N. 5659 (emphasis added).
With regard to the Corbis copyrights, it is not clear whether
plaintiff seeks damages for infringement of the elements of
compilation and editing of the collective work or for infringement
of the copyrighted contributions of the collective work. If
plaintiff seeks damages for infringement of the elements of
compilation and editing, it has failed to make clear why a
licensing fee for the contributed
Page 5
work is the appropriate lodestar for determining damages. If
plaintiff is seeking damages only for the copyrighted
contributions, plaintiff fails to explain why it has included
contributions for which there is no copyright registration.
Without such information, the Court is unable to determine which
copyright interests have been infringed and, consequently, the
amount of damages that are appropriate.

Setting aside plaintiff's failure to distinguish between the
collective copyrights and the copyrights in the individual
images, plaintiff has failed to meet its burden of sufficiently
establishing the extent of its damages. See Geddes v. United
Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). "Actual
damages are defined as `the extent to which the market value of a
copyrighted work has been injured or destroyed by an
infringement.'" U.S. v. King Features Entertainment, Inc.,
843 F.2d 394, 400 (9th Cir. 1988) (citing Frank Music Corp. v.
Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 512 (9th Cir.
1985)). "Actual damages are usually determined by the loss in the
fair market value of the copyright, measured by the profits lost
due to the infringement or by the value of the use of the
copyrighted work to the infringer." Polar Bear Productions,
Inc. v. Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004)
(internal citations omitted).

Plaintiff has not provided any evidence of profits lost due to
infringement or the value of the use of the copyrighted work to
the Defaulted Defendants. Instead, plaintiff has attempted to
establish the fair market value of the copyright by reference to

the license fees it would have received if the Defaulted
Defendants had properly licensed the images for distribution and
sale. In determining the appropriate licensing fee, plaintiff
relies on the expert opinion of Mark A. Roessler. Mr. Roessler
reviewed the images that had been infringed, consulted three
reference books regarding celebrity licensing, and applied
"generally accepted principles that are used to negotiate
licenses of celebrity images in the industry." Donlan Decl. at p.
63. Mr. Roessler attaches a monetary value for a licensing fee
for each of the pictures that plaintiff claims have been
infringed by the Defaulted Defendants. Plaintiff has added the
amount of that fee that it

Page 6

would have received and presented it as the total actual damages
it should be awarded.

    Although a plaintiff may argue that it is entitled to a lost
license fee as actual damages, see Sid & Marty Kroft
Television Productions, Inc. v. McDonald's Corp., 562 F.2d 1157,
1174 (9th Cir. 1977); see also On Davis v. The Gap,
Inc., 246 F.3d 152, 166 (2nd Cir. 2001), the Court has some
concerns with the manner in which plaintiff calculated that fee.
As the On Davis court made clear, "the lost license fee can
risk abuse. Once the defendant has infringed, the owner may claim
unreasonable amounts as the license fee. . . ." Id. As a
result, the question when determining damages according to lost
license fees "is not what the owner would have charged, but
rather what is the fair market value." Id. In determining fair
market value, the Court does not look to "the highest use for
which plaintiff might license but the use the infringer made."
Id. at n. 3. Under the circumstances, "the proper inquiry was
what price a willing buyer and a willing seller would have agreed
on for the actual use made by the defendant." Country Road
Music, Inc. v. MP3.Com, Inc., 279 F.Supp.2d 325, 331 (S.D.N.Y.
2003) (internal quotations omitted). The Court may "reject a
proffered measure of damages if it is too speculative." Frank,
772 F.2d at 513.

    Here, it appears as if Mr. Roessler has determined the fair
market value based on a presumed use of the celebrity images and
not based on the actual use made by the defendants. As Mr.
Roessler concedes, "[a] fundamental component in negotiating the
fee for use of a celebrity is to articulate precisely the scope
of what the party is receiving by virtue of the agreement."
Donlan Decl. at p. 64 (endnote omitted). Mr. Roessler states that
the exclusivity of the license and "whether the grant would
effectively preclude giving similar rights to any other party"
would effect the licensing fee. Id. Exclusive licenses or
licenses that preclude similar uses "warrant the payment of
premium fees." Id. In addition, "whether the celebrity wishes
to associate with the proposed project" also affects the amount
of the fee. Id.

    Having established the significance of these factors, Mr.
Roessler fails to determine how each factor applies to the
particular use made of the images by the respective defendants.

Page 7

Instead, Mr. Roessler makes a blanket and unsupported assertion
that the license fee applicable to the images infringed by the
Defaulted Defendants "warrants payment of premium advances or

guarantees" because "if a license was granted for the use of the image, the license would likely be exclusive." Regardless of whether an exclusive license may have been likely, this Court is not convinced that it describes "the use the infringer[s] made" of the images. See Trell v. Marlee Electronics Corp., 912 F.2d 1443, 1446-47 (Fed. Cir. 1990) ("A particular fee is not the correct measure of damages unless that which is provided . . . to [the] licensees for that fee is commensurate with that which the defendant has appropriated"). There is no evidence to suggest that the Defaulted Defendants use of the images was consistent with an exclusive license. See Bi-Rite v. Button Master, 578 F.Supp. 59, 60 (S.D.N.Y. 1983) (declining to rely, for purposes of calculating a hypothetical license on an exclusive license where defendant's use was consistent with a non-exclusive license). Similarly, there is no evidence from plaintiff or Mr. Roessler that the use made by Defaulted Defendants was akin to an exclusive license because plaintiff was unable to license the images to other potential purchasers as a result of the infringing use. Without such evidence, measuring damages according to premium advances or guarantees for an exclusive license is inappropriate. See Frank, 772 F.2d 505, 513, (1985) (holding that plaintiff had not provided sufficient evidence that infringement of a portion of a play impaired "the prospects for presenting a full production of that play"); cf. Cream Records, Inc. v. Jos. Schlitz Brewing Co., 754 F.2d 826, 827 (9th Cir. 1985) (evidence showed that defendant's use of song in commercial "destroys its value to other advertisers for that purpose").

In addition, in calculating the licensing fees and subsequent royalties that would have been generated, Mr. Roessler assumed the Defaulted Defendants would enter into a four-year agreement. See Donlan Decl. at p. 65. Mr. Roessler does not justify the use of a four-year term, nor is there evidence produced by plaintiff that any of the Defaulted Defendants infringed the images over a four-year period. Without evidence regarding the Defaulted Defendant's actual use, reliance on such an extended term is inappropriate. See Bi-Rite, 578 F.Supp. at 60 Page 8 (refusing to rely on license for one-year term as basis for damages when defendant's infringing use lasted only six weeks).

Finally, Corbis asserts that it "is in the business of licensing photographic and fine art images on behalf of itself and the photographers it represents." Motion at p. 3. This Court finds it noteworthy that Corbis chose not to base its damages on its own experience in licensing images. Although this evidence may not be dispositive, it certainly reduces the inevitable speculation that goes into calculating actual damages for copyright infringement. Where "copyright owners are represented by agents who have established rates that are regularly paid by licensees . . . establishing the fair market value of the license fee of which the owner was deprived is no more speculative than determining the damages in the case of a stolen cargo of lumber or potatoes." On Davis, 246 F.3d at 167. Notably, plaintiff does not even attempt to explain why it eschewed the presumed wealth of evidence at its disposal and, instead, chose to rely solely on Mr. Roessler's opinion. Cf. Barrera v. Brooklyn Music, Ltd., 346 F.Supp.2d 400, 409 (S.D.N.Y. 2004) (plaintiffs

hired expert to assess fair market value of license to use
infringed photograph because plaintiffs sell prints of their work
through art galleries and were "unfamiliar with the market for
such licensed work").

When a court finds that "neither the infringer's profits nor
the copyright holder's actual damages can be proved, statutory
damages are mandatory." Russell v. Price, 612 F.2d 1123, 1129
(9th Cir. 1979), cert. denied, 446 U.S. 952 (1980).
Plaintiff, however, has failed to provide the necessary
information for awarding statutory damages. In order to recovery
statutory damages, a copyright must have been registered before
infringement. See Polar Bear Prods., 384 F.3d 700, 708
(9th Cir. 2004). Here, plaintiff has not provided the dates
of registration of the images or the dates on which the
infringements occurred. As a result, the Court cannot determine
which, if any, of the claimed infringements merit statutory
damages.

### 5. Default Judgment as to Iconographics.

In addition to the deficiencies set forth above, the motion for
entry of default judgment
Page 9
with respect to defendant Iconographics fails for other reasons.
Plaintiff is required to give those defaulting parties who have
appeared in the action notice of its intent to seek a default
judgment by sending "written notice of the application for
judgment at least 3 days prior to the hearing on such
application." Fed.R.Civ.P. 56(b)(2). In addition, this Court's
local rules require that a motion for entry of default judgment
against a party who has appeared be noted for consideration seven
judicial days after the motion has been filed (as opposed to the
same judicial day of filing for defaulted parties who have not
appeared) and that all papers filed in support of the motion must
be served to the defaulting party's address of record. See
Local CR 56(b)(2).

Although plaintiff has made no assertions regarding whether the
defaulted parties have made appearances or otherwise participated
in the litigation, the record suggest that one of the Defaulted
Defendants, Iconographics, has appeared in this action. After
default had been entered, Jeff Gainey wrote a letter on behalf of
Iconogrpahics to the Court (Dkt. # 41). Mr. Gainey stated that he
obtained copies of the poster containing the infringing image at
a collectibles show. He indicated that he sold three of the
posters for $5 to $10 each and would be willing to reimburse
plaintiff for the licensing fee that he owes. He further
indicated that he could not afford a lawyer to represent him in
Washington state and requested that the case against him be
dismissed.

Upon examination, Mr. Gainey's letter constitutes an appearance
on behalf of Iconographics. Although Mr. Gainey's letter may not
be the typical appearance expected of a defendant, "[t]he
appearance need not necessarily be a formal one." Wilson v.
Moore & Associates, Inc., 564 F.2d 366, 369 (9th Cir. 1977).
Significantly, he submitted the letter directly to the Court.
See Key Bank of Maine v. Tablecloth Textile Co., 74 F.3d 349,

353 (1st Cir. 1996) ("appearance in an action typically involves
some presentation or submission to the court"). What is more, Mr.
Gainey responded to the allegations against him, asked the Court
to dismiss the claim, and indicated his interest in settling the
dispute with plaintiff. Based on Mr. Gainey's letter, the Court
concludes that Iconographics did demonstrate to this Court and to
**Page 10**
plaintiff an intent to defend itself and, accordingly, has
entered an appearance for purposes of Rule 55.

Once Iconographics "`appeared' for Rule 55 purposes [it was]
entitled to notice of the application for default judgment under
Rule 55(b)(2)." Key Bank, 74 F.3d at 354. In addition, under
the local rules, plaintiff was required to note its default
judgment for at least seven judicial days after it had filed and
sent Iconographics all the material in support of the motion. The
record makes it clear that the motion was not properly noted as
required by the local rules. What is more, plaintiff has not
asserted, nor can it be gleaned from the record, that
Iconographics was "made aware that a default judgment may be
entered against [it]." Wilson, 564 F.2d at 369 (quoting 10 C.
Wright & A. Miller, Federal Practice and Procedure § 2687
(1973)). "[T]he failure to provide 55(b)(2) notice, if the notice
is required, is a serious procedural irregularity," In re
Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993)
(quotations omitted), that requires this Court to deny the motion
for default with regard to Iconographics.

### 6. Request for Additional Information.

Pursuant to Rule 55(b), the Court requests that plaintiff
provide additional information to assist the Court in determining
which copyrights it claims have been infringed and what is a
sufficient amount of damages for the respective infringements. In
addition, if plaintiff seeks to re-file its motion for entry of
default judgment against Iconographics, it must provide evidence
that it gave Iconographics sufficient notice under the local
rules and the Federal Rules of Civil Procedure. Plaintiff must
submit the additional information to this Court by 4:30 p.m. on
Friday, October 7, 2005. The Court will then review plaintiff's
request for entry of default judgment. If necessary, the Court
may request a hearing on the issue once the additional
information has been reviewed.

### 7. Plaintiff's Request for Injunctive Relief.

The Court will defer ruling on plaintiff's request for
injunctive relief until it has received the additional
information.
**Page 11**

### B. Motion to Dismiss Unserved Defendants Without Prejudice.

Plaintiff's motion to dismiss Famous Faces, Inc., Legends
Memorabilia Inc., Posters Now, and Sign Here Autographs without
prejudice is granted.

### III. CONCLUSION

For the foregoing reasons, the "Motion for Default Judgments

Against Defendants Famed and Framed, Inc., Iconographics, Carolyn
Otwell, (d/b/a Matdiln.com), Pix Poster Cellar, Wynnco.com; and
for Dismissal Without Prejudice of Defendants Famous Faces, Inc.,
Legends Memorabilia Inc., Posters Now, Sign Here Autographs, and
HDS Productions" (Dkt. # 265) is granted in part, denied in part,
and deferred in part. The Court GRANTS plaintiff's motion to
dismiss the Unserved Defendants. Famous Faces, Inc., Legends
Memorabilia Inc., Posters Now, and Sign Here Autographs are
DISMISSED WITHOUT PREJUDICE. The Court DENIES plaintiff's motion
for default judgment with respect to defendant Iconographics. The
Court DEFERS RULING on the motion for default judgment with
regard to defendants Famed and Framed, Inc., Carolyn Otwell,
(d/b/a/ Matdiln.com), Pix Poster Cellar, and Wynnco.com.
Plaintiff is required to submit additional evidence pursuant to
Section II.A.6, above.

   The Clerk of the Court is directed to note this motion on the
Court's calendar for Friday, October 7, 2005.

[fn1] There is some question regarding whether plaintiff would be
entitled to default judgment with respect to all of the remaining
claims. On December 21, 2004, this Court issued an Order
Regarding Summary Judgment Motions (Dkt. # 242) in which it
granted summary judgment in favor of defendant Amazon.com Inc.
with regard to the false designation of origin and unfair
competition, trademark dilution, unfair competition under
Washington's Consumer Protection Act, R.C.W. **19.86.020**, et
*seq.,* and tortious interference with business relationships
claims. See Dkt. # 242 at pp. 38-43. It is improper to enter a
default judgment against a defaulted defendant on claims on which
a similarly situated defendant has prevailed. See In re First
T.D. & Inv., Inc., **253 F.3d 520**, **532** (9th Cir. 2001). Here,
plaintiff has not attempted to distinguish defendant Amazon.com
from the Defaulted Defendants, and the extent to which the
defenses raised by Amazon.com would apply to the Defaulted
Defendants remains unclear.


[fn2] Plaintiff has previously indicated that it also holds a
derivative copyright interest in changes made to the photographs
by its employees. In its motion, however, plaintiff does not
mention the derivative work of its employees or indicate that it
seeks judgment based on infringement of a derivative copyright.
Accordingly, this Court will not address the potential derivative
copyright interests in this Order.

**Page 1**

Copyright © 2007 Loislaw.com, Inc. All Rights Reserved