Honorable Mary Alice Theiler

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

| | |
|---|---|
| 10   PROPET USA, INC., | |
| 11                   Plaintiff, | Case No. C06-0186 MAT |
| 12         v. | THE PARTIES' PROPOSED JURY INSTRUCTIONS |
| 13   LLOYD SHUGART, | |
| 14                   Defendant. | |

15

16          Propet USA, Inc. ("Propet") provided its proposed instructions to Defendant

17   Lloyd Shugart's attorneys on September 14, 2007.  Today, September 17, 2007, Propet received

18   a response from Defendant agreeing to some instructions, proposing alternate language to other

19   instructions, and proposing additional instructions.

20

21   What follows is Propet's proposed instructions and any proposed alternate language from
     Defendant (Instruction Nos. 1-35).  Next, the additional instructions proposed by Defendant with
22   Propet's objections (Instruction Nos. 36-42).  Finally, each party submits a proposed verdict
     form.

23
24
25
26

THE PARTIES' PROPOSED JURY INSTRUCTIONS - 1
(C06-0186 MAT)

INSTRUCTION NO. 1

PLAINTIFF'S PROPOSED LANGUAGE:

Ladies and gentlemen:  You now are the jury in this case.  In a federal civil trial the jury may consist of six to twelve members.  All of you are full-fledged members of the jury; none of you is an alternate.

I will now tell you about your duties as jurors.

The jury system entrusts the doing of justice directly to qualified citizens.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law that will be set out for you in the instructions.  That is how you will reach your verdict.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  The verdict will be for you to decide.

DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

-1-

1    INSTRUCTION NO. 2

2    PLAINTIFF'S PROPOSED LANGUAGE:

3        Sometimes evidence is admitted for a limited purpose only.  If I instruct you that

4    an item of evidence has been received for a limited purpose, you must consider it only for that

5    purpose and not for any other.

6

7        DEFENDANTS' PROPOSED LANGUAGE:

8        Agreed.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEADOCS:291915.1

1

INSTRUCTION NO. 3

2

PLAINTIFF'S PROPOSED LANGUAGE:

3

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a

4

fact, such as testimony by a witness about what he or she personally saw or heard or did.

5

Circumstantial evidence is indirect, that is, it is proof of one or more facts from which one can

6

find another fact.

7

For example, if you wake up in the morning and see that the sidewalk is wet, you

8

may find from that fact that it rained during the night.  But perhaps other evidence, such as a

9

turned-on garden hose, may explain the water on the sidewalk.  So before you decide that a fact

10

has been proved by circumstantial evidence, you should consider all the evidence in the light of

11

reason, common sense, and experience.

12

You are to consider both direct and circumstantial evidence.  The law permits you

13

to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

14

15

DEFENDANTS' PROPOSED LANGUAGE:

16

Agreed.

17

18

19

20

21

22

23

24

25

26

-3-

SEADOCS:291915.1

1

INSTRUCTION NO. 4

2

PLAINTIFF'S PROPOSED LANGUAGE:

3
        There are rules that control what can be received into evidence.  When a lawyer

4
asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks it is not

5
permitted by the rules, that lawyer may object.  If I overrule the objection, the question may be

6
answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or

7
the exhibit cannot be received.  If an objection is sustained, you should simply ignore the

8
question or the proposed exhibit.

9

10

DEFENDANTS' PROPOSED LANGUAGE:

11
        Agreed.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-4-

1

INSTRUCTION NO. 5

2

PLAINTIFF'S PROPOSED LANGUAGE:

3

At the end of the trial, you will have to make your decision based on what you

4

recall of the evidence.  You will not have a written transcript to consult, so please pay close

5

attention to the testimony as it is given.

6

7

DEFENDANTS' PROPOSED LANGUAGE:

8

Agreed.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEADOCS:291915.1

1

INSTRUCTION NO. 6

2

PLAINTIFF'S PROPOSED LANGUAGE:

3

    If you wish, you may take notes to help you remember what witnesses said.  If

4

you do take notes, please keep them to yourself until you and your fellow jurors go to the jury

5

room to decide the case.  Do not let note-taking distract you so that you do not hear other

6

answers by witnesses.  When you leave, your notes should be left in the jury room.

7

    Whether or not you take notes, you should rely on your own memory of what was

8

said.  Notes are only to assist memory.

9

10

DEFENDANTS' PROPOSED LANGUAGE:

11

    Agreed.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEADOCS:291915.1

INSTRUCTION NO. 7

PLAINTIFF'S PROPOSED LANGUAGE:

Now a few words about your conduct as jurors:

Please do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Also, do not talk with anyone else about this case until the trial has ended and you have been discharged.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but don't tell them anything about the case until after you have been discharged.

Also, do not let anyone talk to you about the case.  If someone should try to talk to you, please report that to me immediately.

Do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.

If you need to communicate with me, you may give a signed note to the clerk to give to me.  Please do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

-7-

1

INSTRUCTION NO. 8

2

PLAINTIFF'S PROPOSED LANGUAGE:

3

You may notice during the trial that you will pass a lawyer or party to the case in

4

the hall or the elevator, or in the street outside, and you will not be greeted.  If that happens it

5

does not reflect any impoliteness.  One of the customs of the court is that parties and lawyers do

6

not greet jurors.  The purpose is to avoid any impression of trying to curry favor with a juror.

7

8

DEFENDANTS' PROPOSED LANGUAGE:

9

Agreed.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-8-

INSTRUCTION NO. 9

PLAINTIFF'S PROPOSED LANGUAGE:

The next steps of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party claims the evidence will show.

The plaintiff will then present evidence and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and the plaintiffs counsel may cross-examine.  After all the evidence has been presented, the attorneys will make their closing arguments.  The attorneys may make reference to these instructions during their arguments.

You will then go to the jury room to deliberate on your verdict.


DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

SEADOCS:291915.1

INSTRUCTION NO. 10

PLAINTIFF'S PROPOSED LANGUAGE:

Each of you have a copy of these instructions that you may use during the trial and in the jury room.  You will also have the exhibits received in evidence at the end of trial.

It is your duty to find the facts from the evidence in the case.  To those facts you must apply the law as given in the instructions.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  This means that you must decide the case solely on the evidence and according to the law.

In following these instructions, you must follow all of them and not single out some and ignore others; they are all important.

DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

SEADOCS:291915.1

INSTRUCTION NO. 11

PLAINTIFF'S PROPOSED LANGUAGE:

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which all the lawyers have agreed or which I may instruct you to accept as true.

Testimony given in the form of deposition is entitled to the same consideration, and is to be judged by you as to credibility and weight, as if the witness were testifying in person.

DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

-11-

INSTRUCTION NO. 12

PLAINTIFF'S PROPOSED LANGUAGE:

Certain things that happen during a trial do not constitute evidence.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  If testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the court was not in session is not evidence.

DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

SEADOCS:291915.1

INSTRUCTION NO. 13

PLAINTIFF'S PROPOSED LANGUAGE:

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

-13-

1

INSTRUCTION NO. 14

2

PLAINTIFF'S PROPOSED LANGUAGE:

3

4

You may hear testimony from persons who, because of education and experience, are permitted to state opinions and the reasons for their opinions.

5

6

7

Opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9

DEFENDANTS' PROPOSED LANGUAGE:

10

Agreed.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-14-

1

INSTRUCTION NO. 15

2

PLAINTIFF'S PROPOSED LANGUAGE:

3

Certain charts and summaries may be shown to you or may be received into

4

evidence to illustrate matters brought out in the testimony.  Charts and summaries are only as

5

good as the underlying evidence that supports them.  You should give them only such weight as

6

you think the underlying evidence deserves.

7

8

DEFENDANTS' PROPOSED LANGUAGE:

9

Agreed.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-15-

1

INSTRUCTION NO. 16

2

PLAINTIFF'S PROPOSED LANGUAGE:

3

The fact that a party is a corporation should not affect your decision.  All persons

4

are equal before the law, and a corporation, whether large or small, is entitled to the same fair

5

and conscientious consideration by you as any other person.

6

7

DEFENDANTS' PROPOSED LANGUAGE:

8

Agreed.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-16-

INSTRUCTION NO. 17

PLAINTIFF'S PROPOSED LANGUAGE:

When it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a "preponderance" of the evidence, it means that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.


DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

SEADOCS:291915.1

1

INSTRUCTION NO. 18

2

PLAINTIFF'S PROPOSED LANGUAGE:

3

When you retire, you should elect one member of the jury as your foreperson.

4

That person will preside over the deliberations and speak for you here in court.

5

You will then discuss the case with your fellow jurors to reach agreement if you

6

can do so.  Your verdict must be unanimous.

7

Each of you must decide the case for yourself, but you should do so only after you

8

have considered all the evidence, discussed it fully with the other jurors, and listened to the views

9

of your fellow jurors.

10

Do not be afraid to change your opinion if the discussion persuades you that you

11

should.  But do not come to a decision simply because other jurors think it is right.

12

It is important that you attempt to reach a unanimous verdict but, of course, only

13

if each of you can do so after having made your own conscientious decision.  Do not change an

14

honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16

DEFENDANTS' PROPOSED LANGUAGE:

17

Agreed.

18

19

20

21

22

23

24

25

26

-18-

1
2

INSTRUCTION NO. 19

PLAINTIFF'S PROPOSED LANGUAGE:

3
4
5
6
7
8
9
10
11
12

       If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal or bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you do send out a question, the law requires that I consult with the lawyers before answering it, which will necessarily take some time.  You should continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

13
14

DEFENDANTS' PROPOSED LANGUAGE:

       Agreed.

15
16
17
18
19
20
21
22
23
24
25
26

SEADOCS:291915.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

INSTRUCTION NO. 20

PLAINTIFF'S PROPOSED LANGUAGE:

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it, and advise the bailiff outside your door that you are ready to return to the courtroom.


DEFENDANTS' PROPOSED LANGUAGE:

Agreed.

SEADOCS:291915.1

1

CLAIMS AND DEFENSES

2

INSTRUCTION NO. 21

3

PLAINTIFF'S PROPOSED LANGUAGE:

4

To help you follow the evidence, I will give you a brief summary of the positions

5

of the parties:

6

Propet claims that it paid Shugart to take photographs and in return Propet was

7

licensed to use them in all reasonable ways related to Propet's business, including the right to

8

provide the photographs to third-party users for advertising.  Propet also claims Shugart's claims

9

are barred by his failure to apply for a copyright registration, and due to the doctrines of laches,

10

waiver, unclean hands, and the statute of limitations.  Shugart claims Propet has unlawfully

11

infringed his copyrights, removed copyright notices from images, and not returned images.

12

13

DEFENDANTS' PROPOSED LANGUAGE:

14

Propet claims that it paid Mr. Shugart to take photographs and in return Propet

15

was licensed to use them in all reasonable ways related to Propet's business, including the right

16

to provide the photographs to third-party users for advertising.  Propet also claims Mr. Shugart's

17

claims are barred by his failure to apply for a copyright registration and due to the doctrine of

18

laches, waiver, unclean hands, and the statute of limitations.  Mr. Shugart denies those claims

19

and claims that Propet has willfully infringed Mr. Shugart's copyrights.  Mr. Shugart also claims

20

that Propet has violated his rights under the Digital Millennium Copyright Act by removing his

21

copyright notices from the images, and unlawfully retained possession of, and refused to return

22

Mr. Shugart's original images.

23

24

25

_____

26

9th Cir. Civil Jury Instr. 1.2

-21-

SEADOCS:291915.1

1    BENCH CONFERENCES AND RECESSES

2    INSTRUCTION NO. 22

3    PLAINTIFF'S PROPOSED LANGUAGE:

4        From time to time during the trial, it may become necessary for me talk with the

5    attorneys out of the hearing of the jury, either by having a conference at the bench when the jury

6    was present in the courtroom, or by calling a recess.  Please understand that while you were

7    waiting, we were working.  The purpose of these conferences is not to keep relevant information

8    from you, but to decide how certain evidence is to be treated under the rules of evidence and to

9    avoid confusion and error.

10        Of course, we will do what we can to keep the number and length of these

11    conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not

12    consider my granting or denying a request for a conference as any indication of my opinion of

13    the case or of what your verdict should be.

14

15    DEFENDANTS' PROPOSED LANGUAGE:

16        Agreed.

17

18

19

20

21

22

23

24

25

26    9th Cir. Civil Jury Instr. 1.18

-22-

IMPEACHMENT EVIDENCE—WITNESS

INSTRUCTION NO. 23

PLAINTIFF'S PROPOSED LANGUAGE:

      The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

DEFENDANTS' PROPOSED LANGUAGE:

      Agreed.

---

9th Cir. Civil Jury Instr. 2.8

-23-

SEADOCS:291915.1

1    OUTLINE OF TRIAL

2    INSTRUCTION NO. 24

3    PLAINTIFF'S PROPOSED LANGUAGE:

4        The trial will now begin.  First, each side may make an opening statement. An

5    opening statement is not evidence.  It is simply an outline to help you understand what that party

6    expects the evidence will show.

7        The standard of proof that you will apply to the evidence is whether something is

8    more likely true than not.  That is the "preponderance of the evidence" standard.

9        After all the evidence has been presented, the attorneys will make closing

10   arguments and I will give you final instructions on the law that applies to the case.  Closing

11   arguments are not evidence.  After the closing arguments and instructions, you will then decide

12   the case.

13   **Comment:**

14       This instruction is modified from Model Civil Jury instructions for the 9th Circuit

15   and includes additional language regarding rebuttal evidence.

16

17       DEFENDANTS' PROPOSED LANGUAGE:

18       Trials proceed in the following way:  First, each side may make an opening

19   statement.  An opening statement is not evidence.  It is simply an outline to help you understand

20   what that party expects the evidence will show.

21       Mr. Shugart will proceed first to present evidence, and counsel for Propet may

22   cross-examine.  Then Propet may present evidence, and counsel for Mr. Shugart may cross-

23   examine.

24       The standard of proof that you will apply to the evidence is whether something is

25   more likely true than not.  That is the "preponderance of the evidence" standard.

26

-24-

1          After all the evidence has been presented, the attorneys will make closing

2   argument and I will give you final instructions on the law that applies to the case.  Closing

3   arguments are not evidence.  After the closing arguments and instructions, you will go to the jury

4   room to deliberate on your verdict.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEADOCS:291915.1

PRELIMINARY INSTRUCTION – COPYRIGHT

INSTRUCTION NO. 25

PLAINTIFF'S PROPOSED LANGUAGE:

Mr. Shugart claims ownership of a copyright and seeks damages against Propet for copyright infringement.  Propet denies infringing the copyright and contends it had a license to use Shugart's photographs.  Propet also maintains Shugart's copyright claims are barred by the statute of limitations, and the doctrines of estoppel, waiver, unclean hands and unjust enrichment.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION OF COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

SEADOCS:291915.1

1    **COPYRIGHT INTERESTS**

2    One who owns a copyright may agree to let another display the copyrighted work.

3    The person to whom this right is transferred is called an licensee.  A course of conduct may

4    establish a nonexclusive license.

5    **SHUGART'S BURDEN OF PROOF**

6    In this case, Shugart contends that the Propet, has infringed his copyright.

7    Shugart has the burden of proving by a preponderance of the evidence that he is the owner of the

8    copyright and that Propet copied original elements of the copyrighted work.  Preponderance of

9    the evidence means that you must be persuaded by the evidence that it is more probably true than

10   not true that the copyrighted work was infringed.

11   **PROOF OF COPYING**

12   To prove that Propet copied Shugart's work, Shugart may show that the Propet

13   had access to Shugart's copyrighted work and that there are substantial similarities between the

14   Propet's work and Shugart's copyrighted work.

15   **LIABILITY FOR INFRINGEMENT**

16   One who displays a copyrighted work without authority from the copyright owner

17   during the term of the copyright, infringes the copyright.

18   **DEFENSES TO INFRINGEMENT**

19   Propet contends that there is no copyright infringement.  There is no copyright

20   infringement where Shugart's claims are barred by the doctrines of estoppel, waiver, unclean

21   hands, unjust enrichment or the statute of limitations.  Estoppel arises when one takes an

22   inconsistent position, attitude or course of conduct.  Waiver means a voluntary relinquishment of

23   a known right.  Unclean hands means one is not entitled to relief when one has acted inequitably.

24   Unjust enrichment means one should not be allowed to profit inequitably at another's expense.

25   The statute of limitations states no civil action shall be maintained unless it is commenced within

26   3 years after it accrued.

-27-

SEADOCS:291915.1

1

2                    **DEFENDANT'S PROPOSED LANGUAGE**

3            Mr. Shugart is the copyright owner and seeks damages against Propet for

4    copyright infringement.  Propet denies infringing the copyrights and contends it had a license to

5    use Mr. Shugart's images.  Propet also maintains that Mr. Shugart's copyright claims are barred

6    by the statute of limitations, and the doctrines of estoppel, waiver, unclean hands and unjust

7    enrichment.  To help you understand the evidence in this case, I will explain some of the legal

8    terms you will hear during this trial.

9                        **DEFINITION OF COPYRIGHT**

10           The owner of a copyright has the right to exclude any other person from

11   reproducing, preparing derivative works, distributing, performing, displaying, or using the work

12   covered by the copyright for a specific period of time.

13           Copyrighted work can be a literary work, musical work, dramatic work,

14   pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture,

15   audiovisual work, sound recording, architectural work, mask words fixed in semiconductor chip

16   products, or a computer program.

17           Facts, ideas, procedures, processes, systems, methods of operation, concepts,

18   principles or discoveries cannot themselves be copyrighted.

19           The copyrighted work must be original.  An original work that closely resembles

20   other works can be copyrighted so long as the similarity between the two works is not the result

21   of copying.

22                        **COPYRIGHT INTERESTS**

23           The copyright owner may transfer, sell, or convey to another person all or part of

24   the owner's property interest in the copyright, that is, the right to exclude others from

25   reproducing, preparing a derivative work from, distributing, or displaying, the copyrighted work.

26   To be valid, the transfer, sale, or conveyance must be in writing.

-28-

1    One who owns a copyright may agree to let another reproduce, prepare a

2  derivative work, distribute, or display the copyrighted work.  To be a valid, the transfer, sale, or

3  conveyance must be in writing.  The person to whom this right is transferred is called an

4  exclusive licensee.

5                          **HOW COPYRIGHT IS OBTAINED**

6    Copyright automatically exists in a work the moment it is fixed in a tangible

7  medium of expression.  The owner of the copyright may register the copyright by delivering to

8  the Copyright Office of the Library of Congress a copy of the copyrighted work.  The effective

9  date of a copyright registration is the day a proper filing is received by the Copyright Office.

10  After examination and a determination that the material deposited constitutes copyrightable

11  subject matter and that legal and formal requirements are satisfied, the Register of Copyrights

12  register the work and issues a certificate of registration to the copyright owner.

13                          **MR. SHUGART'S BURDEN OF PROOF**

14    In this case, Mr. Shugart contends that Propet has infringed Mr. Shugart's

15  copyrights.  Mr. Shugart is the copyright owner and has the burden of proving by preponderance

16  of the evidence that Propet copied original elements of the copyrighted work.  Preponderance of

17  the evidence means that you must be persuaded by the evidence that it is more probably true than

18  not true that the copyrighted work was infringed.

19                          **PROOF OF COPYING**

20    To prove that Propet copied Mr. Shugart's work, Mr. Shugart may show that

21  Propet had access to Mr. Shugart's copyrighted work and that there are substantial similarities

22  between Propet's work and Mr. Shugart's copyrighted work.

23                          **LIABILITY FOR INFRINGEMENT**

24    One who reproduces, distributes or displays a copyrighted work without authority

25  from the copyright owner during the term of the copyright, infringes the copyright.

26

SEADOCS:291915.1

1

## DEFENSES TO INFRINGEMENT

2          Propet contends that there is no copyright infringement.  There is no copyright

3    infringement where Mr. Shugart's claims are barred by the doctrine of estoppel, waiver, unclean

4    hands, unjust enrichment or the statute of limitations.  Estoppel arises when one takes a different

5    or inconsistent position.  Waiver means a voluntary relinquishment of a known right.  Unjust

6    enrichment means one should not be allowed to profit inequitably at another's expense.  The

7    statute of limitations states no civil action shall be maintained unless it is commenced within 3

8    years after the claim accrued.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEADOCS:291915.1

1    COPYRIGHT – DEFINED (17 U.S.C. § 106)

2    INSTRUCTION NO. 26

3    PLAINTIFF'S PROPOSED LANGUAGE:

4    Copyright is the exclusive right to copy.  This right to copy includes the exclusive

5    right[s] to:

6    display publicly a copyrighted work

7    It is the owner of a copyright who may exercise these exclusive rights to copy.

8    The term "owner" includes the author of the work.  In general, copyright law protects against

9    display of substantially similar copies of the owner's copyrighted work without the owner's

10   permission.  An owner may enforce these rights to exclude others in an action for copyright

11   infringement.

12

13   DEFENDANT'S PROPOSED LANGUAGE

14   Copyright is the exclusive right to copy.  This right to copy includes the exclusive

15   rights to:

16   (1)   Authorize, make additional copies, or otherwise reproduce the copyrighted

17   works in copies;

18   (2)   Distribute copies of the copyrighted work to the public by sale or transfer

19   of ownership; and

20   (3)   Display publicly a copyrighted work.

21   It is the owner of a copyright who may exercise these exclusive rights to copy.

22   The term "owner" includes that author of the work.  In general, copyright law protects against

23   production, adaptation, distribution, and display of substantially similar copies of the copyright

24   owner's copyrighted work without the owner's permission.  An owner may enforce these rights

25   to exclude others in an action for copyright infringement.  Even though one may acquire a copy

26

-31-

SEADOCS:291915.1

1   of a copyrighted work, the copyright owner retains the rights and control of that copy, including

2   uses that may result in additional copies, distributions, and displays.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-32-

COPYRIGHT—SUBJECT MATTER—
GENERALLY (17 U.S.C. § 102)

INSTRUCTION NO. 27

PLAINTIFF'S PROPOSED LANGUAGE:

The works involved in this trial are known as the photographs taken from 2004 and 2005 that were attached to Shugart's two copyright registrations VA1-349-168 and VA 1-349-169.

DEFENDANT'S PROPOSED LANGUAGE

The images created between 2000 and 2005 by Mr. Shugart for Propet involved in this trial are known as pictorial works.

You are instructed that a copyright has been obtained in the various images that Mr. Shugart created for Propet between the years 2000 and 2005.

These works are protected by the copyright law.

-33-

SEADOCS:291915.1

COPYRIGHT INFRINGEMENT—ELEMENTS—
OWNERSHIP AND COPYING (17 U.S.C. § 501(a)-(b)

INSTRUCTION NO. 28

PLAINTIFF'S PROPOSED LANGUAGE:

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Shugart's copyright infringement claim, Shugart has the burden of proving both of the following by a preponderance of the evidence:

1.    Shugart is the owner of a valid copyright; and

2.    Propet did not have a valid license and  copied original elements from the copyrighted work.

If you find that Shugart has proved both of these elements, your verdict should be for Shugart.  If, on the other hand, Shugart has failed to prove either of these elements, your verdict should be for Propet

DEFENDANT'S PROPOSED LANGUAGE

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Mr. Shugart's copyright infringement claim, Mr. Shugart has the burden of proving the following by the preponderance of evidence:

1.    Propet copied original elements from the copyrighted work.

If you find that Mr. Shugart has proved this element, your verdict should be for Mr. Shugart.  If, on the other hand, Mr. Shugart has filed to prove this one element, your verdict should be for Propet.

SEADOCS:291915.1

COPYRIGHT INFRINGEMENT—OWNERSHIP OF
VALID COPYRIGHT—DEFINITION (17 U.S.C. §§ 201-205)

INSTRUCTION NO. 29

PLAINTIFF'S PROPOSED LANGUAGE:

Shugart is the owner of a valid copyright in the photographs attached to copyright registrations VA 1-349-168 and VA 1-349-169 if Shugart proves by a preponderance of the evidence that:

      1.      Shugart's work is original; and

      2.      Shugart is the sole creator of the work.

DEFENDANT'S PROPOSED LANGUAGE

You are instructed that this Court had found Mr. Shugart to be the owner of a valid copyright in all of the various images Mr. Shugart created for Propet between 2000 and 2005.

-35-

1    COPYRIGHT INFRINGEMENT—COPYING—ACCESS DENIED

2    INSTRUCTION NO. 30

3    PLAINTIFF'S PROPOSED LANGUAGE:

4    Shugart must show by a preponderance of the evidence that Propet had access to

5    Shugart's work without a valid license.

6

7    DEFENDANT'S PROPOSED LANGUAGE

8    Mr. Shugart must show by preponderance of the evidence that Propet had access

9    to Mr. Shugart's work beyond the expiration of its license.  You may find that Propet had access

10    if Propet had a reasonable opportunity to copy Mr. Shugart's work after Propet's license expired.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-36-

COPYRIGHT—DAMAGES (17 U.S.C. § 504)

INSTRUCTION NO. 31

PLAINTIFF'S PROPOSED LANGUAGE:

If you find for Shugart on Shugart's copyright infringement claim, you must determine damages, if any.  Shugart is entitled to recover the actual damages suffered as a result of the infringement.  In addition, Shugart is also entitled to recover any profits of Propet attributable to the infringement.  Shugart must prove damages by a preponderance of the evidence.  Profits are anything that Propet made from selling Shugart's photographs.


DEFENDANT'S PROPOSED LANGUAGE

If you find for Mr. Shugart on Mr. Shugart's copyright infringement claim, you must determine Mr. Shugart's damages.  Mr. Shugart is entitled to recover the actual damages suffered as a result of the infringement.  In addition, Mr. Shugart is also entitled to recover any profits of Propet attributable to the infringement.  Mr. Shugart must prove damages by preponderance of the evidence.

---

9th Cir. Civil Jury Instr. 17.22

-37-

COPYRIGHT—DAMAGES—ACTUAL DAMAGES
(17 U.S.C. § 504(b))

INSTRUCTION NO. 32

PLAINTIFF'S PROPOSED LANGUAGE:

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.  The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by Propet of Shugart's work.  That amount also could be represented by the lost license fees Shugart would have received for Propet's unauthorized use of Shugart's work.

DEFENDANT'S PROPOSED LANGUAGE

Agreed if "Mr. Shugart" is used instead of "Shugart."

---

9th Cir. Civil Jury Instr. 17.23

-38-

SEADOCS:291915.1

COPYRIGHT—DAMAGES—PROPET'S
PROFITS (17 U.S.C. § 504(b))

INSTRUCTION NO. 33

PLAINTIFF'S PROPOSED LANGUAGE:

In addition to actual damages, the copyright owner is entitled to any profits of Propet attributable to the infringement.  You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of Propet's profits only if you find that Shugart showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

Propet's gross revenue is all of Propet's receipts from the sale of a work containing or using the copyrighted work.

Shugart has the burden of proving Propet's gross revenue by a preponderance of the evidence.

Expenses are all operating costs and production costs incurred in producing Propet's gross revenue.  Propet has the burden of proving the it's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  Propet has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

---

9th Cir. Civil Jury Instr. 17.24

-39-

SEADOCS:291915.1

1    DEFENDANT'S PROPOSED LANGUAGE

2    In addition to actual damages, the copyright owner is entitled to any profits of

3    Propet attributable to the infringement.  You may not include in an award of profits any amount

4    that you took into account in determining actual damages.

5    You may make an award of Propet's profits only if you find that Mr. Shugart

6    showed a causal relationship between the infringement and the profits generated indirectly from

7    the infringement.

8    Propet's profits are determined by deducting all expenses from Propet's gross

9    revenue.

10    In establishing Propet's profits, Mr. Shugart is required to present proof only of

11    the Propet's gross revenue.  Propet's gross revenue is all of Propet's receipts from the sale of its

12    shoes and products using the copyrighted work.  Mr. Shugart has the burden of proving Propet's

13    gross revenue by preponderance of the evidence.

14    Propet is required to prove its deductible expenses and the elements of profit

15    attributable to factors other than the copyrighted work.  Expenses are all operating costs and

16    production costs incurred in producing Propet's gross revenue.  Propet has the burden of proving

17    its expenses by a preponderance of the evidence.

18    Unless you find that a portion of the profit from the use of a work containing or

19    using the copyrighted work is attributable to factors other than use of the copyrighted work, all

20    of the profit is to be attributed to the infringement.  Propet has the burden of proving the portion

21    of the profit, if any, attributable to factors other than infringing the copyrighted work.

22

23

24

25

26

-40-

1

COPYRIGHT—DAMAGES—STATUTORY
DAMAGES (17 U.S.C. § 504(c))

2

3

INSTRUCTION NO. 34

4

Propet maintains that Shugart is not entitled to statutory damages.  If the Court

5

disagrees, Propet submits the following instruction:

6

PLAINTIFF'S PROPOSED LANGUAGE:

7

If you find for Shugart on the infringement claim, you must determine Shugart's

8

damages.  Shugart seeks statutory damages, established by Congress for the work infringed.  Its

9

purpose is to penalize the infringer and deter future violations of the copyright laws.

10

The amount you may award as statutory damages is not less than $750, nor more

11

than $30,000 for each work you conclude was infringed.

12

However, if you find the infringement was innocent, you may award as little as

13

$200 for each work innocently infringed.

14

15

DEFENDANT'S PROPOSED LANGUAGE

16

If you find for Mr. Shugart on the infringement claim, you must determine Mr.

17

Shugart's damages.  Mr. Shugart seeks statutory damages, established by Congress for each

18

work infringed.  Its purpose is to penalize the infringer and deter future violations of the

19

copyright law.

20

The amount you may award as statutory damages is not less than $750, or more

21

than $30,000 for each work you conclude was infringed.

22

If you find the infringement was willful, you may award as much as $150,000 for

23

each work willfully infringed.  However, if you find the infringement innocent, you may award

24

as little as $200 for each work innocently infringed.

25

26

-41-

1                Instruction #__ and instruction #__ will tell you what constitutes willful and

2   constitutes innocent infringement.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEADOCS:291915.1

COPYRIGHT—DAMAGES—INNOCENT
INFRINGEMENT (17 U.S.C. § 504(c)(2))

INSTRUCTION NO. 35

PLAINTIFF'S PROPOSED LANGUAGE:

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

      1.     Propet was not aware that its acts constituted infringement of the copyright; and

      2.     Propet  had no reason to believe that its acts constituted an infringement of the copyright.


DEFENDANT'S PROPOSED LANGUAGE

Agreed.

-43-

1

USE OF INTERROGATORIES OF A PARTY

2

INSTRUCTION NO. 36

3

DEFENDANT'S PROPOSED LANGUAGE:

4

5          Evidence was presented to you in the form of answers of one of the parties to

6   written interrogatories submitted by the other side.  These answers were given in writing and

7   under oath, before the actual trial, in response to questions that were submitted in writing under

8   established court procedures.  You should consider the answers, insofar as possible, in the same

9   way as if they were made from the witness stand.

10

11                              PLAINTIFF'S PROPOSED LANGUAGE:

12          Propet objects to giving this instruction.

13

14

15

16

17

18

19

20

21

22

23

24

25

26   9th Cir. Civil Jury Instr. 2.10

-44-

1    COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

2    INSTRUCTION NO. 37

3    DEFENDANT'S PROPOSED LANGUAGE:

4

5    Instruction No. 30 states that Mr. Shugart has the burden of proving that Propet

6    copied original elements from Mr. Shugart's copyrighted work.  Mr. Shugart may show Propet

7    copied from the work by showing by a preponderance of the evidence that Propet had access to

8    Mr. Shugart's copyrighted work and that there are substantial similarities between Propet's work

9    and original elements of Mr. Shugart's work.

10

11    PLAINTIFF'S PROPOSED LANGUAGE:

12    Propet objects to this proposed instruction.

13

14

15

16

17

18

19

20

21

22

23

24

25

26    9th Cir. Civil Jury Instr. 17.15

-45-

SEADOCS:291915.1

1

COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT
(17 U.S.C. § 504(c)(2))

2

3

INSTRUCTION NO. 38

4

DEFENDANT'S PROPOSED LANGUAGE:

5

An infringement is considered willful when Mr. Shugart has proved both of the

6

following elements by a preponderance of the evidence:

7

1.          Propet engaged in acts that infringed the copyright; and

8

2.          Propet knew that those acts infringed the copyright.

9

10

11

PLAINTIFF'S PROPOSED LANGUAGE:

12

Propet objects to this proposed instruction as there is no evidence to support it.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

9th Cir. Civil Jury Instr. 17.27

-46-

SEADOCS:291915.1

COPYRIGHT– COPYRIGHT MANAGEMENT INFORMATION – DEFINITION
(17 U.S.C. §1202(c))

INSTRUCTION NO. 39

DEFENDANT'S PROPOSED INSTRUCTION:

Under the Digital Millennium Copyright Act (DMCA), the term "copyright management information" means any one or more of the following conveyed in connection with copies of a work, including in digital form:

(1)     The title and other information identifying the work, including the information set forth on a notice of copyright.

(2)     The name of, and other identifying information about, the author of the work.

(3)     The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.


PLAINTIFF'S PROPOSED LANGUAGE:

The term "copyright management information" means any of the following information conveyed in connection with copies or phonorecords of a work or performances in displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work:

(1)     The title and other information identifying the work, including the information set forth on a notice of copyright.

(2)     The name of, and other identifying information about, the author or a work.

---

17 U.S.C. § 1202(c)

-47-

SEADOCS:291915.1

1              (3)      The name of, and other identifying information about, the copyright owner

2     of the work, including the information set forth in a notice of copyright.

3              (4)      With the exception of public performances of works by radio and

4     television broadcast stations, the name of, and other identifying information about, a performer

5     whose performance is fixed in a work other than an audiovisual work.

6              (5)      With the exception of public performances of works by radio and

7     television broadcast stations, in the case of an audiovisual work, the name of, and other

8     identifying information about, a writer, performer, or director who is credited in the audiovisual

9     work.

10             (6)      Terms and conditions for use of the work.

11             (7)      Identifying numbers or symbols referring to such information or links to

12    such information.

13             (8)      Such other information as the Register of Copyrights may prescribe by

14    regulation, except that the Register of Copyrights may not require the provision of any

15    information concerning the user of a copyrighted work.

16

17

18

19

20

21

22

23

24

25

26

SEADOCS:291915.1

COPYRIGHT – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. §1202(b))

INSTRUCTION NO. 40

DEFENDANT'S PROPOSED INSTRUCTION:

Under the DMCA, no one shall, without the authority of the copyright owner

(1)      intentionally remove or alter any copyright management information, or

(2)      distribute copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, having reasonable grounds to know, that it will induce, enable, facilitate or conceal an infringement of any right under the copyright laws.


PLAINTIFF'S PROPOSED LANGUAGE:

Under the DMCA, no person shall, without the authority of the copyright owner or the law:

(1)      intentionally remove or alter any copyright management information,

(2)      distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(3)      distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

---

17 U.S.C. §  1202(b)

-49-

SEADOCS:291915.1

COPYRIGHT – DAMAGES FOR REMOVAL OF COPYRIGHT MANAGEMENT
INFORMATION (17 U.S.C. §1203(c))

INSTRUCTION NO. 41

DEFENDANT'S PROPOSED INSTRUCTION:

Under the DMCA, a person who has committed a violation by removal or alteration of copyright management information is liable for either:

(1)      the actual damages suffered by the party as a result of the violation, and any profits of the violator that are attributable to the violation and are not taken into account in computing the actual damages, or

(2)      statutory damages for each violation in the sum of not less than $2,500 or more than $25,000.

PLAINTIFF'S PROPOSED LANGUAGE:

The damages under the DMCA are:

(1)      In general – except as otherwise provided in this title, a person committing a violation of section 1201 or 1202 is liable for either –

(A)      the actual damages and any additional profits of the violator, as provided in paragraph (2), or

(B)      statutory damages, as provided in paragraph (3).

(2)      Actual damages – the court shall award to the complaining party the actual damages suffered by the party as a result of the violation, and any profits of the violator that are attributable to the violation and are not taken into account in computing the actual damages, if the complaining party elects such damages at any time before final judgment is entered.

(3)      Statutory damages –

---

17 U.S.C. § 1203(c)

SEADOCS:291915.1

1          (A)     At any time before final judgment is entered, a complaining party

2   may elect to recover an award of statutory damages for each violation of section 1201 in the sum

3   of not less than $200 or more than $2,500 per act of circumvention, device, product, component,

4   offer, or performance of service, as the court considers just.

5          (B)     At any time before final judgment is entered, a complaining party

6   may elect to recover an award of statutory damages for each violation of section 1202 in the sum

7   of not less than $2,500 or more than $25,000.

8          (4)     Innocent violations –

9          (A)     In general – the court in its discretion may reduce or remit the total

10  award of damages in any case in which the violator sustains the burden of proving, and the court

11  finds, that the violator was not aware and had no reason to believe that its acts constituted a

12  violation.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEADOCS:291915.1

1                                DAMAGES FOR LOST FILM

2                                 INSTRUCTION NO. 42

3                      DEFENDANT'S PROPOSED INSTRUCTION:

4            If you find that Propet failed to return film and/or images that were owned by Mr.

5 Shugart and that had been delivered to Propet, then you should ascertain a value for each such

6 lost film and/or images.  The value you attach to the lost film and/or images should be based on

7 the evidence that was presented at trial.

8

9                        PLAINTIFF'S PROPOSED LANGUAGE:

10          Propet objects to this instruction.  There is no evidence or legal basis to support it.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

_____

26  Jarvis v. K-2 Corp. Inc., No. 05-35609 (9th Cir. 04/30/2007)

SEADOCS:291915.1

Honorable Mary Alice Theiler

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9
10  PROPET USA, INC.,

11              Plaintiff,                    Case No. C06-0186 MAT

12         v.                                 PROPET'S PROPOSED VERDICT FORM

13  LLOYD SHUGART,

14              Defendant.

15

16         We, the jury, make the following answers to the questions submitted by the Court:

17  **QUESTION NO. 1:**

18         Did Propet infringe Shugart's copyrights?

19         Answer "Yes" or "No" _____

20

21  **QUESTION NO. 2:**

22         Did Propet knowingly or intentionally remove any copy management information

23  from Shugart's photographs?

24         Answer "Yes" or "No" _____

25

26

-1-

1         If the answer is "no" to Nos. 1 and 2, you are done.  If you answered "yes" to

2    either No. 1 or No. 2, continue to No. 3.

3    **QUESTION NO. 3:**

4         Did Shugart commence his copyright infringement action for infringements that

5    occurred in 2000-2007 within three years after the claim accrued?

6         Answer "Yes" or "No" _____

7

8         If the answer is "no" to No. 3, you are finished.  If the answer is "yes" to No. 3,

9    continue.

10   **QUESTION NO. 4:**

11        Are any of Shugart's damages caused by an infringement of his copyrights by

12   Propet?

13        Answer "Yes" or "No" _____

14        If "no" then you are finished.  If "yes" continue.

15   **QUESTION NO. 5:**

16        If the answer to No. 3 is "yes," what amount of money would compensate

17   Shugart?

18        Answer in dollars and cents.  _____

19

20        SIGNED this _____ day of _____, 2007.

21

22                       _____

                         JURY FOREPERSON

23

24

25

26

SEADOCS:291915.1

1

Honorable Mary Alice Theiler

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
9                    WESTERN DISTRICT OF WASHINGTON

10   PROPET USA, INC.,

11                    Plaintiff,              Case No. C06-0186 MAT

12        v.                                  LLOYD SHUGART'S PROPOSED
                                              VERDICT FORM
13   LLOYD SHUGART,

14                    Defendant.

15

16           We, the jury, make the following answers to the questions submitted by the Court:

17   **QUESTION NO. 1:**

18           Did Propet infringe Mr. Shugart's copyrights?

19           Answer "Yes" or "No" _____

20

21   **QUESTION NO. 2:**

22           Did Propet remove any copyright management information from Mr. Shugart's

23   digital images?

24           Answer "Yes" or "No" _____

25   **QUESTION NO. 3:**

26

-3-

SEADOCS:291915.1

1          Did Propet retain possession, refuse to return, or lost Mr. Shugart's original

2   images provided by Mr. Shugart to Propet?

3          Answer "Yes" or "No"   _____

4

5          If the answer is "no" to Nos. 1, 2 and 3, you are done.  If you answered "yes" to

6   either No. 1, No. 2, or No. 3 continue to No. 4.

7   **QUESTION NO. 4:**

8          Did Shugart commence his copyright infringement action for any infringements

9   that occurred in 2000-2007 within three years after any such claim accrued?

10         Answer "Yes" or "No"   _____

11

12         MR. SHUGART OBJECTS TO QUESTION 4 AS BEING VAGUE AND

13  MISLEADING

14

15         If the answer is "no" to No. 4, you are finished.  If the answer is "yes" to No. 4,

16  continue.

17  **QUESTION NO. 5:**

18         Are any of Mr. Shugart's damages caused by an infringement of his copyrights by

19  Propet?

20         Answer "Yes" or "No"   _____

21         If "no" then you are finished.  If "yes" continue.

22

23

24

25

26

SEADOCS:291915.1

**QUESTION NO. 6:**

Was Propet's infringement willful or innocent?

Answer _____

**QUESTION NO. 7:**

If the answer to No. 5 is "yes," and taking into account your answer to No. 6, what amount of money would compensate Mr. Shugart for Propet's infringement?

Answer in dollars and cents. _____

**QUESTION NO. 8:**

What amount of money would compensate Mr. Shugart for Propet's removal of any copyright management information from Mr. Shugart's digital images?

Answer in dollar and cents. _____

**QUESTION NO. 9:**

What amount of money would compensate Mr. Shugart for Propet's retention, refusal to return, or loss of Mr. Shugart's original images?

Answer in dollar and cents. _____

SIGNED this _____ day of _____, 2007.

_____

JURY FOREPERSON

SEADOCS:291915.1

1    I hereby certify that on this 17th day of September, 2007, I electronically filed

2  THE PARTIES' PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using the

3  CM/ECF system which will send notification of such filing to:

4
     Philip P. Mann                        John Whitaker
5    MANN LAW GROUP                        WHITAKER LAW GROUP
     1420 Fifth Avenue, Suite 2200         755 Winslow Way East, Suite 304
6    Seattle, Washington  98101            Bainbridge Island,  WA  98110
     (206) 274-5100                        john@wlawgrp.com
7    mannlaw@comcast.net                   (206) 319-1575
     phil@mannlawgroup.com
8    eryn@mannlawgroup.com

9          DATED this 17th day of September, 2007.

10                                   MILLER NASH LLP

11

12                                      _____/s/ James L. Phillips_____
                                        James L. Phillips, P.C.
13                                      WSB No. 13186
                                        Fax:    (206) 622-7485
14                                      Phone: (206) 622-8484
                                        james.phillips@millernash.com
15
                                        Attorneys for Plaintiff
16                                      Propet USA, Inc.

17

18

19

20

21

22

23

24

25

26

Certificate of Service - 1
(C06-0186 MAT)