UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PROPET USA, INC., | ) | CASE NO. C06-0186-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | SECOND MOTION FOR |
| LLOYD SHUGART, | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |

INTRODUCTION

The Court directed the parties to provide supplemental briefing on plaintiff's second motion for summary judgment. (Dkt. 82.) The parties timely submitted supplemental briefs in support and in opposition to plaintiff's motion. (Dkts. 97 & 105.) Now, having considered the briefing submitted, along with the remainder of the record, the Court hereby DENIES plaintiff's second motion for summary judgment (Dkt. 75).

BACKGROUND

The complete factual and procedural background in this case is outlined in the Court's initial Order addressing plaintiff's motion (*see* Dkt. 82) and will not be repeated here. Instead, the

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR SUMMARY JUDGMENT
PAGE -1

Court restates only the previously identified factual dispute at issue here; that is, a "film delivery memo" defendant contends accompanied all of his copyrighted photographic images and expressly limited plaintiff's use of the images, including, among other terms, a two-year duration of the license to use the images, as well as a seal on all film delivery packages that asserted defendant's exclusive rights and indicated that plaintiff's use and license was subject to all terms of the film delivery memo. (*See* Dkt. 63 at ¶¶ 5, 8 and Ex. A and Dkt. 62, Ex. A.)[1]

In its second motion for summary judgment, plaintiff argued that defendant conveyed a nonexclusive license to use the copyrighted works for their intended purpose and that, even giving defendant the benefit of the doubt as to the facts surrounding the film delivery memo and seal, defendant fails to support his contention that the film delivery memo imposed additional terms on plaintiff as a binding contract. Plaintiff specifically argued that defendant bears the burden of proving that plaintiff expressly accepted the additional terms and conditions contained within the film delivery memo and fails to satisfy that burden. However, the Court found plaintiff's contention that Washington law requires evidence of express assent in these circumstances insufficiently supported. The Court questioned the applicability of the case cited in support – *Arizona Retail Sys. v. Software Link, Inc.*, 831 F. Supp. 759 (D. Arizona 1993) – given the contradictory Washington case of *M. A. Mortenson Co. v. Timberline Software Corp.*, 93 Wash. App. 819, 970 P.2d 803 (Wash. Ct. App. 1999), *affirmed*, 140 Wash.2d 568, 998 P.2d 305

---

[1] Defendant also points to digital images delivered to plaintiff on CD, noting that the CD envelopes bore a seal, that his copyright was reflected on the face of every CD and upon downloading, and that each digital image contained an embedded copyright image, meaning the copyright notice would show whenever an image was loaded onto a page or photo editing software. (Dkt. 63, ¶¶ 9-10.)

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR SUMMARY JUDGMENT
PAGE -2

01  (Wash. 2000). The Court also reiterated a previously expressed concern as to the proper

02  applicability of case law involving "shrink wrap" or "click wrap" software license agreements,

03  which would include both *Arizona Retail Sys.* and *M.A. Mortenson Co.*, to this case. The Court

04  directed the parties to directly address these issues and to provide further guidance to the Court

05  as to the appropriate case law and statutory provisions to apply.

06  DISCUSSION

07  Summary judgment is appropriate when "the pleadings, depositions, answers to

08  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

09  genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

10  of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving

11  party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

12  showing on an essential element of his case with respect to which he has the burden of proof.

13  *Celotex*, 477 U.S. at 322-23.

14  Genuine issues of material fact that preclude summary judgment are "disputes over facts

15  that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby,*

16  *Inc.*, 477 U.S. 242, 248 (1986). In deciding a summary judgment motion, the court must view all

17  facts and inferences therefrom in the light most favorable to the nonmoving party. *See Warren*

18  *v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "[A] party opposing a properly supported

19  motion for summary judgment may not rest upon mere allegation or denials of his pleading, but

20  must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S.

21  at 256 (citing Fed. R. Civ. P. 56(e)).

22  In its supplemental brief, plaintiff argues that the software license cases are not on point.

01  Plaintiff notes that these cases indicate that assent to contract terms can be implied when a party

02  breaks open a package, and involved situations in which the contract terms and conditions were

03  physically printed on the package that contained the product, were physically delivered with the

04  package that contained the product, or were inside the box with the product upon its delivery.

05  (*See* Dkt. 97 at 2-3 (describing cases).)  Plaintiff asserts that, here, defendant's film was

06  accompanied only by a seal that referenced the film delivery memo and that, according to

07  defendant, he mailed the memo separately with the invoice to plaintiff's general address.  It avers

08  that, by physically separating the delivery of the material contract terms and conditions (in the

09  form of the film delivery memo) from the alleged act of implied assent to those terms (opening the

10  box containing the seal), this case is distinguishable from the software license cases.  That is,

11  plaintiff argues, unlike the parties found to have assented in those cases, plaintiff, in opening the

12  seal on the packages containing defendant's film, did not have the same opportunity to either

13  impliedly assent to or to reject the terms and conditions contained within the film delivery memo.

14  However, plaintiff succeeds only in distinguishing this case factually from the cases

15  involving software license agreements.  Significantly, it fails to establish the inapplicability of the

16  underlying law as to implied assent.  Indeed, Washington Courts have pointed to *M. A. Mortenson*

17  *Co.* as allowing for implied assent through conduct in contexts other than shrink wrap or click

18  wrap agreements.  *See*, *e.g.*, *Puget Sound Fin. v. Unisearch, Inc.*, 146 Wash.2d 428, 437-38, 47

19  P.3d 940 (2002) (concluding that, through either a trade usage or course of dealing analysis,

20  limited liability provisions included on search reports and sales invoices could be read into a

21  contract for services; citing *M. A. Mortenson Co.*, 140 Wash.2d at 571, 584, as supporting the

22  conclusion that an agreement between two entities "could be interpreted as a 'layered' contract,

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR SUMMARY JUDGMENT
PAGE -4

which incorporates the search reports and the sales invoices."); *Discover Bank v. Ray*, 162 P.3d 1131, 1133 (Wash. Ct. App. 2007) ("[T]he offeror may propose acceptance by conduct, and the buyer may accept by performing those acts proposed by the offeror."; concluding that, where credit card agreement clearly and unambiguously provided that use of the card constituted acceptance of the agreement and the defendant used the card for several years, there was sufficient evidence to establish that the defendant accepted the terms of the agreement through his conduct of using the credit card) (citing *M.A. Mortenson Co.*, 140 Wash.2d at 595).

Nor does plaintiff elsewhere in its supplemental brief support its previous argument that Washington law requires evidence of express assent. Instead, plaintiff points to RCW 62A.2-204(1) as stating: "A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Yet, this provision allows for the formation of "layered contracts" which may be evidenced by implication through, for example, a course of dealing between the parties. *See, e.g.*, *Puget Sound Fin.*, 146 Wn.2d at 437-38; *M.A. Mortenson Co.,* 140 Wash.2d at 582-85. Plaintiff, consequently, takes a different tack in its supplemental brief, arguing that no reasonable person would agree that the parties here engaged in a course of conduct that could be construed as plaintiff's agreement to the terms and conditions of the film delivery memo. However, this argument goes to the heart of the material factual disputes surrounding the film delivery memo and its impact, if any, on the contract at issue here. Therefore, again, the Court concludes that material factual disputes preclude summary judgment in this matter.

Finally, the Court addresses the additional arguments raised in plaintiff's supplemental brief. Plaintiff reads the Court's Order requesting supplemental briefing as also calling for

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR SUMMARY JUDGMENT
PAGE -5

01 additional argument on arguments raised only in plaintiff's first motion for summary judgment.

02 However, as noted by defendant, the Court made no such request. Plaintiff's belated attempt to

03 again raise these arguments, almost three months after the close of the dispositive motion deadline,

04 is not well taken.

## CONCLUSION

For the reasons described above, plaintiff's second motion for summary judgment (Dkt. 75) is DENIED.

DATED this 18th day of September, 2007.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge