01

02

03

04

05

06                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  PROPET USA, INC.,                    )    CASE NO. C06-0186-MAT
                                         )
09          Plaintiff,                   )
                                         )
10      v.                               )    ORDER RE: PENDING MOTIONS
                                         )    IN LIMINE AND MOTION TO
11  LLOYD SHUGART,                       )    PROCEED FIRST AT TRIAL
                                         )
12          Defendant.                   )
    _____     )
13

14          In the pretrial conference, the Court deferred ruling on defendant's motion in limine

15  seeking to preclude plaintiff from challenging the registration of defendant's copyright applications

16  now pending before the United States Copyright Office (Dkt. 84) and plaintiff's motion in limine

17  to exclude evidence of defendant's actual damages (Dkt. 86).  The Court also indicated that

18  defendant's motion to proceed first (Dkt. 85) would be resolved by the jurisdictional issue raised

19  by his unresolved motion in limine.  The parties submitted supplemental briefing on the

20  jurisdictional and damages issues.  (Dkts. 112-114.)  Now, having considered the documents

21  submitted in support and in opposition to the pending motions, the Court hereby finds and

22  ORDERS:

ORDER RE: PENDING MOTIONS IN LIMINE AND
MOTION TO PROCEED FIRST AT TRIAL
PAGE -1

01    (1)    Defendant has a number of applications for copyright registrations currently

02    pending before the United States Copyright Office and seeks to preclude plaintiff from challenging

03    the registration of those copyrights. However, as argued by plaintiff and as decided in other recent

04    cases before this Court, the undersigned reads 17 U.S.C. § 411(a) as reflecting that the absence

05    of copyright registrations deprives this Court of subject matter jurisdiction over any associated

06    claims of infringement. *See Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1111-13

07    (W.D. Wash. 2004) ("A district court does not have subject matter jurisdiction over an

08    infringement claim until the Copyright Office grants the registration application and issues a

09    certificate of registration.") and *Berry v. Penguin Group, Inc.*, 448 F. Supp. 2d 1202, 1203 (W.D.

10    Wash. 2006) (same). Accordingly, defendant's motion in limine seeking to preclude plaintiff from

11    challenging the registration of defendant's copyright applications now pending before the United

12    States Copyright Office (Dkt. 84) is DENIED. The Court clarifies that, in light of this ruling,

13    defendant may only pursue claims of infringement as to copyrighted images for which he has a

14    certificate of registration and must establish at trial the specific images for which the Copyright

15    Office has granted copyright registration.

16    (2)    Having resolved defendant's remaining motion in limine, the Court now addresses

17    his request to proceed first at trial. The Court finds this request reasonable and appropriate given

18    the issues to be resolved in this trial. As such, defendant's motion to proceed first (Dkt. 85) is

19    GRANTED.

20    (3)    In its motion in limine, plaintiff seeks to exclude evidence of defendant's actual

21    damages, asserting his repeated failure to disclose this evidence. In the supplemental briefing

22    provided, plaintiff challenges defendant's right, under 17 U.S.C. § 504(a), to either "actual

ORDER RE: PENDING MOTIONS IN LIMINE AND
MOTION TO PROCEED FIRST AT TRIAL
PAGE -2

01  damages and any additional profits of the infringer," or to statutory damages.  Plaintiff further

02  asserts defendant's failure to support his Digital Millennium Copyright Act ("DMCA") or "Lost

03  or Stolen Photos" claims.  Having considered all of the arguments raised, the Court DENIES

04  plaintiff's motion (Dkt. 86) subject to the following:

05                        (a)     <u>Actual Damages</u>:

06          Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual

07  damages suffered by him or her as a result of the infringement[.]"  "'Actual damages are usually

08  determined by the loss in the fair market value of the copyright, measured by the profits lost due

09  to the infringement or by the value of the use of the copyrighted work to the infringer.'"  *Polar*

10  *Bear Prods. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) (quoting *McRoberts Software, Inc.*

11  *v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003)).  The copyright owner may pursue a lost

12  license fee as actual damages.  *See*, *e.g.*, *id.*; *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488

13  F.3d 352, 359-60 (6th Cir. 2007); *Davis v. Gap, Inc.*, 246 F.3d 152, 166-67 (2d Cir. 2001).

14          In this case, defendant points to the paid invoices as evidence of his actual damages.  That

15  is, he maintains his right to the original fee paid where plaintiff, or third parties to whom plaintiff

16  distributed the images, utilized his copyrighted images outside of the claimed two-year license

17  period.  The Court finds this method of proof sufficient to determine defendant's actual damages.

18  However, the Court rejects defendant's assertion of his entitlement to the total amount plaintiff

19  paid for all of the images during their business relationship, in his estimate $185,000.00, from both

20  plaintiff and any infringing third parties, for a total of $370,000.00.  Instead, defendant is limited

21  to recovering actual damages for only those images shown by him to have been used in violation

22  of the asserted license terms and for which he has obtained a copyright registration, and bears the

ORDER RE: PENDING MOTIONS IN LIMINE AND
MOTION TO PROCEED FIRST AT TRIAL
PAGE -3

01  burden of demonstrating the amount owing for those specific images.

02              (b)      Additional Profits:

03          In addition to actual damages, a copyright owner may recover "any profits of the infringer

04  that are attributable to the infringement and are not taken into account in computing the actual

05  damages." 17 U.S.C. § 504(b). "In establishing the infringer's profits, the copyright owner is

06  required to present proof only of the infringer's gross revenue, and the infringer is required to

07  prove his or her deductible expenses and the elements of profit attributable to factors other than

08  the copyrighted work." *Id.* However, because "it is implicit that the profits sought are those that

09  arise from the infringement[,] . . . a copyright owner [seeking indirect additional profits] is

10  required to do more initially than toss up an undifferentiated gross revenue number; the revenue

11  stream must bear a legally significant relationship to the infringement." *Polar Bear Prods.*, 384

12  F.3d at 711. Therefore, "a plaintiff seeking to recover indirect profits must 'formulate the initial

13  evidence of gross revenue duly apportioned to relate to the infringement[,]'" and "is bound to no

14  more and no less than its statutory obligation to demonstrate a causal nexus between the

15  infringement and the profits sought." *Id.* (quoting 4 NIMMER ON COPYRIGHT § 14.03[B],

16  14-39; other cited source omitted). "'When an infringer's profits are only remotely and

17  speculatively attributable to infringement, courts will deny recovery to the copyright owner.'" *Id.*

18  (quoting 4 NIMMER ON COPYRIGHT § 14.03, 14-34 and citing  *Frank Music Corp. v.*

19  *Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 517 (9th Cir. 1985).)

20          In this case, defendant appears to seek indirect profits attributable to the infringement.

21  (*See* Dkt. 113 at 3.) However, while acknowledging his obligation to show a causal nexus

22  between plaintiff's alleged infringement and the profits sought, defendant, to date, presents only

ORDER RE: PENDING MOTIONS IN LIMINE AND
MOTION TO PROCEED FIRST AT TRIAL
PAGE -4

01 evidence of plaintiff's gross revenue for the period in question.  For the reasons described above,

02 such a showing is insufficient.  Accordingly, should defendant seek to pursue additional profits

03 attributable to the infringement at trial, he will need to demonstrate a causal nexus between

04 infringement of the specific images protected by a copyright registration and the profits sought.

05               (c)     <u>Statutory Damages</u>:

06       As noted above, under 17 U.S.C. § 504(a), (c), a copyright owner may elect to recover

07 statutory damages, instead of actual damages and any additional profits.  However, in order to

08 recover statutory damages, the copyrighted work must have been registered prior to the

09 commencement of the infringement, unless the registration is made within three months after the

10 first publication of the work.  17 U.S.C. § 412;   *Polar Bear Prods.*, 384 F.3d at 708 n.5

11 ("Because Polar Bear did not register its copyright before infringement, it can recover only actual

12 damages and profits under § 504(b), not statutory damages under § 504(c).") "[T]he first act of

13 infringement in a series of ongoing separate infringements 'commence[s]' one continuing

14 'infringement' under Section 412(2)." *Parfums Givenchy v. C & C Beauty Sales,* 832 F. Supp.

15 1378, 1393-95 (C.D. Cal. 1993) (citing cases finding same, including *Johnson v. University of*

16 *Virginia*, 606 F. Supp. 321, 325 (D. Va. 1985), wherein the court stated: "The court notes,

17 however, that the alleged post-registration infringements involve only photographs which were

18 first used by defendants prior to registration. Consequently, those alleged post-registration

19 infringements 'commenced' prior to registration, and thus pursuant to § 412, they provide no basis

20 for allowing statutory damages or attorney's fees."); *accord* 2 NIMMER ON COPYRIGHT §

21 7.16[C][I].

22       Defendant contends his right to statutory damages, asserting his ability to show that,

ORDER RE: PENDING MOTIONS IN LIMINE AND
MOTION TO PROCEED FIRST AT TRIAL
PAGE -5

01  because a number of his images were still within the alleged two-year licence period before the

02  effective registration date of April 10, 2006, acts of infringement commenced after that date.

03  Therefore, as conceded by defendant, in order to recover statutory damages, he will bear the

04  burden of proving, with respect to each specific image for which he has a copyright registration,

05  that plaintiff's first act of infringement of that image occurred after April 10, 2006.  Accordingly,

06  unless defendant can prove that a specific image or images were registered before (or within three

07  months) of the alleged infringement, he will not be able to recover statutory damages or attorney

08  fees.

09              (d)    DMCA Claim:

10          In its supplemental brief, plaintiff contests defendant's ability to prove his DMCA claim.

11  However, other than noting that the Court has discretion to reduce or remit an award of damages

12  under 17 U.S.C. § 1203(c)(5)(A) based on a finding of an innocent violation of the DMCA, the

13  parties do not appear to disagree as to the remedies available for proof of a violation.  Therefore,

14  to the extent defendant proves a DMCA violation at trial, he will be entitled to an award of

15  statutory damages as provided for in 17 U.S.C. § 1203(c)(3)[1] and the Court will, as noted by

16  plaintiff, retain the discretion to reduce or remit such an award as deemed appropriate.

17              (e)    Lost or Stolen Photos:

18          Plaintiff disputes the existence of any lost or stolen photos and, therefore, defendant's right

19  to any damages associated with such a claim.  Defendant asserts plaintiff's refusal to return some

20  975 images and points to the liquidated damages clause in the Film Delivery Memo in dispute in

21  _____

22          [1] Defendant cites only the statutory damages provisions of the DMCA in his trial brief and memorandum on damages.  (*See* Dkt. 111 at 7 and Dkt. 113 at 7.)

ORDER RE: PENDING MOTIONS IN LIMINE AND
MOTION TO PROCEED FIRST AT TRIAL
PAGE -6

01  this case as entitling him to the invoiced amount for each such image.  Alternatively, should the

02  trier-of-fact find the Film Delivery Memo unconscionable or otherwise non-binding, plaintiff offers

03  an estimated $500.00 fair market value for each of his images.  However, because the parties have

04  done little to elucidate the claim as to any lost or stolen photos, the Court finds itself unable to

05  render a ruling at this time on the issue of any possible damages.  Accordingly, the Court reserves

06  a ruling on this issue.

07          (4)     The Clerk is directed to send copies of this Order to counsel for plaintiff and

08  defendant.

09          DATED this 19th day of September, 2007.

10

11                                          Mary Alice Theiler
                                            United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

ORDER RE: PENDING MOTIONS IN LIMINE AND
MOTION TO PROCEED FIRST AT TRIAL
PAGE -7