Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROPET USA, INC.,

    Plaintiff,

    v.

LLOYD SHUGART,

    Defendant.

Case No. C06-0186 MAT

PROPOSED ADDITIONAL JURY INSTRUCTIONS

Pursuant to the Court's order requesting additional instructions, Propet USA, Inc. ("Propet") provides the following additional instructions regarding contract formation and existence of a license. Most of the proposed instructions are directly from Washington Pattern Jury instructions. The additional instructions on licenses are based on case law, as indicated.

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 1

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

INSTRUCTION NO. 1

PLAINTIFF'S PROPOSED LANGUAGE:

CONTRACT DEFINED

A contract is a legally enforceable promise or set of promises. In order for a promise or set of promises to be legally enforceable, there must be mutual assent and consideration.[1]

DEFENDANTS' PROPOSED LANGUAGE:

---

[1] WPI 301.01

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 2

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

INSTRUCTION NO. 2

PLAINTIFF'S PROPOSED LANGUAGE:

PROMISE DEFINED

A promise is an expression that justifies the person to whom it is made in reasonably believing that a commitment has been made that something specific will happen or not happen in the future. A promise may be expressed orally, in writing, or by conduct.[2]

DEFENDANTS' PROPOSED LANGUAGE:

---

[2] WPI 301.02

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 3

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

INSTRUCTION NO. 3

PLAINTIFF'S PROPOSED LANGUAGE:

MUTUAL ASSENT

In order for there to be mutual assent, the parties must agree on the essential terms of the contract, and must express to each other their agreement to the same essential terms.[3]

DEFENDANTS' PROPOSED LANGUAGE:

---

[3] WPI 301.03

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 4

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

INSTRUCTION NO. 4

PLAINTIFF'S PROPOSED LANGUAGE:

CONSIDERATION

Consideration is any act or promise bargained for and given in exchange for the promise of another. Propet asserts that it had an oral contract with Mr. Shugart for an unrestricted license to use his Photographs. Mr. Shugart asserts that the license was limited by the Film Delivery Memo. If you find that the money paid by Propet to Mr. Shugart was given in exchange for either promise, then there was consideration for that promise.[4]

DEFENDANTS' PROPOSED LANGUAGE:

---

[4] WPI 301.04

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 5

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

INSTRUCTION NO. 5

PLAINTIFF'S PROPOSED LANGUAGE:

CONTRACT INTERPRETATION

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.[5]

DEFENDANTS' PROPOSED LANGUAGE:

---

[5] WPI 301.05

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 6

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

INSTRUCTION NO. 6

PLAINTIFF'S PROPOSED LANGUAGE:

CONTRACT MODIFICATION

Once a contract has been entered into, mutual assent of the contracting parties is essential for any modification of the contract.

To establish a modification, the party asserting the modification must show, through the word or conduct of the parties, that there was an agreement of the parties on all essential terms of the contract modification, and that the parties intended the new terms to alter the contract. [6]

DEFENDANTS' PROPOSED LANGUAGE:

---

[6] WPI 301.07

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 7

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

INSTRUCTION NO. 7

PLAINTIFF'S PROPOSED LANGUAGE:

IMPLIED ASSENT; LICENSE TO USE

A contract to limit a party's license to use a product may bind a party through an implied assent only if there has been both an act of assent and the terms of the contract are immediately available.

**Comments:**

See e.g. *Arizona Retail Sys. v. Software Link, Inc.*, 831 F. Supp. 759 (D. Arizona 1993) (provisions in a license agreement accompanied each delivery of software); *M.A. Mortenson Co. v. Timberline Software Corp.*, 93 Wash. App. 819 (1999) (a form license agreement that is shipped with the diskettes); *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 939 F.2d 91, 93 (3rd Cir. 1991) ("The 'Limited Use License Agreement' printed on a package containing a copy of a computer program raises the central issue in this appeal."); *Puget Sound Fin. v. Unisearch*, 146 Wash. 2d 428 (2002)("We are now asked to determine whether limitations on consequential damages *presented in regular invoices* for the purchase of commercial services can be enforced against a business purchaser.")(emphasis added); *I. Lan Sys. v. Netscout Serv. Level Corp.*, 183 F. Supp. 2d 328, 330 (D. Mass. 2002) (terms of "click wrap" license were contained on the software itself and had to be scrolled through before clicking "accept"); *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447 (7th Cir. 1996)( the license was "encoded on the CD-ROM disks as well as printed in the manual, and which appears on a user's screen every time the software runs…").

DEFENDANTS' PROPOSED LANGUAGE:

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 8

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

INSTRUCTION NO. 8

PLAINTIFF'S PROPOSED LANGUAGE:

NON EXCLUSIVE LICENSE

If you find Mr. Shugart created a work at Propet's request and handed it over, intending that Propet copy and distribute it and there was no other contract governing the use of the photographs, you must conclude that Mr. Shugart impliedly granted nonexclusive license to Propet to use the photographs for Propet's intended purposes.

**Comments:**

See *Effects Associates Inc. vs. Larry Cohen et al.*, 908 F. 2d 555, 558 (9th Cir. 1990):

> Effects created a work at defendant's request and handed it over, intending that defendant copy and distribute it.*[footnote omitted]*  To hold that Effects did not at the same time convey a license to use the footage in "The Stuff" would mean that plaintiff's contribution to the film was "of minimal value," a conclusion that can't be squared with the fact that Cohen paid Effects almost $56,000 for this footage. Accordingly, we conclude that Effects impliedly granted nonexclusive licenses to Cohen and his production company to incorporate the special effects footage into "The Stuff" and to New World Entertainment to distribute the film.

*Id.* at 558; s*ee also Korman v. HBC Fla., Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999) (parties conduct indicates that jingle writer granted radio station non-exclusive right to continue playing jingle following termination of relationship between radio station and jingle writer); *Jacob Maxwell, Incorporated v. Veeck et al.*, 110 F.3d 749 (11th Cir. 1997) (songwriter created song at defendant's request and handed a master tape over, intending that defendant play the song at games).

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 9

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

DATED this 21st day of September, 2007.

        MILLER NASH LLP

/s/ *James L. Phillips*
James L. Phillips, P.C.
WSB No. 13186
james.phillips@millernash.com
(206) 622-8484

Attorneys for Plaintiff
Propet USA, Inc.

PROPOSED ADDITIONAL JURY INSTRUCTIONS
C06-0186-MAT 10

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

1   I hereby certify that on this 21st day of September, 2007, I electronically filed

2  PROPOSED ADDITIONAL JURY INSTRUCTIONS with the Clerk of the Court using the

3  CM/ECF system which will send notification of such filing to:

4
   Philip P. Mann                         John Whitaker
5  MANN LAW GROUP                         WHITAKER LAW GROUP
   1420 Fifth Avenue, Suite 2200          755 Winslow Way East, Suite 304
6  Seattle, Washington 98101              Bainbridge Island, WA 98110
   (206) 274-5100                         john@wlawgrp.com
7  mannlaw@comcast.net                    (206) 319-1575
   phil@mannlawgroup.com
8  eryn@mannlawgroup.com

9

10   Executed at Seattle, Washington, this 21st day of September, 2007.

11
                                    /s/ James L. Phillips
12                                  James L. Phillips, WSB No. 13186
                                    MILLER NASH LLP
13                                  Email: james.phillips@millernash.com

14                                     Attorneys for Plaintiff
                                       Propet USA, Inc.
15

16

17

18

19

20

21

22

23

24

25

26

Certificate of Service- 1
(C06-0186 MAT)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:292750.1