01
02
03
04
05
06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08 | PROPET USA, INC., | ) | CASE NO. C06-0186-MAT
09 | Plaintiff, | ) |
10 | v. | ) | COURT'S PRELIMINARY
 | | ) | JURY INSTRUCTIONS
11 | LLOYD SHUGART, | ) |
12 | Defendant. | ) |
13 | | ) |

14        DATED this 24th day of September, 2007.

15
16

Mary Alice Theiler
United States Magistrate Judge

17
18
19
20
21
22

COURT'S PRELIMINARY
JURY INSTRUCTIONS
PAGE -1

01                      **PRELIMINARY INSTRUCTION NO. 1**

02    **DUTY OF JURY**

03          Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on

04    the law.

05          These instructions are preliminary instructions to help you understand the principles that

06    apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed

07    to keep this set throughout the trial to which to refer. This set of instructions is not to be taken

08    home and must remain in the jury room when you leave in the evenings. At the end of the trial, I

09    will give you a final set of instructions. It is the final set of instructions which will govern your

10    deliberations.

11          You must not infer from these instructions or from anything I may say or do as indicating

12    that I have an opinion regarding the evidence or what your verdict should be.

13          It is your duty to find the facts from all the evidence in the case. To those facts you will

14    apply the law as I give it to you. You must follow the law as I give it to you whether you agree

15    with it or not. And you must not be influenced by any personal likes or dislikes, opinions,

16    prejudices, or sympathy. That means that you must decide the case solely on the evidence before

17    you. You will recall that you took an oath to do so.

18          In following my instructions, you must follow all of them and not single out some and

19    ignore others; they are all important.

20

21

22

COURT'S PRELIMINARY
JURY INSTRUCTIONS
PAGE -2

**PRELIMINARY INSTRUCTION NO. 2**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

01 **PRELIMINARY INSTRUCTION NO. 3**

02 **CLAIMS AND DEFENSES**

03      To help you follow the evidence, I will give you a brief summary of the positions of the

04 parties:

05      The following facts are admitted by the parties and you should therefore treat these facts

06 as having been proved:

07      1.    Propet U.S.A., Inc. (hereinafter "Propet") sells and distributes Propet brand shoes

08 throughout the United States.  Propet advertises its shoes in various media outlets that require

09 photographs.

10      2.    From 1999-2005 Propet regularly had Lloyd Shugart (hereinafter "Mr. Shugart")

11 take photographs.

12      3.    Mr. Shugart invoiced Propet for his services on a per-project basis.

13      4.    From 2003-2005, Propet paid Mr. Shugart in excess of $100,000.  All of Mr.

14 Shugart's invoices were paid.

15      Mr. Shugart claims that he provided a film delivery memo with all invoices he sent to

16 Propet, that he sealed each set of film delivered to Propet with a seal giving notice of the film

17 delivery memo, and that certain images provided in electronic form contained an electronically

18 embedded notice of his copyright ownership.  He asserts that the film delivery memo included a

19 number of terms, including, but not limited to, a license to use the photographic images for a

20 maximum of two years, a prohibition on use of the images by third parties without Mr. Shugart's

21 written approval, and an obligation to return all original images.

22      Mr. Shugart maintains that the film delivery memo constituted a written agreement

01    between the parties.  He claims that Propet was aware of and accepted the terms of the film

02    delivery memo, and that Propet violated those terms by, among other things, using certain images

03    for more than two years following delivery, permitting others to use the images, and failing to

04    return the images.  Mr. Shugart contends that Propet infringed his copyrights.  He also contends

05    that Propet unlawfully removed notice of his copyright ownership from certain images in violation

06    of the Digital Millennium Copyright Act and that Propet unlawfully failed to return certain images.

07         Propet disputes Mr. Shugart's claims.  It claims that it paid Mr. Shugart to take

08    photographs and in return Propet was licensed to use them in all reasonable ways related to

09    Propet's business, including the right to provide the photographs to third-party users for

10    advertising.  Propet denies the existence of any written agreement, asserting that it never

11    authorized or agreed to the film delivery memo and that the film delivery memo was not provided

12    to it on either all or substantially all of the deliveries of film.  It also raises other defenses.

13

14

15

16

17

18

19

20

21

22

COURT'S PRELIMINARY
JURY INSTRUCTIONS
PAGE -5

**PRELIMINARY INSTRUCTION NO. 4**

**PRELIMINARY INSTRUCTION—COPYRIGHT**

Mr. Shugart is the copyright owner and seeks damages against Propet for copyright infringement. Propet denies infringing the copyright and contends it had a license to use Mr. Shugart's images. Propet also raises other defenses. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION OF COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

**COPYRIGHT INTERESTS**

One who owns a copyright may agree to let another display the copyrighted work. The person to whom this right is transferred is called a licensee.

COURT'S PRELIMINARY
JURY INSTRUCTIONS
PAGE -6

**BURDEN OF PROOF**

In this case, Mr. Shugart contends that Propet has infringed his copyright. Mr. Shugart has the burden of proving by a preponderance of the evidence that Propet copied original elements of the copyrighted work outside the scope of any license to use the work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

**LIABILITY FOR INFRINGEMENT**

One who reproduces, distributes, or displays a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

**DEFENSES TO INFRINGEMENT**

Propet contends that there is no copyright infringement and that it had a license to use Mr. Shugart's images. There is no copyright infringement if Propet had an unlimited license to use the copyrighted work.  Propet also raises other defenses to infringement.

01 **PRELIMINARY INSTRUCTION NO. 5**

02 **WHAT IS EVIDENCE**

03      The evidence you are to consider in deciding what the facts are consists of:

04      (1) the sworn testimony of any witness;

05      (2) the exhibits which are received into evidence; and

06      (3) any facts to which the lawyers have agreed.

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

01 **PRELIMINARY INSTRUCTION NO. 6**

02 **WHAT IS NOT EVIDENCE**

03      In reaching your verdict, you may consider only the testimony and exhibits received into

04 evidence. Certain things are not evidence, and you may not consider them in deciding what the

05 facts are. I will list them for you:

06      (1)    Arguments and statements by lawyers are not evidence. The lawyers are not

07 witnesses. What they have said in their opening statements, will say in their closing arguments, and

08 at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as

09 you remember them differ from the way the lawyers have stated them, your memory of them

10 controls.

11      (2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to

12 their clients to object when they believe a question is improper under the rules of evidence. You

13 should not be influenced by the objection or by the court's ruling on it.

14      (3)    Testimony that has been excluded or stricken, or that you have been instructed to

15 disregard, is not evidence and must not be considered. In addition sometimes testimony and

16 exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow

17 it.

18      (4)    Anything you may have seen or heard when the court was not in session is not

19 evidence. You are to decide the case solely on the evidence received at the trial.

20

21

22

01 **PRELIMINARY INSTRUCTION NO. 7**

02 **EVIDENCE FOR LIMITED PURPOSE**

03       Some evidence may be admitted for a limited purpose only.

04       When I instruct you that an item of evidence has been admitted for a limited purpose, you

05 must consider it only for that limited purpose and for no other.

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

01          **PRELIMINARY INSTRUCTION NO. 8**

02    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

03          Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

04    testimony by a witness about what that witness personally saw or heard or did. Circumstantial

05    evidence is proof of one or more facts from which you could find another fact. You should

06    consider both kinds of evidence. The law makes no distinction between the weight to be given to

07    either direct or circumstantial evidence. It is for you to decide how much weight to give to any

08    evidence.

09          By way of example, if you wake up in the morning and see that the sidewalk is wet, you

10    may find from that fact that it rained during the night. However, other evidence, such as a turned

11    on garden hose, may provide a different explanation for the presence of water on the sidewalk.

12    Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

13    consider all the evidence in the light of reason, experience, and common sense.

14

15

16

17

18

19

20

21

22

**PRELIMINARY INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**PRELIMINARY INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Neither proof of a fact, nor the weight of the evidence necessarily depends on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case and any bias or prejudice;

    (5)    whether other evidence contradicted the witness's testimony;

    (6)    the reasonableness of the witness's testimony in light of all the evidence; and

    (7)    any other factors that bear on believability.

01

**PRELIMINARY INSTRUCTION NO. 11**

02 **CORPORATIONS**

03        Under the law, a corporation is considered to be a person. It can only act through its

04 employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its

05 employees, agents, directors, and officers performed within the scope of authority.

06        All parties are equal before the law and a corporation is entitled to the same fair and

07 conscientious consideration by you as any party.

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

01 **PRELIMINARY INSTRUCTION NO. 12**

02 **CHARTS AND SUMMARIES**

03       Certain charts and summaries not received in evidence may be shown to you in order to

04 help explain the contents of books, records, documents, or other evidence in the case. They are

05 not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures

06 shown by the evidence in the case, you should disregard these charts and summaries and determine

07 the facts from the underlying evidence.

08       Certain charts and summaries may be received into evidence to illustrate information

09 brought out in the trial. Charts and summaries are only as good as the underlying evidence that

10 supports them. You should, therefore, give them only such weight as you think the underlying

11 evidence deserves.

12

13

14

15

16

17

18

19

20

21

22

01 **PRELIMINARY INSTRUCTION NO. 13**

02 **CONDUCT OF THE JURY**

03      I will now say a few words about your conduct as jurors.

04      First, you are not to discuss this case with anyone, including members of your family,

05 people involved in the trial, or anyone else; this includes discussing the case in internet chat

06 rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to

07 permit others to discuss the case with you. If anyone approaches you and tries to talk to you

08 about the case, please let me know about it immediately;

09      Second, do not read or listen to any news stories, articles, radio, television, or online

10 reports about the case or about anyone who has anything to do with it;

11      Third, do not do any research, such as consulting dictionaries, searching the Internet or

12 using other reference materials, and do not make any investigation about the case on your own;

13      Fourth, if you need to communicate with me simply give a signed note to the clerk to

14 give to me; and

15      Fifth, do not make up your mind about what the verdict should be until after you have

16 gone to the jury room to decide the case and you and your fellow jurors have discussed the

17 evidence. Keep an open mind until then.

18      Finally, until this case is given to you for your deliberation and verdict, you are not to

19 discuss the case with your fellow jurors.

20

21

22

**PRELIMINARY INSTRUCTION NO. 14**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

COURT'S PRELIMINARY
JURY INSTRUCTIONS
PAGE -17

01 **PRELIMINARY INSTRUCTION NO. 15**

02 **TAKING NOTES**

03     If you wish, you may take notes to help you remember the evidence. If you do take

04 notes, please keep them to yourself until you and your fellow jurors go to the jury room to

05 decide the case. Do not let note-taking distract you. When you leave, your notes should be left

06 in the jury room. No one will read your notes. They will be destroyed at the conclusion of the

07 case.

08     Whether or not you take notes, you should rely on your own memory of the evidence.

09 Notes are only to assist your memory. You should not be overly influenced by your notes or

10 those of your fellow jurors.

11

12

13

14

15

16

17

18

19

20

21

22

01 **PRELIMINARY INSTRUCTION NO. 16**

02 **BENCH CONFERENCES AND RECESSES**

03        From time to time during the trial, it may become necessary for me to talk with the

04 attorneys out of the hearing of the jury, either by having a conference at the bench when the

05 jury is present in the courtroom, or by calling a recess. Please understand that while you are

06 waiting, we are working. The purpose of these conferences is not to keep relevant information

07 from you, but to decide how certain evidence is to be treated under the rules of evidence and

08 to avoid confusion and error.

09        Of course, we will do what we can to keep the number and length of these conferences

10 to a minimum. I may not always grant an attorney's request for a conference. Do not consider

11 my granting or denying a request for a conference as any indication of my opinion of the case

12 or of what your verdict should be.

13

14

15

16

17

18

19

20

21

22

**PRELIMINARY INSTRUCTION NO. 17**

You may notice during the trial that you will pass a lawyer or party to the case in the hall or the elevator, or in the street outside, and you will not be greeted.  If that happens it does not reflect any impoliteness.  One of the customs of the court is that parties and lawyers do not greet jurors.  The purpose is to avoid any impression of trying to curry favor with the juror.

01    **PRELIMINARY INSTRUCTION NO. 18**

02    **OUTLINE OF TRIAL**

03          Trials proceed in the following way: First, each side may make an opening statement.

04    An opening statement is not evidence. It is simply an outline to help you understand what that

05    party expects the evidence will show. A party is not required to make an opening statement.

06          Mr. Shugart will then present evidence, and counsel for Propet may cross-examine.

07    Then Propet may present evidence, and counsel for Mr. Shugart may cross-examine.

08          After the evidence has been presented, I will instruct you on the law that applies to the

09    case and the attorneys will make closing arguments.

10          After that, you will go to the jury room to deliberate on your verdict.

11

12

13

14

15

16

17

18

19

20

21

22

01 **PRELIMINARY INSTRUCTION NO. 19**

02 **CAUTIONARY INSTRUCTION—FIRST RECESS**

03     We are about to take our first break during the trial, and I want to remind you of the

04 instruction I gave you earlier. Until the trial is over, you are not to discuss this case with

05 anyone, including your fellow jurors, members of your family, people involved in the trial, or

06 anyone else, nor are you allowed to permit others to discuss the case with you. If anyone

07 approaches you and tries to talk to you about the case, please let me know about it

08 immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to

09 keep an open mind until all the evidence has been received and you have heard the arguments

10 of counsel, the instructions of the court, and the views of your fellow jurors.

11     If you need to speak with me about anything, simply give a signed note to the clerk to

12 give to me.

13     I may not repeat these admonitions each time we recess or adjourn, but you should

14 remember them on such occasions.

15

16

17

18

19

20

21

22

COURT'S PRELIMINARY
JURY INSTRUCTIONS
PAGE -22