01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROPET USA, INC.,                          )    CASE NO. C06-0186-MAT
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )
                                           )    COURT'S FINAL
LLOYD SHUGART,                             )    INSTRUCTIONS
                                           )
            Defendant.                     )
                                           )
_____        )

      DATED this 26th day of September, 2007.


                              _____
                              Mary Alice Theiler
                              United States Magistrate Judge

FINAL INSTRUCTIONS
PAGE -1

01                                    **INSTRUCTION NO. 1**

02    **DUTY OF JURY**

03          Members of the Jury: Now that you have heard all of the evidence and the arguments of

04    the attorneys, it is my duty to instruct you as to the law of the case.  A copy of these instructions

05    will be sent with you to the jury room when you deliberate.

06          You must not infer from these instructions or from anything I may say or do as indicating

07    that I have an opinion regarding the evidence or what your verdict should be.

08          It is your duty to find the facts from all the evidence in the case. To those facts you will

09    apply the law as I give it to you. You must follow the law as I give it to you whether you agree

10    with it or not. And you must not be influenced by any personal likes or dislikes, opinions,

11    prejudices, or sympathy. That means that you must decide the case solely on the evidence before

12    you. You will recall that you took an oath to do so.

13          In following my instructions, you must follow all of them and not single out some and

14    ignore others; they are all important.

15

16

17

18

19

20

21

22

23

24

25

26

01 **INSTRUCTION NO. 2**

02 **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

03      When a party has the burden of proof on any claim by a preponderance of the evidence,

04 it means you must be persuaded by the evidence that the claim is more probably true than not true.

05      You should base your decision on all of the evidence, regardless of which party presented

06 it.

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL INSTRUCTIONS
PAGE -3

**INSTRUCTION NO. 3**

**CLAIMS AND DEFENSES**

A brief summary of the positions of the parties is as follows:

The following facts are admitted by the parties and you should therefore treat these facts as having been proved:

1.     Propet U.S.A., Inc. (hereinafter "Propet") sells and distributes Propet brand shoes throughout the United States.  Propet advertises its shoes in various media outlets that require photographs.

2.     From 1999-2005 Propet regularly had Lloyd Shugart (hereinafter "Mr. Shugart") take photographs.

3.     Mr. Shugart invoiced Propet for his services on a per-project basis.

4.     From 2003-2005, Propet paid Mr. Shugart in excess of $100,000.  All of Mr. Shugart's invoices were paid.

Mr. Shugart claims that he provided a film delivery memo with all invoices he sent to Propet, that he sealed each set of film delivered to Propet with a seal giving notice of the film delivery memo, and that certain images provided in electronic form contained an electronically embedded notice of his copyright ownership.  He asserts that the film delivery memo included a number of terms, including, but not limited to, a license to use the photographic images for a maximum of two years, a prohibition on use of the images by third parties without Mr. Shugart's written approval, and an obligation to return all original images.

Mr. Shugart maintains that the film delivery memo constituted a written agreement between the parties.  He claims that Propet was aware of and accepted the terms of the film delivery memo, and that Propet violated those terms by, among other things, using certain images for more than two years following delivery, permitting others to use the images, and failing to return the images.  Mr. Shugart contends that Propet infringed his copyrights.  He also contends that Propet unlawfully removed notice of his copyright ownership from certain images in violation

FINAL INSTRUCTIONS
PAGE -4

01  of the Digital Millennium Copyright Act and that Propet unlawfully failed to return certain images.

02  Propet disputes Mr. Shugart's claims. It claims that it paid Mr. Shugart to take

03  photographs and in return Propet was licensed to use them in all reasonable ways related to

04  Propet's business, including the right to provide the photographs to third-party users for

05  advertising. Propet denies the existence of any written agreement, asserting that it never

06  authorized or agreed to the film delivery memo and that the film delivery memo was not provided

07  to it on either all or substantially all of the deliveries of film. It also raises other defenses.

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL INSTRUCTIONS
PAGE -5

01

**INSTRUCTION NO. 4**

02 **WHAT IS EVIDENCE**

03      The evidence you are to consider in deciding what the facts are consists of:

04      (1) the sworn testimony of any witness;

05      (2) the exhibits which are received into evidence; and

06      (3) any facts to which the lawyers have agreed.

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

FINAL INSTRUCTIONS
PAGE -7

01 **INSTRUCTION NO. 6**

02 **EVIDENCE FOR LIMITED PURPOSE**

03    Some evidence may be admitted for a limited purpose only.

04    When I instructed you that an item of evidence has been admitted for a limited purpose,

05 you must consider it only for that limited purpose and for no other.

FINAL INSTRUCTIONS
PAGE -8

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

At times, I may have ordered that evidence be stricken from the record and that you were to disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Neither proof of a fact, nor the weight of the evidence necessarily depends on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

01

**INSTRUCTION NO. 10**

02 **CORPORATIONS**

03        Under the law, a corporation is considered to be a person. It can only act through its

04 employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its

05 employees, agents, directors, and officers performed within the scope of authority.

06        All parties are equal before the law and a corporation is entitled to the same fair and

07 conscientious consideration by you as any party.

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 11**

**CHARTS AND SUMMARIES**

Certain charts and summaries not received in evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

FINAL INSTRUCTIONS
PAGE -13

**INSTRUCTION NO. 12**

**TAKING NOTES**

When you leave, any notes you took should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

FINAL INSTRUCTIONS
PAGE -14

**INSTRUCTION NO. 13**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I may have not always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

FINAL INSTRUCTIONS
PAGE -15

**INSTRUCTION NO. 14**

You may have noticed during the trial that you passed a lawyer or party to the case in the hall or the elevator, or in the street outside, and you were not be greeted. If that happened it did not reflect any impoliteness. One of the customs of the court is that parties and lawyers do not greet jurors. The purpose is to avoid any impression of trying to curry favor with the juror.

FINAL INSTRUCTIONS
PAGE -16

01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO. 15**

**CONTRACT DEFINED**

A contract is a legally enforceable promise or set of promises. In order for a promise or set of promises to be legally enforceable, there must be mutual assent and consideration.

01

**INSTRUCTION NO. 16**

02 **PROMISE DEFINED**

03      A promise is an expression that justifies the person to whom it is made in reasonably

04 believing that a commitment has been made that something specific will happen or not happen in

05 the future. A promise may be expressed orally, in writing, or by conduct.

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL INSTRUCTIONS
PAGE -18

01

**INSTRUCTION NO. 17**

02 **MUTUAL ASSENT – GENERALLY**

03          In order for there to be mutual assent, the parties must agree on the essential terms of

04 the contract, and must express to each other their agreement to the same essential terms.

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL INSTRUCTIONS
PAGE -19

01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO. 18**

**MUTUAL ASSENT – OFFER AND ACCEPTANCE**

Mutual assent generally takes the form of an offer and an acceptance.

An offer is the manifested willingness to enter into a bargain, inviting acceptance. An acceptance is a manifested assent to the terms of the offer.

If an offer does not specify a particular method or manner of acceptance, the party wishing to accept the offer may do so by any words and/or conduct which, under the circumstances, would lead a reasonable person to conclude that the offer had been accepted.

FINAL INSTRUCTIONS
PAGE -20

**INSTRUCTION NO. 19**

**MUTUAL ASSENT – IMPLICATION FROM CIRCUMSTANCES**

A contract may arise by inference or implication from circumstances such as the ordinary course of dealing between the parties or the common understanding within a commercial or social setting which shows a mutual intention on the part of the parties to contract with each other.  Thus, mutual intention may be deduced from circumstances.

01

**INSTRUCTION NO. 20**

02 **CONSIDERATION**

03
04      Consideration is any act or promise bargained for and given in exchange for the
promise of another. Propet asserts that it had an oral contract with Mr. Shugart for an
05 unrestricted license to use his Photographs. Mr. Shugart asserts that the license was limited by
06 the Film Delivery Memo.  If you find that the money paid by Propet to Mr. Shugart was given
07 in exchange for either promise, then there was consideration for that promise.

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

01

**INSTRUCTION NO. 21**

02 **BURDEN OF PROOF**

03        Proof of the existence of a contract, or particular contract terms, is by a preponderance

04 of the evidence, which means you must be persuaded by the evidence that the claim is more

05 probably true than not true.  The party asserting the existence of a particular contract, or

06 contract terms, bears the burden of proof.

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL INSTRUCTIONS
PAGE -23

01

**INSTRUCTION NO. 22**

02 **CONTRACT INTERPRETATION**

03
    A contract is to be interpreted to give effect to the intent of the parties at the time they
04 entered the contract.

05
    You are to take into consideration all the language used in the contract, giving to the
06 words their ordinary meaning, unless the parties intended a different meaning.

07
    You are to determine the intent of the contracting parties by viewing the contract as a
08 whole, considering the subject matter and apparent purpose of the contract, all the facts and

09 circumstances leading up to and surrounding the making of the contract, the subsequent acts

10 and conduct of the parties to the contract, and the reasonableness of the respective

11 interpretations offered by the parties.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL INSTRUCTIONS
PAGE -24

**INSTRUCTION NO. 23**

**CONTRACT MODIFICATION**

Once a contract has been entered into, mutual assent of the contracting parties is essential for any modification of the contract.

To establish a modification, the party asserting the modification must show, through the word or conduct of the parties, that there was an agreement of the parties on all essential terms of the contract modification, and that the parties intended the new terms to alter the contract.

FINAL INSTRUCTIONS
PAGE -25

01

**INSTRUCTION NO. 24**

02  **NON EXCLUSIVE LICENSE**

03        If you find Mr. Shugart created a work at Propet's request and handed it over, with

04  both parties intending that Propet copy and distribute it, and that there were no other

05  contractual terms governing the use of the photographs, you must conclude that Mr. Shugart

06  impliedly granted nonexclusive license to Propet to use the photographs for Propet's intended

07  purposes and that there was no copyright infringement.

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

01

**INSTRUCTION NO. 25**

02

**COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID  COPYRIGHT—**
**DEFINITION (17 U.S.C. §§ 201–205)**

03

04          You are instructed that this Court has found Mr. Shugart to be the owner of a valid

05 copyright in the photographs for which he obtained copyright registrations VA 1-349-168 and

06 VA 1-349-169.

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 26**

**COPYRIGHT INFRINGEMENT—ELEMENTS (17 U.S.C. § 501(a)–(b))**

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Mr. Shugart's copyright infringement claim, Mr. Shugart has the burden of proving both of the following by a preponderance of the evidence:

1.    Mr. Shugart is the owner of a valid copyright; and

2.    Propet did not have a license to use the copyrighted work or that if it did have a license, that it used the copyrighted work outside the scope of its license.

Because the Court has already ruled that Mr. Shugart owns the copyright in Copyright Registrations VA 1-349-168 and VA 1-349-169, the issue before you is to determine whether Propet used the copyrighted works improperly by exceeding the scope of the license or using the copyrighted works after authority to do so was terminated.

If you find that Mr. Shugart has proved both of these elements, your verdict should be for Mr. Shugart on copyright infringement. If, on the other hand, Mr. Shugart has failed to prove either of these elements, your verdict should be for Propet on copyright infringement.

01

**INSTRUCTION NO. 27**

02 **DAMAGES—PROOF**

03
It is the duty of the Court to instruct you about the measure of damages. By instructing
04
you on damages, the Court does not mean to suggest for which party your verdict should be
05
rendered.
06

07
If you find for Mr. Shugart on any of his claims, you must determine his damages. Mr.
08
Shugart has the burden of proving damages by a preponderance of the evidence. Damages means
09
the amount of money that will reasonably and fairly compensate Mr. Shugart for any injury you
10
find was caused by Propet. It is for you to determine what damages, if any, have been proved.
11
Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 28**

**COPYRIGHT—DAMAGES (17 U.S.C. § 504)**

If you find for Mr. Shugart on his copyright infringement claim, you must determine Mr. Shugart's damages. Mr. Shugart is entitled to recover the actual damages he suffered, if any, as a result of the infringement. Mr. Shugart may ask for an award of statutory damages. I am first going to instruct you about actual damages. Later, I will discuss statutory damages. The special verdict form asks you questions about both and you should answer both if you find for Mr. Shugart on the issue of copyright infringement. Mr. Shugart must prove damages by a preponderance of the evidence.

**INSTRUCTION NO. 29**

**COPYRIGHT—DAMAGES—ACTUAL DAMAGES (17 U.S.C. § 504(b))**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by Propet of Mr. Shugart's work. That amount could include the lost license fees, if any, Mr. Shugart would have received for Propet's unauthorized use of Mr. Shugart's work.

FINAL INSTRUCTIONS
PAGE -31

01

**INSTRUCTION NO. 30**

02 **COPYRIGHT DAMAGES—STATUTORY DAMAGES (17 U.S.C. § 504(c))**

03
04      The copyright owner is entitled to recover a statutory damages award, established by Congress, for each work infringed. Its purpose is to penalize the infringer and deter future

05 violations of the copyright laws.

06
07      In order to recover statutory damages, the copyrighted work must have been registered prior to the commencement of the infringement, unless the registration is made within three

08 months after the first publication of the work.  In this case, copyright registrations VA 1-349-168

09 and VA 1-349-169 have an effective date of registration of April 10, 2006.

10
11      As a general proposition, the amount you may award as statutory damages is not less than

12 $750, nor more than $30,000 for each work you conclude was infringed.

13      There are two circumstances when the amount can be below or exceed this normal range.

14      First, if you find the infringement was innocent, you may award as little as $200 for each

15 work innocently infringed.

16      Second, if you find the infringement was willful, you may award as much as $150,000 for

17 each work willfully infringed.

18
19      Instruction Number 31 and Instruction Number 32 will tell you what constitutes innocent infringement and what constitutes willful infringement.

20

21

22

23

24

25

26

**INSTRUCTION NO. 31**

**COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT (17 U.S.C. § 504(c)(2))**

An infringement is considered innocent when Propet has proved both of the following elements by a preponderance of the evidence:

1.    Propet was not aware that its acts constituted infringement of the copyright; and

2.    Propet had no reason to believe that its acts constituted an infringement of the copyright.

FINAL INSTRUCTIONS
PAGE -33

01

**INSTRUCTION NO. 32**

02 **COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT (17 U.S.C. § 504(c)(2))**

03        An infringement is considered willful when Mr. Shugart has proved both of the following

04 elements by a preponderance of the evidence:

05        1.        Propet engaged in acts that infringed the copyright; and

06

07        2.        Propet knew that those acts infringed the copyright.

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL INSTRUCTIONS
PAGE -34

**INSTRUCTION NO. 33**

**COPYRIGHT MANAGEMENT INFORMATION**

Under the Digital Millennium Copyright Act (DMCA), the term "copyright management information" includes any of the following information conveyed in connection with copies of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy or display of a work:

(1)     The title and other information identifying the work, including the information set forth on a notice of copyright.

(2)     The name of, and other identifying information about, the author of a work.

(3)     The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

(4)     Terms and conditions for use of the work.

(5)     Identifying numbers or symbols referring to such information or links to such information.

FINAL INSTRUCTIONS
PAGE -35

**INSTRUCTION NO. 34**

**REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**

Under the DMCA, no person shall, without the authority of the copyright owner or the law:

(1)     intentionally remove or alter any copyright management information,

(2)     distribute copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(3)     distribute copies of works knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under the DMCA.

**INSTRUCTION NO. 35**

**DAMAGES FOR REMOVAL OF COPYRIGHT INFORMATION**

A person who has committed a violation of the DMCA by removal or alteration of copyright management information is liable for statutory damages for each violation in the sum of not less than $ 2,500 or more than $ 25,000.

FINAL INSTRUCTIONS
PAGE -37

**INSTRUCTION NO. 36**

**EXTRATERRITORIAL ACTS**

The Copyright law and DMCA only apply to infringements or removal of copyright management information that take place within the United States. If you find that there have been infringements or removals of copyright management information which have occurred only outside the United States, then your verdict should be for Propet. On the other hand, if you find that there have been infringements or removals of copyright management information that have taken place both inside the United States and outside the United States, then you should find for Mr. Shugart, but award damages only for those infringements or removals of copyright management information that occurred within the United States.

FINAL INSTRUCTIONS
PAGE -38

**INSTRUCTION NO. 37**

**DAMAGES FOR LOST FILM**

If you find that Propet did not have an unlimited license and failed to return film and/or images that were owned by Mr. Shugart and that had been delivered to Propet, then you should ascertain a value, if any, for each such lost film and/or image. The value you attach to the lost film and/or images should be based on the evidence that was presented at trial.

**INSTRUCTION NO. 38**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

01

**INSTRUCTION NO. 39**

02

**COMMUNICATION WITH COURT**

03

   If it becomes necessary during your deliberations to communicate with me, you may

04

send a note through the bailiff, signed by your presiding juror or by one or more members of

05

the jury. No member of the jury should ever attempt to communicate with me except by a

06

signed writing, and I will communicate with any member of the jury on anything concerning

07

the case only in writing, or here in open court. If you send out a question, I will consult with

08

the parties before answering it, which may take some time. You may continue your

09

deliberations while waiting for the answer to any question. Remember that you are not to tell

10

anyone – including me – how the jury stands, numerically or otherwise, until after you have

11

reached a unanimous verdict or have been discharged. Do not disclose any vote count in any

12

note to the court.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL INSTRUCTIONS
PAGE -41

01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### INSTRUCTION NO. 40

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

FINAL INSTRUCTIONS
PAGE -42