01

02

03

04

05

06

07                     UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
08                             AT SEATTLE

09  PROPET USA, INC.,                    )    CASE NO. C06-0186-MAT
                                         )
10          Plaintiff,                   )
                                         )
11      v.                               )    ORDER DENYING PLAINTIFF'S
                                         )    MOTION FOR REMITTER AND
12  LLOYD SHUGART,                       )    RULING ON EQUITABLE
                                         )    DEFENSES
13          Defendant.                   )
    _____ )
14

15                          INTRODUCTION

16          Plaintiff filed a Motion for Remitter and Ruling on Equitable Defenses.  (Dkt. 138.)

17  Defendant objects to the motion. (Dkt. 140.)  Now, having considered the papers filed in support

18  and in opposition, along with the remainder of the record, the Court hereby DENIES plaintiff's

19  motion.

20                           DISCUSSION

21          On September 27, 2007, a jury found in defendant's favor on his three counterclaims –

22  copyright infringement, violation of the Digital Millennium Copyright Act (DMCA), and

ORDER
PAGE -1

01  stolen/lost photos.  (Dkt. 136.)  Plaintiff now seeks a ruling on its equitable defenses – waiver,

02  estoppel, and unjust enrichment – and requests that damages be remitted in whole or in part.[1]

03      "Waiver is the intentional relinquishment of a known right with knowledge of its existence

04  and the intent to relinquish it."  *CBS, Inc. v. Merrick*, 716 F.2d 1292, 1295 (9th Cir. 1983).  It

05  may occur through words or conduct.  *Id*.  In the context of copyright infringement, "waiver or

06  abandonment of copyright 'occurs only if there is an intent by the copyright proprietor to

07  surrender rights in his work.'"  *A & M Records Inc. v. Napster Inc.*, 239 F.3d 1004, 1026 (9th Cir.

08  2001) (quoting 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.06 (2000)).

09  The abandonment "must be manifested by some overt act indicating an intention to abandon that

10  right."  *Micro Star v. Formgen, Inc.*  , 154 F.3d 1107, 1114 (9th Cir. 1998).  Estoppel requires

11  proof of four elements: "(1) The party to be estopped must know the facts; (2) he must intend that

12  his conduct shall be acted on or must so act that the party asserting the estoppel has a right to

13  believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on

14  the former's conduct to his injury."  *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104

15  (9th Cir. 1960); *accord* NIMMER ON COPYRIGHT § 13.07.  Finally, "[u]njust enrichment occurs

16  when one retains money or benefits which in justice and equity belong to another."  *Bailie*

17  *Commc'ns v. Trend Bus. Sys.*, 61 Wn. App. 151, 160, 810 P. 2d 12 (Wash. App. 1991).

18      The Court properly determines the merit of these equitable defenses.  *See*, *e.g.*, *Granite*

19

20      [1] Plaintiff refers generally to and defines the equitable defense of unclean hands.  *See*
21  BLACKS'S LAW DICTIONARY 268 (8th ed. 2004) ("[A] party cannot seek equitable relief or assert
    an equitable defense if that party has violated an equitable principle[.]")  However, because
22  plaintiff does not present a specific argument of unclean hands in relation to any of defendant's
    claims, the Court does not address any such defense herein.

ORDER
PAGE -2

01  *State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is

02  not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in

03  nature.")  For the reasons described below, the Court concludes that plaintiff fails to support its

04  entitlement to any of these defenses, or to otherwise support the remission of the damages

05  awarded either in whole or in part.

06  A.      Copyright Infringement

07          Plaintiff first argues that the film delivery memo at issue in this case, and its two-year

08  license, is unenforceable based on the doctrines of equitable estoppel and waiver.  To the extent

09  pertinent to defendant's stolen/lost photos claim, plaintiff's arguments are addressed below.  The

10  Court here addresses the arguments specifically directed towards plaintiff's copyright infringement

11  claim; that is, that defendant waived, or abandoned, his rights in his copyrights and should be

12  estopped from asserting copyright infringement, as well as that the statutory damages award for

13  copyright infringement constitutes unjust enrichment and should be remitted.

14          Plaintiff points to evidence that defendant's copyright notices were not placed on his works

15  over a five-year period as sufficient to show that defendant abandoned his copyrights in those

16  works.  Yet, as noted by defendant,  a copyright notice need not be attached to a copyrighted

17  work.  *See* 17 U.S.C. § 401(a) ("[A] notice of copyright as provided by this section *may* be placed

18  on publicly distributed copies from which the work can be visually perceived, either directly or

19  with the aid of a machine or device.") (emphasis added).  Nor does plaintiff otherwise point to

20  evidence of some overt act indicating defendant's intention to abandon his copyrights. *See Micro*

21  *Star*, 154 F.3d at 1114.

22          Plaintiff similarly argues the appropriate application of estoppel given the absence of any

01  complaints from defendant as to the use of his images over a five-year period.   Yet, given

02  defendant's testimony that he was not aware of any infringement until 2005, when he first objected

03  to improper use, and the absence of evidence contradicting that testimony, plaintiff's estoppel

04  argument necessarily fails.  *See Hampton*, 279 F.2d at 104 (the party to be estopped must, first,

05  be shown to have known of the infringing conduct).

06         Finally, the Court finds no basis to support plaintiff's assertion of unjust enrichment and

07  its request for remittur. In support of this argument, plaintiff, first, essentially challenges the

08  sufficiency of the evidence to support defendant's claim and the resulting $500,000 award for

09  statutory damages.  Yet, this argument fails to present an equitable defense.

10         Plaintiff next asserts that there was no finding of willful infringement and points to its

11  assertion at trial that it believed it had an unlimited license to use the images.  The Court notes that

12  the jury explicitly rejected the argument that plaintiff had an unlimited license to use the images.

13  (Dkt. 136 at 1.)  Moreover, plaintiff fails at a fundamental level to demonstrate how the jury

14  award, based on a finding of copyright infringement, results in unjust enrichment – the retention

15  of "money or benefits which in justice and equity belong to another." *Bailie Commc'ns*, 61 Wn.

16  App. at 160.  In other words, without first demonstrating the viability of an equitable defense such

17  as waiver or estoppel, plaintiff cannot support its assertion of unjust enrichment.

18         Lastly, plaintiff points to the disparity between the actual damages award ($12,800) and

19  the statutory damages award ($500,000).  It contends that statutory damages are intended to come

20  into play when the copyright owner cannot prove actual damages and that defendant should not

21  be entitled to elect a statutory damages award that far exceeds the amount the jury found would

22  return him to the status quo.  *See* NIMMER ON COPYRIGHT § 14.04[E][1] ("The point is not that

ORDER
PAGE -4

01  statutory damages always need to fall beneath other measurements, but rather that they should be

02  woven out of the same bolt of cloth as actual damages.") While this argument finds support in the

03  opinion of an author of a secondary source on copyright law and certain non-binding case law,

04  *see id*., it remains that, "[b]ecause awards of statutory damages serve both compensatory and

05  punitive purposes, a plaintiff may recover statutory damages 'whether or not there is adequate

06  evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant,' in order

07  "'to sanction and vindicate the statutory policy" of discouraging infringement.'" *Los Angeles News*

08  *Serv. v. Reuters TV Int'l*, 149 F.3d 987, 996 (9th Cir. 1998) (internal citations to quoted sources

09  omitted); *accord Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc* ., 259 F.3d

10  1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages 'regardless of the adequacy

11  of the evidence offered as to his actual damages[.]'") (quoting N    IMMER ON COPYRIGHT §

12  14.04[A]). Accordingly, the mere fact of the disparity between the two awards fails to justify any

13  reduction in the damages awarded to defendant.

14       In sum, the Court find inadequate support for the equitable defenses here asserted by

15  plaintiff with respect to defendant's copyright infringement claim.

16  B.   DMCA

17       The bulk of plaintiff's arguments as to defendant's DMCA claim assert the insufficiency

18  of the evidence. However, again, this argument fails to present an equitable defense. [2]  Nor do

19  plaintiff's remaining arguments withstand scrutiny. First, as with the copyright claim, there is no

20  ─────────────────

21       [2] The Court also notes that plaintiff's assertion that defendant failed to provide any
    evidence that his copyright information – such as "© Lloyd Shugart 2004" – was or realistically
22  would have been displayed in plaintiff's advertising literature appears to misunderstand the nature
    of plaintiff's DMCA claim as relating to his digital images.

01  basis for concluding that the award of damages, based on a finding that plaintiff knowingly or

02  intentionally removed copyright management information from defendant's images (Dkt. 136 at

03  2), constitutes unjust enrichment.  Second, the Court notes that the jury also explicitly declined

04  to find that plaintiff was unaware or had no reason to believe that its actions in removing the

05  copyright management information was unlawful.  (*Id.*)  The Court, consequently, finds no basis

06  for reducing the DMCA award pursuant to 17 U.S.C. § 1203(c)(5) (allowing reduction or

07  remission of damages upon a finding "that the violator was not aware and had no reason to believe

08  that its acts constituted a violation.")  For all of these reasons, plaintiff fails to support the

09  equitable defenses raised with respect to defendant's DMCA claim.

10  C.    <u>Stolen/lost Photos</u>

11       In challenging defendant's stolen/lost photos claim, plaintiff first reiterates its arguments

12  as to this claim raised in its motion for a directed verdict.  The Court rejected these arguments at

13  trial and declines to revisit them here.

14       Plaintiff next argues that defendant voluntarily and expressly waived his right to

15  enforcement of the provision in the film delivery memo governing the return of film, pointing to

16  defendant's testimony at trial.  Plaintiff notes that, while the relevant film delivery memo provision

17  called for the return of film within thirty days of receipt, defendant conceded at trial that he

18  allowed plaintiff's former employee, Ken Johnson, to hold on to the film despite that provision.

19  *See* Trial Transcript at 269-71 (Dkt. 147).  However, as noted by defendant, he testified that he

20  allowed Johnson to hold on to the film with Johnson's promise that the film would eventually be

21  returned.  *See id*.  This testimony does not suffice to establish defendant's "intentional

22  relinquishment" of his right to the return of the film.  *CBS, Inc.*, 716 F.2d at 1295.

ORDER
PAGE -6

01      Nor does plaintiff support its defenses of estoppel or unjust enrichment with respect to this

02   claim.  First, to the extent plaintiff purports to have relied on defendant's statement that Johnson

03   could hold on to the film, this statement, according to defendant's testimony, was qualified by

04   Johnson's promise as to the eventual return of the film.  Second, once again, plaintiff fails to show

05   how the award of damages, based on the finding that plaintiff exceeded the scope of its license in

06   retaining or failing to return defendant's images, constitutes unjust enrichment.

07      Accordingly, as with the arguments discussed above, plaintiff fails to demonstrate the

08   appropriate application of any equitable defenses to defendant's stolen/lost photos claim.

09                              CONCLUSION

10      For the reasons described above, the Court hereby DENIES plaintiff's Motion for Remitter

11   and Ruling on Equitable Defenses.  The Clerk is directed to send copies of this Order to counsel

12   for plaintiff and defendant.

13      DATED this 24th day of October, 2007.

14

15                              _____
                                Mary Alice Theiler
16                              United States Magistrate Judge

17

18

19

20

21

22

ORDER
PAGE -7