UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PROPET USA, INC., | ) | CASE NO. C06-0186-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| v. | ) | MOTION FOR PERMANENT |
| | ) | INJUNCTION AND FOR |
| LLOYD SHUGART, | ) | IMPOUNDMENT AND |
| | ) | DESTRUCTION OF INFRINGING |
| Defendant. | ) | ARTICLES |
| | ) | |

INTRODUCTION

Following the jury determination in his favor, defendant Lloyd Shugart (hereinafter Shugart) filed a Motion for Permanent Injunction and for Impoundment and Destruction of Infringing Articles. (Dkt. 141.) Now, having considered the papers filed in support and in opposition to this motion, along with the remainder of the record, the Court hereby finds and concludes as follows.

DISCUSSION

Shugart seeks a permanent injunction enjoining plaintiff Propet USA, Inc. (hereinafter

ORDER
PAGE -1

Propet) from directly or indirectly infringing his copyrights or further violating his rights under the DMCA. He also seeks an order directing impoundment of all copies of catalogs, brochures, promotional and other materials in which his images have appeared in violation of his rights, and directing Propet to return copyright management information to his images and to remove all of his digital images from its website. For the reasons described below, the Court finds an injunction and impoundment warranted.

A.   Copyright Infringement:

The Copyright Act provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Act also provides that a court, as part of a final judgment, may order the destruction or other reasonable disposition of all copies found to have been made or used in violation of the copyright owner's exclusive use. 17 U.S.C. § 503(b).

Shugart asserts that, upon the establishment of liability, an injunction should issue if continued infringements are likely. *See MAI Sys. Corp. v. Peak Computer*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations."); *accord* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.06 (B) ("It is uncontroversial that a 'showing of past infringement and a substantial likelihood of future infringement' justifies issuance of a permanent injunction.") (quoted source omitted). Shugart avers that, here, continued infringements are not only likely, they are actually occurring.

Propet responds that an injunction does not necessarily follow a determination of copyright infringement. Pointing to the United States Supreme Court decision in *eBay Inc. v.*

*MercExchange, LLC*, 126 S.Ct. 1837, 1839 (2006), Propet notes that, in order to obtain a permanent injunction, Shugart must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. The decision to grant or deny a permanent injunction rests within the equitable discretion of this Court, reviewable on appeal for abuse of discretion. *Id*.

Shugart rejects the applicability of the four-factor test outlined in *eBay*. He notes that *eBay* addressed patent law and construes the Supreme Court's decision in that case as tacitly approving the standard for copyright cases he proffers.

Shugart fails to support his narrow reading of *eBay*. The Supreme Court described the four-factor test as required by "well-established principles of equity" and stated that applying the approach in patent cases was "consistent with [its] treatment of injunctions under the Copyright Act." *Id*. at 1839-40. The Supreme Court further noted that it "has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." *Id*. at 1840. At least one Circuit Court of Appeals has construed *eBay* as applying equally to patent and copyright cases. *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007). Moreover, the Ninth Circuit Court of Appeals has applied the four-factor *eBay* test to trademark cases. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137-38 & n.11 (9th Cir. 2006).

Accordingly, in order to justify a permanent injunction, Shugart must satisfy *eBay's* four-factor test. As discussed below, the Court finds a permanent injunction appropriate upon

consideration of the *eBay* factors in relation to this case.[1]

First, Shugart demonstrates irreparable harm and that remedies available at law are inadequate to compensate for the injury. The Court finds pertinent to this inquiry the issue of ongoing infringement – the very infringement proved by Shugart in Court – as opposed to merely speculative future harm, as well as Propet's continued obfuscation as to such infringement. As to the latter, Propet states at one point in its response that the Court should find its use of the images at issue as licensed, and later that "the record is clear that Propet sought to discontinue further use of any Shugart photographs[,]" and elsewhere that it "currently believes that all the photographs used in its advertising are not Shugart's." (Dkt. 150 at 3, 4 & 7.) The jury in this case accepted Shugart's contention of ongoing infringement and it is appropriate for the Court to prohibit the continuation of that infringement.

Second, considering the balance of hardships between the parties, a remedy in equity is warranted. Again, the Court finds significant the issue of ongoing infringement of Shugart's copyrights. At the same time, the Court acknowledges concerns raised by Propet as to its ability to comply with a permanent injunction. Accordingly, Propet's concerns as to the specific content

---

[1] Shugart proffered an alternative argument on the four *eBay* factors in his reply to Propet's response. (Dkt. 152 at 3-6.) In a surreply, Propet seeks to strike this argument, asserting it would be unjust for Shugart to be allowed to raise the argument for the first time in reply, foreclosing Propet's opportunity to offer a rebuttal. (Dkt. 153.) However, it hardly seems unjust to allow this alternative argument given that, as argued by Propet, the four factors must be considered in addressing Shugart's motion. The Court also rejects Propet's request to strike Shugart's assertion in his reply that, as of the date of that reply, Propet's website continues to use several of his images. Shugart's original motion implicitly asserts the continued use of his images by Propet in seeking the relief sought and Propet responded as to its belief that all of the images currently used in its advertising are not Shugart's images. For these reasons, Propet's motion to strike (Dkt. 153) is DENIED.

of the injunction are discussed below.

Finally, the public interest would not be disserved by a permanent injunction. The Court sees no basis for concluding that an injunction in this case would result in any public injury. To the contrary, the public interest is served by upholding copyright protections. *See*, *e.g.*, *Autoskill, Inc. v. Nat'l Educ. Support Sys.*, 994 F.2d 1476, 1499 (10th Cir. 1993) ("In copyright cases, we think this factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections.")

As noted above, Shugart also seeks an order impounding all copies of catalogs, brochures, promotional and other materials in which his images have appeared in violation of his rights. Although acknowledging the Copyright Act provision allowing for such an order, Propet contends that this measure is not appropriate here given the lack of any clear identification as to what should be destroyed or whether the destruction of anything would make a difference to Shugart. As with the injunction, the Court below addresses Propet's concerns regarding identification of Shugart's copyrighted images. Also, given that Shugart has moved for an order of impoundment, his interest in such an order is apparent.

Given all of the above, the Court finds warranted both a permanent injunction prohibiting the continued infringement of Shugart's copyrighted images and an order requiring impoundment of at least some materials in which Shugart's copyrighted images have appeared in violation of his rights. The Court clarifies, however, that such an injunction and order extends only to the instances of infringement at issue in this case; that is, infringement of copyrighted images contained within the copyright registrations dated April 10, 2006. (*See* Dkt. 119 (concluding Shugart could only pursue claims of infringement as to copyrighted images for which he has a

certificate of registration and citing *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1111-13 (W.D. Wash. 2004) ("A district court does not have subject matter jurisdiction over an infringement claim until the Copyright Office grants the registration application and issues a certificate of registration.") and *Berry v. Penguin Group, Inc.*, 448 F. Supp. 2d 1202, 1203 (W.D. Wash. 2006) (same).)

As noted by Propet, a permanent injunction must be specific and narrowly tailored. *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . . shall be specific in terms [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained[.]"); *Waldman Publishing Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994) ("Injunctive relief should be narrowly tailored to fit specific legal violations.") An order of impoundment may be directed towards copies "found to have been made or used in violation of the copyright owner's exclusive rights[.]" 17 U.S.C. § 503(b).

In this case, because Shugart presented testimony specific only as to a portion of the infringements alleged, Propet raises a legitimate concern as to the specificity required in order to allow for its compliance with an injunction and order of impoundment. As such, at least in relation to images appearing on Propet's website, the Court finds it appropriate to place an initial burden on Shugart to identify all specific instances of ongoing infringement. *See*, *e.g.*, *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001) ("The preliminary injunction which we stayed is overbroad because it places on Napster the entire burden of ensuring that no 'copying, downloading, uploading, transmitting, or distributing' of plaintiffs' works occur on the system. As stated, we place the burden on plaintiffs to provide notice to Napster of copyrighted works and files containing such works available on the Napster system before Napster has the duty to disable

access to the offending content. Napster, however, also bears the burden of policing the system within the limits of the system.")  In so doing, he can utilize the same approach used at trial; that is, a comparison of each copyrighted image as contained within one of the two copyright registrations at issue in this case, with the image included on Propet's website.

To the extent directed towards catalogs, brochures, promotional and other materials, all of which are presumably within Propet's control, Shugart may not be able to take on a similar burden.  However, where Shugart is aware of and can demonstrate continuing instances of infringement in such materials, he should advise Propet accordingly.  Further, Propet may utilize the information provided by Shugart in relation to Propet's website in order to identify instances of infringement in its materials, and may further look to the testimony provided by Shugart at trial, as well as, of course, the copyright registrations themselves.

The issue of impoundment raises additional concerns.  That is, the Court can conceive of instances in which Shugart's copyrighted images may constitute only a small portion of some form of advertising, such as a catalog or brochure.  It may, in such a circumstance, be appropriate for the Court to order Propet to not engage in future production of such materials, rather than requiring their destruction. *See*, *e.g.*, *TVT Records v. Island Def Jam Music Group*, 279 F. Supp. 2d 366, 408-09 (S.D.N.Y. 2003) (declining to order destruction of existing CDs containing only a small portion of infringing content and, instead, ordering defendant to not engage in future production of works containing the infringing content), *rev'd on other grounds*, 412 F.3d 82 (2d Cir. 2005), *cert. denied*, 126 S.Ct. 2968 (2006).

As indicated below, the parties should consider and address all of the above in a stipulated order entering a permanent injunction and directing impoundment.

ORDER
PAGE -7

B.    <u>DMCA</u>:

The DMCA provides that a court:

(1) may grant temporary and permanent injunctions on such terms as it deems reasonable to prevent or restrain a violation, . . . ;

(2) at any time while an action is pending, may order the impounding, on such terms as it deems reasonable, of any device or product that is in the custody or control of the alleged violator and that the court has reasonable cause to believe was involved in a violation; [and]

. . .

(6) may, as part of a final judgment or decree finding a violation, order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of the violator or has been impounded under paragraph (2).

17 U.S.C. § 1203(b).

Shugart asserts that, given the jury's finding that Propet knowingly or intentionally removed his copyright management information from his digital images, an injunction preventing further violations is warranted. He also avers that it would be both permissible and appropriate for the Court to order Propet to return the copyright management information to his images and to remove his digital images from Propet's website.

For the same reasons outlined above, the Court finds warranted an injunction prohibiting Shugart from further violations of the DMCA; that is, prohibiting Shugart from removing copyright management information from any of Shugart's digital images. Likewise, Propet should remove any offending images from its website. Again, the Court finds it appropriate to place an initial burden on Shugart to identify such images. However, the Court finds no basis for granting Shugart's request that Propet return copyright management information to his images and declines

to order such relief.

C. <u>Stipulated Order Entering Permanent Injunction and Directing Impoundment</u>:

As reflected above, the Court has several concerns regarding the appropriate content for an order entering a permanent injunction and directing impoundment. As such, taking all of the issues addressed in this Order into consideration, the parties are directed to meet and confer as to a stipulated order entering a permanent injunction and directing impoundment. The stipulation should be filed with the Court within **twenty (20) days** of the date of this Order. **Should the parties be unable to reach an agreement, they must alternatively submit individual proposed orders containing specific language for inclusion in the Court's final order**.

## CONCLUSION

For the reasons described above, the Court hereby GRANTS Shugart's motion for a permanent injunction and order of impoundment. (Dkt. 141.) The parties are directed to proceed as indicated above. The Clerk is directed to send copies of this Order to counsel for Propet and Shugart.

DATED this <u>13th</u> day of December, 2007.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge