UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PROPET USA, INC., | ) | CASE NO. C06-0186-MAT |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER DENYING WITHOUT PREJUDICE DEFENDANT LLOYD SCHUGART'S MOTION FOR |
| LLOYD SHUGART, | ) | ATTORNEYS' FEES AND COSTS |
| Defendant. | ) ) ) | |

Defendant Lloyd Shugart (hereinafter "Shugart") filed a motion for attorneys' fees and costs pursuant to 17 U.S.C. §§ 505, 1203(b)(4),(5), and the "film delivery memo" at issue in this case. (Dkt. 177.) He seeks attorneys' fees in the amount of $521,200.00 and costs of $868.23. Plaintiff Propet USA, Inc. (hereinafter "Propet") objects to the motion. (Dkt. 182.) Now, having considered the papers filed in support and in opposition, along with the remainder of the record, the Court hereby DENIES Shugart's motion without prejudice to his ability to file a properly supported motion for fees and costs within **twenty (20) days** of the date of this Order.

DISCUSSION

On September 27, 2007, a jury found in Shugart's favor on his three counterclaims –

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
LLOYD SCHUGART'S MOTION FOR ATTORNEYS' FEES
AND COSTS
PAGE -1

copyright infringement, violation of the Digital Millennium Copyright Act (DMCA), and stolen/lost photos (as based on the film delivery memo). (Dkt. 136.) With an election of statutory damages, Shugart's jury award amounted to a total of $1,303,000.00. (*Id.* and Dkt. 166.) The Court rendered final judgment in Shugart's favor on January 24, 2008. (Dkt. 175.)

Both the Copyright Act and the DMCA give the Court discretion to award costs and reasonable attorney's fees to a prevailing party. 17 U.S.C. §§ 505, 1203(b)(4), (5). *Accord Fantasy Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) ("[A]n award of attorney's fees to a prevailing [party] that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts[.]") Therefore, because he is the prevailing party in this case, the Court may at its discretion award costs and reasonable attorneys' fees to Shugart. The Court also acknowledges that the film delivery memo contains provisions accounting for attorneys' fees in the event of a dispute. (*See* Trial Exhibit 11.)

Shugart bases his request for $521,200.00 in attorneys' fees on a contingent fee agreement entitling his counsel to an amount equal to forty percent of his recovery. (Dkt. 177, Ex. B.) He urges the relevance of the contingent nature of his representation to the determination of a reasonable fee, asserting he had no choice but to seek such representation given his bankruptcy, his disadvantageous position as the defendant, and the fact that his initial counsel withdrew shortly before the then-scheduled trial. Shugart further argues the reasonableness of the award sought under the conventional "lodestar" computation, meaning the number of hours reasonably expended multiplied by a reasonable hourly rate, *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987), which he calculates as amounting to $265,462.00. He maintains that such an award should be enhanced based, in particular, on the high degree of risk involved in taking his case and

01 the novelty and difficulty of the issues involved.

02 In objecting to Shugart's request, Propet expends considerable energy attempting to re-
03 litigate arguments already rejected by the jury and/or by the Court in this case. [1] Propet also
04 contends that the amount of fees sought is excessive, asserting an absence of evidence that the
05 hourly rates – $625.00 per hour for attorney Phillip Mann and $450.00 per hour for attorney John
06 Whitaker – are reasonable or customary, or that the amount of time spent by the attorneys was
07 reasonable or necessary. (*See* Dkt. 177, Ex. C.) Propet contrasts the hourly rates with that of
08 Shugart's initial attorney, who billed at a rate of $245.00 per hour. (*Id*., Ex. D.) Propet also
09 disputes the contention that the copyright and contract issues involved in this case were novel or
10 especially difficult.

11 Shugart, in reply, asserts that the evidence submitted as to the hours spent on this case
12 speaks for itself (*see* Dkt. 177, Exs. C & D), and points to Propet's aggressive litigation tactics,
13 including multiple summary judgment and post-trial motions, as necessitating the hours expended.
14 Shugart further avers, without any corresponding documentary support, that the hourly rates
15 charged are reasonable and in line with other attorneys of similar experience and specialization.
16 He notes that his previous counsel, as compared to Mr. Mann, had considerably less experience
17 and did not specialize in intellectual property matters. However, for the reasons described below,

---

[1] Propet submitted a declaration with exhibits supporting these arguments. (Dkt. 183.) In his reply, Shugart seeks to strike the declaration, exhibits, and corresponding text in Propet's opposition as immaterial, impertinent, or scandalous matter pursuant to Federal Rule of Civil Procedure 12(f). Because the Court concludes that Shugart's motion must be denied for the reasons described herein, it declines to specifically address his motion to strike. However, the Court advises Propet to focus on arguments directly related to the issues of attorneys' fees and costs in any renewed motion by Shugart.

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
LLOYD SCHUGART'S MOTION FOR ATTORNEYS' FEES
AND COSTS
PAGE -3

the Court finds Shugart's arguments in favor of the attorneys' fees sought both inaccurate and insufficiently supported in several respects.

The lodestar determination is "'the predominate element of the analysis' in determining a reasonable attorney's fee award." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (quoting *Jordan*, 815 F.2d at 1262). As reflected above, that determination involves multiplication of the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id*.

Following computation of the lodestar, the Court assesses whether it should adjust the presumptively reasonable lodestar amount based on factors outlined in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), and not already subsumed in the initial lodestar calculation. *Id*. at 363-64. *Kerr* adopted the consideration of twelve different factors bearing on reasonableness:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70. The subsumed factors presumably taken into account in the initial lodestar calculation include: "'(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained,' . . . and (5) the contingent nature of the fee agreement[.]" *Morales*, 96 F.3d at 364 n.9 (internal quoted and cited sources omitted).

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
LLOYD SCHUGART'S MOTION FOR ATTORNEYS' FEES
AND COSTS
PAGE -4

01  However, as further discussed below and in contrast to Shugart's contention, this Court
02 may not consider the latter subsumed factor – contingency – "in deciding to apply a multiplier to
03 the lodestar fee *or in initially calculating the lodestar* ." *Davis v. City and County of San*
04 *Francisco*, 976 F.2d 1536, 1548-49 (1992) (emphasis added) (citing *City of Burlington v. Dague*,
05 505 U.S. 557 (1992)).  Moreover, "[t]here is a strong presumption that the lodestar figure
06 represents a reasonable fee." *Morales*, 96 F.3d at 363 n.8.  "[U]pward adjustments of the lodestar
07 are proper only in 'rare' and 'exceptional' cases, supported by specific evidence on the record and
08 detailed findings by the district court." *Jordan*, 815 F.2d at 1262 (citing *Blum v. Stenson*, 465
09 U.S. 886, 898-901 (1984)).

10  Although acknowledging the lodestar method, Shugart contends that an award of
11 attorneys' fees based on a contingent fee agreement can be appropriate if reasonable under the
12 circumstances.  (*See* Dkt. 177 at 4.)  In support, Shugart relies on a United States Supreme Court
13 case involving attorney's fees in Social Security benefits cases pursuant to 42 U.S.C. § 406(b).
14 *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).  Yet, that case specifically distinguished §
15 406(b) from fee-shifting statutes, like those at issue here.  *Id*. ("Fees shifted to the losing party,
16 however, are not at issue here. . . .  42 U.S.C. § 406(b) . . . does not authorize the prevailing party
17 to recover fees from the losing party. Section 406(b) is of another genre: It authorizes fees payable
18 from the successful party's recovery.")  The Court recognized the lodestar method as "the guiding
19 light of our fee-shifting jurisprudence." *Id.* at 801.  It emphasized that "the lodestar method was
20 designed to govern imposition of fees on the losing party[,]" and that, "[i]n such cases, nothing
21 prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract,
22 from his own client." *Id*. at 806.

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
LLOYD SCHUGART'S MOTION FOR ATTORNEYS' FEES
AND COSTS
PAGE -5

01       Shugart further asserts the relevancy of contingency by reference to a Ninth Circuit Court

02 of Appeals case in which the Court acknowledged that contingency was a factor considered in the

03 determination of a reasonable fee. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998).

04 Again, however, that case considered an attorney's fee award in a Social Security case pursuant

05 to 42 U.S.C. § 406(b). *Id*. at 1210-11. In fact, as reflected above, the Ninth Circuit has

06 specifically rejected the consideration of contingency in the calculation of a reasonable fee

07 pursuant to a fee-shifting statute. *See Davis*, 976 F.2d at 1549 (stating that the Supreme Court

08 in *Dague* declared that "the typical federal fee-shifting statutes . . . do not allow for upward

09 adjustments to a lodestar fee on the basis that prevailing party's counsel incurred the risk of

10 nonpayment."; "[W]e believe that [the *Dague* Court's] rejection of contingency as a basis for

11 multiplying a lodestar fee similarly dictates that contingency not be a factor in the setting of billing

12 rates. *Dague* represents an outright rejection of contingency as a factor relevant to the

13 establishment of a reasonable fee; it would seem to be immaterial whether the consideration of

14 contingency occurs in deciding to apply a multiplier to the lodestar fee or in initially calculating

15 the lodestar.") (citing *Dague*, 505 U.S. 557). As stated by the Ninth Circuit, "contingency cannot

16 be used to justify a fee enhancement, or an inflated hourly rate." *Welch v. Metropolitan Life Ins.*

17 *Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (cited cases omitted). *See also Van Gerwen v. Guarantee*

18 *Mut. Life Co.*, 214 F.3d 1041, 1048 (9th Cir. 2000) ("A district court may not rely on a

19 contingency agreement to increase or decrease what it determines to be a reasonable attorney's

20 fee."); *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1186-87 (N.D. Cal. 2004)

21 (rejecting as "irrelevant" an argument that the lodestar should be enhanced to reflect the risk of

22 nonpayment given a contingency fee agreement "because a contingency fee arrangement governs

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
LLOYD SCHUGART'S MOTION FOR ATTORNEYS' FEES
AND COSTS
PAGE -6

what the prevailing party must pay the attorney; the contingency arrangement does not govern what the court requires the losing party to pay the prevailing party.")[2]

Accordingly, Shugart's reliance on his contingency fee agreement with his counsel is misplaced. Because he relies predominantly on this factor, there is very little support in Shugart's motion for the specific award sought. Moreover, as discussed below, Shugart's motion lacks sufficient support in another critical respect.

The lodestar determination requires assessment of a reasonable hourly rate. "The determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoted sources omitted). Instead:

> The prevailing market rate in the community is indicative of a reasonable hourly rate. The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. If the applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be [a] reasonable fee . . . .

*Jordan*, 815 F.2d at 1262-63 (citing *Blum*, 465 U.S. at 895-97). *See also Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) (holding that the prevailing market rate – not the individual contract between the attorney and the client – "provides the standard for lodestar

---

[2] Similarly, none of the cases relied on by Shugart to support enhancement of the lodestar based on the "unusually" or "exceedingly" risky nature of the case (Dkt. 177 at 4 and 6) involved fee-shifting statutes. *See Fischel v. Equitable Life Assur. Soc'y of the U.S.*, 307 F.3d 997, 1008 (9th Cir. 2002) ("In common fund cases, there is no concern about financially burdening a defendant to compensate for the risk of nonpayment, because the attorney's fee award is deducted from the plaintiffs' fund. In such cases, the plaintiffs 'should share the wealth with the lawyers whose skill and effort helped create it.'") (quoted case omitted); *Widrig*, 140 F.3d at 1210-11 (involving 42 U.S.C. § 406(b)); *Straw v. Bowen*, 877 F.2d 1167, 1169-1170 (9th Cir. 1989) (same).

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
LLOYD SCHUGART'S MOTION FOR ATTORNEYS' FEES
AND COSTS
PAGE -7

01 calculations"). "Failure to provide evidence of prevailing legal rates in the community leaves a

02 court with an insufficient basis from which to conclude that the rates requested are 'reasonable.'"

03 *Southerland v. International Longshoremen's and Warehousemen's Union, Local 8*, 845 F.2d

04 796, 801 (9th Cir. 1987) (remanding where "counsel submitted affidavits stating his experience

05 and that the rates claimed were reasonable," but where "there [was] no evidence in the record that

06 [the] rates were comparable with the prevailing rates in the community.") (citing *Jordan*, 815 F.2d

07 at 1263 n.9). Here, Shugart provides no support for his bare assertion that the hourly rates

08 charged by his attorneys are reasonable.

09 The Court notes one final issue that may require further analysis. In contrast to the

10 absence of evidence as to a reasonable hourly rate, Shugart did submit evidence supporting the

11 hours expended on this case. That evidence consists of billing records from Shugart's current and

12 former counsel. (*See* Dkt. 177, Exs. C & D.) Propet asserts an absence of evidence that the

13 amount of time spent by Shugart's attorneys was reasonable or necessary. However, the lack of

14 detailed support for this argument provides little guidance for the Court to consider in assessing

15 the number of hours expended. Given the other problems associated with Shugart's motion, the

16 Court has not yet closely analyzed the evidence submitted as to the hours expended by his

17 attorneys on this case. As such, should Propet again challenge this aspect of the lodestar

18 calculation in responding to a renewed motion from Shugart, it should support the argument with

19 a detailed analysis of the evidence submitted and the relevant case law. The Court notes that it

20 must "exclude from [the] initial fee calculation hours that were not 'reasonably expended,'"

21 including "excessive, redundant, or otherwise unnecessary" work. *Hensley v. Eckerhart*, 461 U.S.

22 424, 434 (1983).

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
LLOYD SCHUGART'S MOTION FOR ATTORNEYS' FEES
AND COSTS
PAGE -8

01    In sum, the Court finds no basis for granting Shugart's motion for attorneys' fees and

02 costs.  Should Shugart renew this motion, it must reflect an accurate statement of the law and

03 contain adequate support for the request made.  Likewise, any objections to a renewed motion

04 should be more than conclusory.

05                                                      CONCLUSION

06    For the reasons described above, Shugart's motion for attorneys' fees and costs is

07 DENIED without prejudice.  Shugart may file a properly supported motion for fees and costs

08 within **twenty (20) days** of the date of this Order.

09    DATED this 7th day of March, 2008.

10

11                                                                    Mary Alice Theiler
                                                                      United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

ORDER DENYING WITHOUT PREJUDICE DEFENDANT
LLOYD SCHUGART'S MOTION FOR ATTORNEYS' FEES
AND COSTS
PAGE -9