UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROPET USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD SHUGART,<br><br>Defendant. | CASE NO. C06-0186-MAT<br><br>ORDER RE: IMPOUNDMENT AND DESTRUCTION OF INFRINGING MATERIALS |

On January 17, 2008, the Court issued an Order Entering Permanent Injunction and Addressing Order for Impoundment. (Dkt. 174.) In accordance with that Order, plaintiff Propet USA, Inc. (hereinafter "Propet") produced representative samples of its current marketing materials to defendant Lloyd Shugart (hereinafter "Shugart"). Now before the Court is Shugart's Showing Regarding Permanent Injunction. (Dkt. 186.)

Shugart contends that Propet's Spring 2008 Instock catalog contains four of his registered copyright images. (*See id.*, Ex. A.) Shugart requests the impoundment and destruction of all of Propet's 2008 Spring Instock catalogs, as well as an order directing Propet to continue to produce samples of its marketing materials during the pendency of the appeal of this litigation.

Propet states that the marketing materials at issue include both the 2008 Spring Instock catalog and "A5500" catalog, and that it printed some 10,000 copies of each catalog (for a cumulative total of 20,000), approximately 4,500 of which were distributed to potential customers and approximately 10,000 of which were distributed to Propet sales managers. Propet maintains that the catalogs in stock as of February 25, 2008, including 2,450 of the 2008 Spring Instock catalogs and 2,400 of the A5500 catalogs, have been impounded.

Propet concedes that two of the images identified by Shugart are his registered images – registered images 47jpg040227 and 60jpg040227. However, it maintains that the two other identified images – registered images 11jpg040227 and 41jpg040227 – did not originate with Shugart. Propet contends that registered image 11jpg040227 was taken by a different photographer and provides a copy of that photographer's image. (*See* Dkt. 188, Ex. F.) It asserts that registered image 41jpg040227 was created in China and that a visual inspection of Shugart's registered image and the catalog image reveals that they are different. (*See* Dkt. 186, Ex. A at 5.)

The parties also discuss the presence of unregistered Shugart images contained in the catalogs. As acknowledged by the parties, such images are not subject to the Court's Order Entering Permanent Injunction and Addressing Order of Impoundment.

Propet avers that the two above-described registered images cannot be separated from the catalogs without destroying them and that those images were apparently included by mistake. It provides reprinted pages that will be used as substitutes in any reproductions of the catalogs. (*See* Dkt. 188, Exs. G & H.)

The Court notes that Shugart did not submit any reply to Propet's submission. Reviewing the parties' filings, the Court finds that Propet adequately contests Shugart's contentions as to two

of the four registered images at issue. As asserted by Propet, a visual inspection of registered image 41jpg040227 and the image contained in the catalog disputes Shugart's contention as to that image. (Dkt. 186, Ex. A at 5.) Likewise, Propet's submission of another photographer's image of the shoe depicted in registered image 11jpg040227 suffices to counter Shugart's contention as to that image. (*Id.* at 2 and Dkt. 188, Ex. F.) Accordingly, the Court considers Propet's current marketing materials to contain only two of Shugart's registered images.

Because Propet's current marketing materials improperly contain Shugart's registered images, the Court finds impoundment and destruction of the materials within Propet's immediate control appropriate. Given the small number of images involved, the Court limits this Order to the materials currently in Propet's stock and declines to extend the Order to materials since distributed to Propet's customers and sales managers. *Cf. TVT Records v. Island Def Jam Music Group*, 279 F. Supp. 2d 366, 408-09 (S.D.N.Y. 2003) (declining to order destruction of existing CDs containing only a small portion of infringing content and, instead, ordering defendant to not engage in future production of works containing the infringing content), *rev'd on other grounds*, 412 F.3d 82 (2d Cir. 2005), *cert. denied*, 126 S.Ct. 2968 (2006). Propet failed to make any showing that the destruction of the catalogs currently in stock would pose a substantial hardship.

In sum, the Court hereby ORDERS Propet to destroy the some 2,450 copies of its Spring 2008 Instock catalog and the some 2,400 copies of the A5500 catalog currently in stock. Any reprints of those catalogs shall contain substituted images of the shoes depicted in registered images 47jpg040227 and 60jpg040227. The Court adds that, although not required by this Order, Propet would be wise to also remove any of Shugart's unregistered images.

The Court also finds Shugart's request for an order directing Propet to continue to

produce samples of its marketing materials during the pendency of the appeal of this litigation appropriate. Accordingly, the Court ORDERS Propet to periodically produce to Shugart samples of any new marketing materials during the ongoing appeal.

The parties are directed to proceed as indicated above. The Clerk is directed to send copies of this Order to counsel for the parties.

DATED this 4th day of April, 2008.

Mary Alice Theiler
United States Magistrate Judge