01

02

03

04

05

06                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
07                                    AT SEATTLE

08   PROPET USA, INC.,                      )   CASE NO. C06-0186-MAT
                                            )
09          Plaintiff,                      )
                                            )   ORDER DENYING DEFENDANT
10   v.                                     )   LLOYD SHUGART'S RENEWED
                                            )   MOTION FOR ATTORNEYS'
11   LLOYD SHUGART,                         )   AND GRANTING PORTION OF
                                            )   COSTS
12          Defendant.                      )
     _____ )

13

14          Defendant Lloyd Shugart (hereinafter "Shugart") filed a renewed motion for attorneys'

15   fees and costs pursuant to 17 U.S.C. §§ 505, 1203(b)(4),(5), and the "film delivery memo" at issue

16   in this case. (Dkt. 189.) The Court denied Shugart's initial motion for attorneys' fees and costs

17   without prejudice to his ability to file a properly supported motion. (Dkt. 187.) Shugart now

18   reasserts his request, seeking an indeterminate amount of fees based on an enhancement of an

19   asserted lodestar figure of "roughly $300,000.00." (Dkt. 189 at 4, 7-9.) Although not clarified

20   in the renewed motion, the Court presumes Shugart's previous request for costs in the amount of

21   $868.23 remains. (*See* Dkt. 177 and Dkt. 189, Ex. F. at 16.) Plaintiff Propet USA, Inc.

22   (hereinafter "Propet") objects to the motion. (Dkt. 191.) Now, having considered the papers filed

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -1

01 in support and in opposition, along with the remainder of the record, the Court hereby DENIES

02 Shugart's renewed request for attorneys' fees and GRANTS in part his request for costs for the

03 reasons discussed herein.

04 <u>BACKGROUND AND DISCUSSION</u>

05      On September 27, 2007, a jury found in Shugart's favor on his three counterclaims –

06 copyright infringement, violation of the Digital Millennium Copyright Act (DMCA), and

07 stolen/lost photos (as based on the film delivery memo). (Dkt. 136.) With an election of statutory

08 damages, Shugart's jury award amounted to a total of $1,303,000.00. (*Id.* and Dkt. 166.) The

09 Court rendered final judgment in Shugart's favor on January 24, 2008. (Dkt. 175.)

10      Both the Copyright Act and the DMCA give the Court discretion to award costs and

11 reasonable attorneys' fees to a prevailing party. 17 U.S.C. §§ 505, 1203(b)(4), (5). *Accord*

12 *Fantasy Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) ("[A]n award of attorney's fees to a

13 prevailing [party] that furthers the underlying purposes of the Copyright Act is reposed in the

14 sound discretion of the district courts[.]") Therefore, because he is the prevailing party in this

15 case, the Court may at its discretion award costs and reasonable attorneys' fees to Shugart. Also,

16 the film delivery memo contains provisions accounting for attorneys' fees in the event of a dispute.

17 (*See* Trial Exhibit 11.)

18      Shugart previously based a request for attorneys' fees in the amount of $521,200.00 on

19 a contingent fee agreement entitling his counsel to an amount equal to forty percent of his

20 recovery. (Dkt. 177, Ex. B.) He also argued the reasonableness of the award sought under the

21 conventional lodestar computation, meaning the number of hours reasonably expended multiplied

22 by a reasonable hourly rate. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -2

01  He calculated the lodestar as amounting to $265,462.00, while arguing that such an amount should

02  be enhanced based, in particular, on the high degree of risk involved in taking his case and the

03  novelty and difficulty of the issues involved.

04  Propet objected to Shugart's request, contending that the amount of fees sought was

05  excessive, asserting an absence of evidence that the asserted hourly rates – $625.00 per hour for

06  attorney Phillip Mann and $450.00 per hour for attorney John Whitaker – are reasonable or

07  customary, or that the amount of time spent by the attorneys was reasonable or necessary. (*See*

08  Dkt. 177, Ex. C.) Propet contrasted the hourly rates with that of Shugart's initial attorney, Jon

09  Payne, who billed at a rate of $245.00 per hour. (*Id.*, Ex. D.) Propet also disputed the contention

10  that the copyright and contract issues involved in this case were novel or especially difficult.

11  In denying Shugart's initial motion, the Court noted that the lodestar determination is "'the

12  predominate element of the analysis' in determining a reasonable attorney's fee award." *Morales*

13  *v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (quoting *Jordan*, 815 F.2d at 1262). As

14  reflected above, that determination involves multiplication of the number of hours reasonably

15  expended on the litigation by a reasonable hourly rate. *Id.* "There is a strong presumption that

16  the lodestar figure represents a reasonable fee." *Id.* at 363 n.8.

17  Following computation of the lodestar, the Court assesses whether it should adjust the

18  presumptively reasonable lodestar amount based on factors outlined in     *Kerr v. Screen Guild*

19  *Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), and not already subsumed in the initial lodestar

20  calculation. *Morales*, 96 F.3d at 363-64. *Kerr* adopted the consideration of twelve different

21  factors bearing on reasonableness:

22  (1) the time and labor required, (2) the novelty and difficulty of the questions

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -3

01       involved, (3) the skill requisite to perform the legal service properly, (4) the

02       preclusion of other employment by the attorney due to acceptance of the case, (5) the
      customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed
      by the client or the circumstances, (8) the amount involved and the results obtained,

03       (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability"
      of the case, (11) the nature and length of the professional relationship with the client,

04       and (12) awards in similar cases.

05 526 F.2d at 70.  The subsumed factors presumably taken into account in the initial lodestar

06 calculation include: "'(1) the novelty and complexity of the issues, (2) the special skill and

07 experience of counsel, (3) the quality of representation, . . . (4) the results obtained,' . . . and (5)

08 the contingent nature of the fee agreement[.]" *Morales*, 96 F.3d at 364 n.9 (internal quoted and

09 cited sources omitted).  "[U]pward adjustments of the lodestar are proper only in 'rare' and

10 'exceptional' cases, supported by specific evidence on the record and detailed findings by the

11 district court." *Jordan*, 815 F.2d at 1262 (citing *Blum v. Stenson*, 465 U.S. 886, 898-901 (1984)).

12       In denying Shugart's motion, the Court clarified that it may not consider the latter

13 subsumed factor – contingency – "in deciding to apply a multiplier to the lodestar fee *or in*

14 *initially calculating the lodestar*."  *Davis v. City and County of San Francisco*, 976 F.2d 1536,

15 1548-49 (9th Cir. 1992) (emphasis added) (citing *City of Burlington v. Dague*, 505 U.S. 557

16 (1992)).  Shugart's argument as to contingency relied on cases involving attorneys' fees in Social

17 Security benefits cases pursuant to 42 U.S.C. § 406(b), as opposed to fee-shifting statutes, like

18 those at issue here.  *See*, *e.g.*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02, 806 (2002) ("Fees

19 shifted to the losing party, however, are not at issue here. . . .  42 U.S.C. § 406(b) . . . does not

20 authorize the prevailing party to recover fees from the losing party. Section 406(b) is of another

21 genre: It authorizes fees payable from the successful party's recovery."; recognizing the lodestar

22 method as "the guiding light of our fee-shifting jurisprudence."; emphasizing that "the lodestar

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -4

01   method was designed to govern imposition of fees on the losing party[,]" and that, "[i]n such

02   cases, nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant

03   to contract, from his own client.")  Shugart failed to address or even mention any of the law from

04   the Ninth Circuit Court of Appeals on this issue.  *See*, *e.g.*, *Welch v. Metropolitan Life Ins. Co.*,

05   480 F.3d 942, 947 (9th Cir. 2007) ("[C]ontingency cannot be used to justify a fee enhancement,

06   or an inflated hourly rate.") (cited cases omitted); *Van Gerwen v. Guarantee Mut. Life Co.*, 214

07   F.3d 1041, 1048 (9th Cir. 2000) ("A district court may not rely on a contingency agreement to

08   increase or decrease what it determines to be a reasonable attorney's fee."); *Davis*, 976 F.2d at

09   1549 (stating that the Supreme Court in *Dague* declared that "the typical federal fee-shifting

10   statutes . . . do not allow for upward adjustments to a lodestar fee on the basis that prevailing

11   party's counsel incurred the risk of nonpayment."; "[W]e believe that [the       *Dague* Court's]

12   rejection of contingency as a basis for multiplying a lodestar fee similarly dictates that contingency

13   not be a factor in the setting of billing rates. *Dague* represents an outright rejection of contingency

14   as a factor relevant to the establishment of a reasonable fee; it would seem to be immaterial

15   whether the consideration of contingency occurs in deciding to apply a multiplier to the lodestar

16   fee or in initially calculating the lodestar.") (citing *Dague*, 505 U.S. 557).[1]

17        The Court also noted another critical failing in Shugart's initial motion as related to the

18

19        [1] Shugart asserts his right to appeal this issue based on an alleged unsettled nature of the
20   law and based on reasoning set forth in both a dissenting opinion of   *Dague* and a Washington
     State Supreme Court case, *Chuong Van Pham v. Seattle City Light*, 159 Wn.2d 527, 541-42, 151
21   P.3d 976 (2007) (declining to "disapprove of contingency multipliers altogether.")  The Court
     stresses that Shugart's position on this issue does not excuse his failure to attempt to distinguish
22   or even mention the above-described case law, particularly given that he relied predominantly on
     the issue of contingency in his motion.

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -5

01 establishment of a reasonable hourly rate. "The determination of a reasonable hourly rate 'is not

02 made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946

03 (quoted sources omitted). Instead:

> The prevailing market rate in the community is indicative of a reasonable hourly rate.
> The fee applicant has the burden of producing satisfactory evidence, in addition to the
> affidavits of its counsel, that the requested rates are in line with those prevailing in the
> community for similar services of lawyers of reasonably comparable skill and
> reputation. If the applicant satisfies its burden of showing that the claimed rate and
> number of hours are reasonable, the resulting product is presumed to be [a]
> reasonable fee . . . .

08 *Jordan*, 815 F.2d at 1262-63 (citing *Blum*, 465 U.S. at 895-97). *See also Carson v. Billings*

09 *Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) (holding that the prevailing market rate – not the

10 individual contract between the attorney and the client – "provides the standard for lodestar

11 calculations"). "Failure to provide evidence of prevailing legal rates in the community leaves a

12 court with an insufficient basis from which to conclude that the rates requested are 'reasonable.'"

13 *Southerland v. International Longshoremen's and Warehousemen's Union, Local 8*, 845 F.2d

14 796, 801 (9th Cir. 1987) (remanding where "counsel submitted affidavits stating his experience

15 and that the rates claimed were reasonable," but where "there [was] no evidence in the record that

16 [the] rates were comparable with the prevailing rates in the community.") (citing *Jordan*, 815 F.2d

17 at 1263 n.9). In his initial motion, Shugart provided no support for his bare assertion that the

18 asserted hourly rates were reasonable.

19     The Court also indicated that it must "exclude from [the] initial fee calculation hours that

20 were not 'reasonably expended,'" including "excessive, redundant, or otherwise unnecessary"

21 work. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). While noting that Shugart did submit

22 billing records from his current and former counsel (*see* Dkt. 177, Exs. C & D), the Court declined

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -6

01 to closely analyze that evidence pending further briefing.

02 Denying Shugart's motion without prejudice, the Court stated that a renewed motion must

03 reflect an accurate statement of the law and contain adequate support for the request made. Now,

04 considering the renewed motion, the Court once again finds Shugart's request for attorneys' fees

05 deficient.

06 As reflected above, the hourly rates at issue here include the following: $625.00 per hour

07 for attorney Phillip Mann; $450.00 per hour for attorney John Whitaker; and $245.00 per hour for

08 attorney Jon Payne. Shugart states that Mann and Whitaker are intellectual property litigators

09 with nearly twenty-five years and twelve years experience respectively. Shugart also states that

10 both attorneys hold engineering degrees and routinely handle litigation involving complex

11 computer-related technologies and issues, especially pertinent to the DMCA claim in this case.

12 Finally, Shugart describes Payne as having almost twelve years legal experience with a focus on

13 complex civil litigation, commercial litigation, county and municipality law, and civil appellate

14 practice. However, for the reasons described below, the Court concludes that Shugart once again

15 fails to meet his burden of producing satisfactory evidence that the asserted rates are in line with

16 those prevailing in the community.

17 First, the fee applicant bears the burden "to produce satisfactory evidence – *in addition*

18 *to the attorney's own affidavits* – that the requested rates are in line with those prevailing in the

19 community for similar services by lawyers of reasonably comparable skill, experience and

20 reputation." *Blum*, 465 U.S. at 895-97 (emphasis added); *accord Jordan*, 815 F.2d at 1262-63

21 (same). Here, in two separate motions filed with this Court, none of the above attorneys

22 submitted affidavits or declarations in support of their request for attorneys' fees.

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -7

01          Second, the declarations that are submitted by Shugart fall short of establishing the

02   reasonableness of the hourly rates.  David Tellekson attests to his twenty-five years experience in

03   intellectual property litigation and status as a managing partner in a law firm, and states his belief

04   that the rates asserted by Mann and Whitaker are reasonable in light of what other lawyers with

05   comparable skills and background charge in this market. (Dkt. 189, Ex. A.)  Yet, Tellekson fails

06   to identify his own billing rate.  Gregory Wesner, an intellectual property litigator with more than

07   seventeen years experience and a member of his firm's Associate Compensation Committee,

08   likewise attests to the reasonableness of the rates without identifying his own billing rates or those

09   of like experience within his firm. ( *Id.*, Ex. D.)  On the other hand, Steven Fricke, an attorney

10   with thirteen years of experience in the practice of intellectual property litigation and client

11   counseling, states his hourly rate of $475.00 per hour and his belief that his rate is commensurate

12   with other attorneys of similar skill and experience in the Seattle area, without any assertion as to

13   the reasonableness of the rates asserted by the attorneys involved in this case. (  *Id.*, Ex. B.)

14   Shugart also attaches a December 2007 Order awarding Fricke $23,230.00 in attorney's fees in

15   a case in this Court based on his then standard billing rate of $450.00 per hour. (*Id.*, Ex. C.)

16   While these two submissions appear at first glance to support at least Whitaker's rate, a review

17   of the declaration submitted by Fricke in that 2007 case reveals his status as a registered patent

18   attorney, *see High Maintenance Bitch, LLC v. Uptown Dog Club*, Inc., C07-888TSZ (Dkt. 21),

19   a qualification  associated with neither Mann nor Whitaker and which significantly differentiates

20   Fricke's skill level and billing rate.

21          In contrast, Propet's counsel, Bruce Kaser and James Philips, both intellectual property

22   litigators with some twenty-five years experience, attest to, respectively, hourly rates of $265.00

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -8

01  and $375.00 per hour.  (Dkts. 192 and 193.)  Propet also submits declarations from two other

02  intellectual property litigators with over forty and twenty years experience who attest to,

03  respectively, hourly rates of $295.00 and $425.00 per hour.  (Dkts. 194 and 195.)  While not

04  dispositive, the billing rates of attorneys are relevant evidence of a reasonable hourly rate in a

05  particular locality.  *See Maldonado v. Lehman*, 811 F.2d 1341, 1342 (9th Cir. 1987).  The

06  declarations submitted by Propet, when contrasted with the evidence submitted by Shugart, call

07  the reasonableness of the rates asserted by Mann and Whitaker into question.

08      Shugart also relies on the so-called "Laffey Matrix" to support his argument.  However,

09  the Court finds this reliance misplaced given that the Laffey Matrix largely detracts from his

10  position. The Laffey Matrix sets out prevailing market rates of practicing attorneys in the District

11  of Columbia and, for the years 2007 and 2008, sets those rates at $440.00 per hour for attorneys

12  with twenty or more years experience and at $390.00 per hour for attorneys with eleven to

13  nineteen years experience.  (Dkt. 189, Ex. E.)  Shugart avers that, using the Laffey Matrix as a

14  guide, Payne's hourly rate falls well below the accepted hourly rate of $390.00 per hour for

15  general practice attorneys of a similar level.[2]

16      Yet, critically, given that the bulk of fees in this case are attributable to the work of Mann

17  and Whitaker,[3] the Laffey Matrix does not support the rates asserted by those attorneys, with

18

19      [2] The Court notes that, although such a distinction may well be appropriate, the Laffey

20  Matrix document submitted by Shugart does not differentiate between general practice and more
    specialized counsel.  (*See* Dkt. 189, Ex. E.)

21      [3] Billing records attached to Shugart's renewed motion show $260,455.00 total in fees for

22  services provided by Mann, Whitaker, and support staff, and $34,710.64 in fees for services
    provided by Payne's firm. (Dkt. 189, Ex. F at 16 and 66.)

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -9

01   Whitaker's rate rising to $60.00 more an hour and Mann's rate a substantial $185.00 more an

02   hour.  Despite these significant differences, responding to Propet's contention that the Laffey

03   Matrix figures are irrelevant to the Seattle market, Shugart contends locality pay differentials

04   support an almost exactly one-to-one translation between the District of Columbia and Seattle

05   markets.  (*See* Dkt. 197 at 3-4 and Ex. A.)  Shugart fails to explain how, in particular, the Laffey

06   Matrix could possibly support a $625.00 per hour prevailing market rate in this community.  Also,

07   while the Court can consider the Laffey Matrix figures while accounting for locality pay

08   differentials, *see*, *e.g.*, *In re HPL Techs., Inc. Secs. Litig.*, 366 F. Supp. 2d 912, 921 (N.D. Cal.

09   2005), it finds the Laffey Matrix, alone, insufficient to establish the prevailing market rates in this

10   community.  *See Camacho v. Bridgeport Financial, Inc.*, ___ F.3d ___, No. 07-15297, 2008 U.S.

11   App. LEXIS 8665, at *11 (9th Cir. Apr. 22, 2008) ("Generally, when determining a reasonable

12   hourly rate, the relevant community is the forum in which the district court sits. '[R]ates outside

13   the forum may be used if local counsel was unavailable, either because they are unwilling or unable

14   to perform because they lack the degree of experience, expertise, or specialization required to

15   handle properly the case.'"; finding district court erred in failing to assess or determine prevailing

16   hourly rate in the relevant district) (citing and quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th

17   Cir. 1997)).

18           Finally, Shugart provided no declarations or other support for the billing rates of other

19   professionals involved in this case.  As noted by Propet, records from Payne's firm indicate the

20   involvement of several other individuals – Laura Doyle, with a billing rate of $125.00 per hour;

21   Pam Gregory, with a billing rate of $135.00 per hour; and Sandip Soli, with a billing rate of

22   $220.00 per hour. (Dkt. 189, Ex. D at 3.)  Shugart also acknowledged in his reply the work

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -10

01   performed by Eryn Deblois, a paralegal and law clerk to Mann, with a billing rate of $150.00 per

02   hour.  From a review of the billing rates, it may be concluded that Soli is an attorney.  However,

03   there is no information in the briefing as to his experience level and expertise.  Also, while the

04   Court agrees with Shugart that work performed by non-attorneys is compensable, *see*, *e.g.*, *United*

05   *Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 407-08 (9th Cir. 1990), it remains that he has

06   made no showing – outside of his assertion that Deblois's rate is consistent with the Laffey Matrix

07   – as to the reasonableness of the rates of these individuals.[4]

08       The Court likewise finds the evidence submitted as to the hours expended on this case

09   deficient.  Shugart asserts that his attorneys collectively dedicated approximately 633 hours to

10   litigate this matter and provides billing records.  However, the 633 hours does not appear to

11   include the hours expended by Payne's firm.  (*See* Dkt. 189, Ex. F at 16.)  Additionally, there is

12   no breakdown of the hours spent on various tasks or discussion of any possible duplication of

13   efforts given the various attorneys and other legal professionals involved in this case.  *See Hensley*,

14   461 U.S. at 434 ("Counsel for the prevailing party should make a good-faith effort to exclude

15   from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer

16   in private practice ethically is obligated to exclude such hours from his fee submission. 'In the

17   private sector, "billing judgment" is an important component in fee setting. It is no less important

18   here. Hours that are not properly billed to one's *client* also are not properly billed to one's

19   *adversary* pursuant to statutory authority.'") (quoting *Copeland v. Marshall*, 641 F.2d 880, 891

---

20

21       [4] In fact, the Laffey Matrix supports a rate of $125.00 per hour for paralegals and law
     clerks in the District of Columbia for the years 2007 and 2008. (Dkt. 189, Ex. E.)  Given that she
22   accounted for almost 200 of the some 633 hours total expended by Shugart's current counsel (*see*
     Dkt. 189, Ex. F), the evidence as to Deblois is particularly significant.

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -11

01 (D.C. Cir. 1980) (en banc) (emphasis in original)).  Nor are the billing records accompanied by

02 affidavits or declarations from counsel confirming their truth and accuracy.

03       Noting that the Court, in its previous Order, advised Propet to support any challenge on

04 this issue with a detailed analysis of the evidence submitted and the relevant case law, Shugart

05 again simply attaches the billing records from his attorneys.  Yet,  the Court also previously noted

06 that it had not yet closely analyzed the evidence submitted and did not assert the sufficiency of that

07 evidence.  Ultimately, Shugart bears the burden of establishing the appropriateness of his fee

08 request.  *Hensley*, 461 U.S. at 437.  *See also Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*,

09 886 F.2d 1545, 1557 (9th Cir. 1989) ("The trial court correctly refused to accept uncritically

10 plaintiffs' counsel's representations concerning the time expended. Plaintiffs bear the burden of

11 showing the time spent and that it was reasonably necessary to the successful prosecution of their

12 copyright claims. The lack of contemporaneous records does not justify an automatic reduction

13 in the hours claimed, but such hours should be credited only if reasonable under the circumstances

14 and supported by other evidence such as testimony or secondary documentation.")  (internal

15 citation to *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984)).  He fails to meet

16 that burden here.[5]

17       Shugart does raise arguments in support of the hours expended in this case.  He contends

18 the reasonableness of the hours based on the fact that he was forced to bring his counterclaims at

19 a time when he was ill-prepared to do so, the lack of any reasonable attempt at settlement, and his

20 success in the face of multiple summary judgment and post-trial motions, as well as at trial.  He

21 _____

22       [5] At the same time, the Court recognizes that Propet inadequately responded on the issue
of hours.  Moreover, many of its objections could have been cured through discovery.

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -12

01  also generally argues as to his procedural disadvantage and the novelty and difficulty of the issues

02  involved in this case.

03        However, Shugart's claim as to his disadvantageous position as a defendant in this matter

04  is not well taken.  Documents produced in litigation reveal that Shugart threatened Propet with

05  a lawsuit and a sale of the images at issue in this case on E-Bay if his demands for a financial

06  settlement were not met by a specific deadline.  (*See* Dkt. 183, Ex. E.)  While he may have felt ill-

07  prepared, Shugart cannot reasonably express surprise at the lawsuit.  Nor does the Court perceive

08  or the record reveal any actual disadvantage to Shugart as a defendant/counter claimant in this

09  matter as a whole.  Indeed, at trial, the Court allowed Shugart to proceed first.  Additionally, while

10  the Court declines to address in detail its perception of the quality of the legal work in this case,

11  it is enough to say that it finds Shugart's two ill-supported motions for attorneys' fees emblematic

12  of the inadequate effort expended by both parties in this litigation.  It is also worth noting that

13  Propet's multiple summary judgment motions were the result of the Court's findings as to their

14  prematurity and/or deficiencies, as opposed to the actions of an overly zealous litigant (*see*, *e.g.*,

15  Dkts. 66, 82, and 118), and that Shugart faced only a single defense witness to his counterclaims,

16  an individual with whom he had no contact during the course of his business relationship with

17  Propet  (*see* Dkt. 148 at 321-22).  Finally, the Court disagrees with the contention that the legal

18  issues in this case were especially novel or difficult.  It could be argued, for example, that the

19  paucity of case law on the DMCA worked to Shugart's advantage.[6]

20  _____

21        [6] Shugart also cites a survey reflecting the median costs of intellectual property litigation
in support of the hours expended.  He asserts that Propet alleged that the amount in dispute was

22  $30 million and that the median cost for such a litigation amounts to $1 million through trial, while
a jury verdict of $1.3 million, as in this case, amounts to a median cost of $500,000.00 through

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -13

01        In sum, the Court concludes that Shugart again falls far short of meeting his burden of

02 establishing his entitlement to the attorneys' fees sought in this case. Because he fails at a

03 fundamental level to establish the reasonableness of the rates or hours at issue, the Court declines

04 to reach the issue of fee enhancement. The question, therefore, is whether the Court should

05 fashion its own determination as to a reasonable hourly rate and reasonable number of hours

06 expended, or deny Shugart's request.

07        As indicated above, the Court has discretion to award costs and reasonable attorneys' fees

08 to a prevailing party under both the Copyright Act and the DMCA. 17 U.S.C. §§ 505, 1203(b)(4),

09 (5). *See also Frank Music Corp.*, 886 F.2d at 1556 ("Plaintiffs in copyright actions *may* be

10 awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need

11 be met, although the fee awarded must be reasonable.") (emphasis added). "'A district court's fee

12 award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law

13 or a clearly erroneous finding of fact.'" *Fantasy, Inc.*, 94 F.3d at 556 (quoting *Schwarz v.*

14 *Secretary of Health & Human Serv.*, 73 F.3d 895, 900 (9th Cir. 1995)). *See also Mattel Inc. v.*

15 *Walking Mt. Prods.*, 353 F.3d 792, 815 (9th Cir. 2003) ("Generally, a district court's order on

16 attorney's fees may be set aside if the court fails to state reasons for its decision or applies the

17 incorrect legal standard.")

18        Shugart also asserts his right to attorneys' fees under Washington State law due to

19 provisions in the film delivery memo. However, he fails to cite any applicable Washington law,

20 _____

21 trial. However, he failed to provide a copy of the survey for the Court's review, asserting restrictions on copying. Also, the Court clarifies that Shugart, not Propet, contended that this

22 dispute involved some $30 million, based on his estimate of Propet's gross revenue for the period in question. (*See* Dkt. 111 at 6 and Dkt. 113 at 7.)

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -14

01  pointing only to a case discussing attorneys' fees under the Washington Law Against

02  Discrimination, *see Chuong Van Pham v. Seattle City Light*, 159 Wn.2d 527, 538-40, 151 P.3d

03  976 (2007), in support of his continued request for a contingency-based enhancement. Given this

04  failing, the Court construes Shugart's request for fees only under the federal law specifically

05  addressed in his motion.

06      The Court's discretion on the issue of attorneys' fees extends to a procedural or like failing

07  on the part of the prevailing party. *See*, *e.g.*, *Petrone v. Veritas Software Corp.*, 496 F.3d 962,

08  972-74 (9th Cir. 2007) (upholding district court's decision to deny application for attorney's fees

09  filed fifteen days late; stating: "In the end, this is a decision committed to the discretion of the

10  district court. While the district court would not have abused its discretion in granting Malone's

11  fee application, it did not abuse its discretion in denying it.")  Here, Shugart twice submitted

12  deficient motions for attorneys' fees.  The second motion followed an Order from the Court

13  spelling out the basic requirements for a fee application.  The Court finds Shugart's failure to

14  comply with those basic requirements inexcusable.  As such, the Court exercises its discretion to

15  deny his application.

16      Lastly, the Court addresses Shugart's request for an award of costs.  In his initial motion,

17  Shugart requested a total of $868.23 in costs.  (Dkt. 177 at 1.)  Billing records attached to both

18  his previous and renewed motion reflect that those costs derive solely from the period of Shugart's

19  representation by Mann and Whitaker.  (*Id.*, Ex. C at 14 and Dkt. 189, Ex. F. at 16.)  Neither

20  motion contains any discussion regarding those costs.  Nor does Propet specifically challenge the

21  costs.

22      The Court finds a partial award of the costs sought appropriate.  Shugart here

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -15

01 | appropriately seeks costs for photocopying, the creation of tabs for trial notebooks, a conference

02 | room expense, and for the purchase of a trial transcript.  (*Id.*)  The Court finds no basis, however,

03 | for the costs associated with the purchase of lunch during trial.  Accordingly, excluding the lunch

04 | costs, the Court finds Shugart entitled to an award of $818.26 in costs.

05 | CONCLUSION

06 |      For the reasons described above, Shugart's renewed motion for attorneys' fees is

07 | DENIED, while his request for costs is GRANTED in part.  The Court finds Shugart entitled to

08 | an award of costs in the amount of $818.26.

09 |      DATED this 2nd day of May, 2008.

10

11 |                                          Mary Alice Theiler
                                              United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

ORDER DENYING DEFENDANT LLOYD SHUGART'S
RENEWED MOTION FOR ATTORNEYS' FEES AND
GRANTING PORTION OF COSTS
PAGE -16